# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MATTHEW REEVES,          )
)
     Petitioner,        )
)
v.                 )    Case No.  1:17-cv-00061-KD-MU
)
JEFFERSON S. DUNN,      )
Commissioner of the Alabama   )
Department of Corrections,    )
)
     Respondent.      )

# VOLUME 1

# State Court – Trial, Clerk's Record

STEVEN T. MARSHALL
ALABAMA ATTORNEY GENERAL

AND

BETH JACKSON HUGHES
ALABAMA ASSISTANT
ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Alabama Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, AL  36130
(334) 242-7392

CHARLES A. STEWART III
JONATHAN C. "RUDY" HILL

BRADLEY ARANT BOULT
   CUMMINGS LLP
445 Dexter Avenue, Ste 9075
Montgomery, AL 36104
(334) 956-7700

OF COUNSEL:
Jodi E. Lopez (*pro hac forthcoming*)
Ryan M. Sandrock (*pro hac forthcoming*)
Ariella Thal Simonds (*pro hac forthcoming*)
Melissa O. Evidente (*pro hac forthcoming*)
Sonia A. Vucetic (*pro hac forthcoming*)
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
(213) 896-6000

```
              DEAN JUDICIAL INFORMATION CENTER
                    CASE ACTION SUMMARY                        1
                    CIRCUIT   CRIMINAL         CASE: CC 97 000031.00
```

```
   IN THE CIRCUIT  COURT OF    DALLAS  COUNTY                JUDGE: JWM
STATE  OF  ALABAMA          VS      REEVES MATTHEW           TRJ 8/22/97
CASE: CC 97 000031.00    PRT           2128 SELMA AVE
                         1-22-98
                                     SELMA, AL  36701 0000
```

```
DOB: 12/13/77   RACE: B  SEX:   M      HT:  5 05  WT: 146  HR:  BLK  EYE: BRO
SSN:423157683   ALIAS NAMES:
```

```
CHARGE1:MURDER CAPITAL-ROBBE         CODE1: CM02 LIT:MURDER CAPITAL-  TYPE:F
CHARGE2:                             CODE2:                           TYPE:
CHARGE3:                             CODE3:                           TYPE:
MORE?:        OFFENSE DATE:          AGENCY/OFFICER: 0270100 GRINDLE
```

```
DATE WAR/CAP ISS:                 DATE ARRESTED: 11/28/96
DATE   INDICTED: 01/30/97         DATE    FILED: 01/30/97
DATE   RELEASED:                  DATE  HEARING:
      BOND AMOUNT:          $.00             SURETIES:
```

```
DATE 1:       DESC:               TIME:  0000
DATE 2: 02/20/97 DESC:  ARRG      TIME:  0900 A
           GOGGANS, THOMAS Apptd
DEF/ATY: McLEOD, BLANCHARD L, JR WD TYPE: A WIGGINS, MARVIN WAYNE    TYPE: A
PROSECUTOR: GREENE, EDGAR W, JR
```

```
OTH CSE: 9600193100    CHK/TICKET NO:              GRAND JURY: 00016
COURT REPORTER         SID NO:
DEF STATUS: JAIL       DEMAND:                      OPID: BOM
```

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 2-13-97 | Deft's Motion for Funds to hire investigator to Aid in the Preparation of his defense |
| 2-13-97 | Order |
| 2-13-97 | Motion for Extraordinary Funds |
| 2-13-97 | Order |
| 2-20-97 | Objection to YO Status |
| 2-20-97 | Order (YO Denied) |
| 2-27-97 | Plea of Not Guilty |
| 2-27-97 | Motion to disclose evidence |
| 2-27-97 | Motion to produce |
| 2-28-97 | Motion for Release of Records |
| 2-28-97 | Arraignment      (Judge Meigs) |
| 2-28-97 | Set for trial    6/16/97   WBU |
| 3/5/97 | Order (for Ocie Acoff to provide Records) |
| 3/6/97 | hearing set 3/14/97 @ State's Request |
| 3/7/97 | Objection to Subpoena and Motion for Protective Order |
| 3/10/97 | Order (for Ala Dept of Youth Services to Release Records) |

ACS0369 A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E

2

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 97 000031.0
JUDGE ID: ~~JWH~~ TRJ

STATE OF ALABAMA              VS    REEVES MATTHEW

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 3/13/97 | Amended Order |
| 3/14/97 | Amended Order |
| 3/14/97 | Order for Outpatient Evaluation          Ex 6-3-97 |
| 3/19/97 | Amended Order  ( DYS to produce Records) |
| 3/19/97 | Order (Selma City School to produce Records) |
| 7/21/97 | Evaluation Received |
| 7/30/97 | Defendant's Motion for Additional Expenses |
| 7/30/97 | Order of the Court Approving Additional Ext Expenses |
| 8/25/97 | Pretrial Order + Scheduling Order  (Judge Jones) |
| 8/25/97 | Set for trial on 1/26/98 - Judge Jones |
| 8/25/97 | Set for Pretrial conference 9/17/97 - Judge Jones |
| 9/16/97 | Motion for Apt. of Clinical Neuropsychologist |
| 9/16/1997 | "   for Disclosure for Disqualification |
| 9/16/97 | "    to    "    Relationships |
| 9/17/97 | Hearing held - Judge Jones |
| 9/19/97 | Order (Signed 9/17/97) |
| 9/26/97 | Response to Def's Motion to Disqualify the Prosecutor |
| 9/30/97 | Application for Rehearing |
| 10/20/97 | Order (Signed 10/16/97- Motion for Aptmt of Neuropsychologist |
|          | Granted/Expense not to exceed $3500.00) |
| 10/14/97 | Motion to Withdraw (B McLeod) |
| 10/28/97 | Order (Signed 10/27/97- McLeod Relieved As Attorney + |
|          | Thomas Goggans Appointed) |
| 10/29/97 | Motion for Approval of Expenses |
| 10/30/97 | Order (Comptroller to Reimburse Atty) |
| 11/3/97 | Hearing held / McLeod Relieved As Atty WBH |
|          | Set for Pretrial Hearing 12/3/97 |
| 11/19/97 | Motion to Permit Discovery of Records |
| 11/19/97 | Request for Production |
| 11/20/97 | Motion for Permission to Proceed ExParte on App for Funds |
| 12/8/97 | "       " Order to Facilitate Access to Def't's Mental Records |
| 12/8/97 | Order (Taylor Hardin to provide Records) |
| 12/22/97 | Response to Defendant's Motion |

PAGE 2

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 97 000031.0
JUDGE ID: TRJ

STATE OF ALABAMA            VS    REEVES MATTHEW

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 1/5/98 | Motion to Suppress |
| 1/8/98 | Motion for Notice of Intention to Rely Upon Other Acts Evidence |
| 1/21/98 | Motion for Cautionary Instruction Prior to Voir of Jurors |
| 1/23/98 | Motion in Limine Regarding Deceased's Good Character |
| 1/26/98 | Motion in Limine |
| 1/26/98 | Voir dire begun - Judge Jones presiding |
| 1/27/98 | Jury struck |
| 1/28/98 | Trial begun - Judge Jones presiding |
| 1/29/98 | Trial Continuing |
| 1/30/98 | Capital Verdict & sentencing phase begun |
| 1/31/98 | Sentencing verdict - death |
| 1/29/98 | Motion for Extraordinary Expenses        (Granted) |
| 1/27/98 | Motion in Limine Regarding Advice If Rights |
| 1/29/98 | Motion for Implementation of Witness Exclusion Rule |
| 1/27/98 | "   in Limine Regarding Certain Photographic Evidence |
| 1/29/98 | Request for Production |
| " | Motion to Suppress |
| " | Motion to Suppress |
| 1/29/98 | Motion for Judgment of Acquittal |
| 1/29/98 | Defendant's Requested Jury Instructions |
| 1/30/98 | Defendant's "   Penalty Phase Jury Instructions |
| 1/31/98 | Motion in Limine   (Granted) |
| 1/30/98 | Jury Verdict (Guilty As Charged in the indictment) |
| 1/31/98 | Jury Verdict (Recommended penalty of death) |
| 4/02/98 | Order (PSI ordered / set for sentencing hearing on 6/12/98) |
| 5/12/98 | Motion to Change Date of Sentencing Hearing |
| 5/13/98 | ( "   "   "   "   ") Granted (s) TRJ |
| 5/18/98 | Set for sentencing hearing on 7/20/98 |
| 6/24/98 | Motion to set for Sentencing |
| 1/20/98 | PSI Report Received + Reviewed |

Page 3

ACS0369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

4

CASE: CC 97 000031.00
JUDGE ID:  TRJ

| ATE  OF  ALABAMA | | VS    REEVES MATTHEW |
| --- | --- | --- |
| DATE | | ACTION, JUDGMENTS, CASE NOTES |
| 7/20/98 | | Sentencing hearing held - Defendant sentenced sentenced to death.) - Judge Jones presiding. |
| 7/22/98 | | per. transcript issued |
| 8/18/98 | | Motion for Judgment of Acquittal, or, in the alternative, for a new trial |
| 8/18/98 | | Set for hearing on motion for new trial 8/31/98 |
| 8/27/98 | | Motion to Continue Hearing on motion for new trial |
| 8/31/98 | | Deft's Consent to Continuance |
| 8/31/98 | | Order (hearing on motion for new trial cont'd to 10/16/98) |
| 10/16/98 | | hearing / Judge to Rule |
| 12/08/98 | | Order (Motion for New Trial denied) |
| 1/12/99 | | Notice of Appeal |
| 1/12/99 | | Docketing Statement |
| 1/12/99 | | Reporter's Transcript Order |
| 1/12/99 | | Motion for Appointment of Appellate Counsel to And provision of transcript of Record |
| 1/24/99 | | Notice of Appeal to Ct of Criminal Appeals by Clerk |
| 1/27/99 | | Order (sessns apptd) |
| 2/2/99 | | Order (Ct of Criminal Appeals) |

```
OCS105          A L A B A M A   J U D I C I A L   D A T A   C E N T E R
                            CASE ACTION SUMMARY
                                                    CASE: CC 97 000031.00
```

```
| N THE CIRCUIT  COURT OF    DALLAS       COUNTY                  JUDGE: TRJ
|    STATE OF ALABAMA  VS   REEVES MATTHEW
```

```
02/06/1997   FILE   FILED THIS DATE: 01/30/97
             INDT   DEFENDANT INDICTED ON: 01/30/97
             CHG1   CHARGE AT FILING OF: MURDER CAPITAL-ROBBE
             ARRS   DEFENDANT ARRESTED ON: 11/28/96
             DAT2   SET FOR:   ARRAIGNMENT ON 02/20/97 AT 0900A
             ATY1   ATTORNEY FOR DEFENDANT: MCLEOD, BLANCHARD L,
             ATY2   ATTORNEY FOR DEFENDANT: WIGGINS, MARVIN WAYN
02/13/1997   FILE   DEFT'S MOTION FOR FUNDS TO HIRE INVESTIGATOR
                    TO AID IN THE PREPARATION OF HIS DEFENSE
             FILE   ORDER
             FILE   MOTION FOR EXTRAORDINARY FUNDS
             FILE   ORDER
02/27/1997   PLNG   PLEA OF NOT GUILTY
             FILE   MOTION TO REQUIRE THE PROSECUTION TO DISCLOSE
             " " " "    EVIDENCE FAVORABLE TOT HE DEFENDANT UNDER
             " " " "    BRADY V. MARYLAND
02/28/1997   FILE   MOTION TO PRODUCE AND INSPECT
             FILE   MOTION FOR RELEASE OF RECORDS
             FILE   ARRAIGNMENT     (JUDGE MEIGS)
03/05/1997   ORDR   ORDER (FOR OCIE ACOFF  TO RELEASE RECORDS)
03/06/1997   DESC   DATE & DESC CODE CHANGED TO HEAR STATE'S HEARING
             DOC2   CASE SET ON 031497 FOR HEAR
             DOC2   DOCKET DATE NOTICE      SENT TO NO NAME
03/10/1997   ORDR   ORDER (FOR AL DPT OF YOUTH SERV TO REL RECORDS)
03/13/1997   ORDR   AMENDED ORDER (OCIE ACOFF TO PRODUCE RECORDS)
03/14/1997   ORDR   AMENDED ORDER (OCIE ACOFF TO PRODUCE RECORDS)
03/17/1997   ORDR   ORDER FOR OUTPATIENT EVALUATION     EX 6/3/97
03/19/1997   ORDR   AMENDED ORDER (STATE DYS TO PRODUCE RECORDS)
             ORDR   ORDER (SELMA CITY SCHOOLS TO PRODUCE RECORDS)
07/21/1997   REPT   EVALUATION RECEIVED
07/30/1997   FILE   DEFENDANT'S MOTION FOR ADDITIONAL FUNDS
             ORDR   ORDER OF COURT APPROVING ADDITIONAL EXT EXPENSES
08/25/1997   ORDR   PRETRIAL ORDER AND SCHEDULING ORDER
             DAT1   SET FOR:   TRIAL ON 01/26/98 AT 0900A
             DAT2   SET FOR:   PRETRIAL CONFEREN ON 09/17/97 AT 0900A
09/16/1997   FILE   MOTION FOR APPOINTMENT OF CLINICAL
                    NEUROPSYCHOLOGIST FOR INTERVIEW, TESTING
             FILE   MOTION FOR DISCLOSURE FOR DISQUALIFICATION
             FILE   MOTION TO DISCLOSE RELATIONSHIPS
09/17/1997   HEAR   HEARING HELD - JUDGE JONES
09/19/1997   ORDR   ORDER (SIGNED 9/17/97)
09/24/1997   DAT2   SET FOR:  PRETRIAL CONFEREN ON 10/16/97 AT 0900A
09/26/1997   FILE   RESPONSE TO DEFENSE'S MOTION TO DISQUALIFY
             " " " "    THE PROSECUTOR
09/30/1997   FILE   APPLICATION FOR REHEARING
10/14/1997   FILE   MOTION TO WITHDRAW (B MCLEOD)
10/16/1997   HEAR   HEARING HELD (ORAL MOTION TO  WITHDRAW (IN CAMERA)
             " " " "    GRANTED/CO-COUNSEL TO BE APPOINTED/APPLICATION
             " " " "    FOR REHEARING HEARD & GRANTED/SET FOR PRETRIAL
             " " " "    ON 120397)
10/20/1997   ORDR   ORDER (SIGNED 10/16/97 - MOT FOR APTMT OF NEURO-
                    PSYCHOLOGIST GRANTED/EXP NOT TO EXCEED $3500)
10/24/1997   DAT2   SET FOR: MOTION TO WITHDRAW ON 11/03/97 AT 0900A
             DOC2   DOCKET DATE NOTICE      SENT TO DEFENSE ATTORNEY 1
             DOC2   DOCKET DATE NOTICE      SENT TO DEFENSE ATTORNEY 2
             DOC2   DOCKET DATE NOTICE      SENT TO PROSECUTOR
             DOC2   DOCKET DATE NOTICE      SENT TO NO NAME
             DOC2   DOCKET DATE NOTICE      SENT TO DEFENSE ATTORNEY 2
10/28/1997   ORDR   ORDER (SIGNED 10/17/97 - B MCLEOD RELIEVED AS
             " " " "    ATTY & THOMAS GOGGANS APT'D TO REP DEFT)
             ATY2   ATTORNEY FOR DEFENDANT: GOGGANS, THOMAS M
10/29/1997   FILE   MOTION FOR APPROVAL OF EXPENSES
10/30/1997   DAT2   SET FOR: PRETRIAL HEARING ON 12/03/97 AT 0900A
             ORDR   ORDER (COMPTROLLER TO REIMBURSE ATTY)
11/19/1997   FILE   MOTION TO PERMIT DISCOVERY OF RECORDS
             FILE   REQUEST FOR PRODUCTION
11/20/1997   FILE - MOTION FOR PERMISSION TO PROCEED EX PARTE ON
```

```
OCS105        A L A B A M A   J U D I C I A L   D A T A   C E N T E R
                              CASE ACTION SUMMARY
                                                    CASE: CC 97 000031.00
---------------------------------------------------------------------------
IN THE CIRCUIT COURT OF   DALLAS   COUNTY                      JUDGE: TRJ

   STATE OF ALABAMA VS  REEVES MATTHEW

---------------------------------------------------------------------------
               """"      APPLICATION FOR FUNDS
   12/04/1997  FILE  MOTION FOR ORDER TO FACILITATE ACCESS TO DEFT'S
                          MENTAL RECORDS
   12/08/1997  FILE  MOTION FOR ORDER TO FACILITATE ACCESS TO DEFT'S
                          MENTAL RECORDS
               ORDR  ORDER (TAYLOR HARDIN TO PROVIDE RECORDS)
   12/09/1997  DAT2  SET FOR: PRETRIAL HEARING ON 01/06/98 AT 0900A
   12/22/1997  FILE  RESPONSE TO DEFENDANT'S MOTION
   01/05/1998  FILE  MOTION TO SUPPRESS
   01/06/1998  CONF  CONFERENCE W/GREENE & GOGGANS (NOTHING ON RECORD)
               PRTY  PARTY ADDED   W001  DET. P. GRINDLE
               PRTY  PARTY ADDED   W002  DET. JON MARTIN
               PRTY  PARTY ADDED   W003  DET. J. WALKER
               PRTY  PARTY ADDED   W004  OFF. D. HOPKINS
               PRTY  PARTY ADDED   W005  OFF. J. LITTLE
               PRTY  PARTY ADDED   W006  OFF. J. STURIDVANT
               PRTY  PARTY ADDED   W007  OFF. R. TUCKER
               PRTY  PARTY ADDED   W008  CAPT. M. PERRY
               PRTY  PARTY ADDED   W009  CAPT. M. PERRY
               PRTY  PARTY ADDED   W010  LT. G. VANCIL
               PRTY  PARTY ADDED   W011  EVID. TECH J. EDWARDS
               PRTY  PARTY ADDED   W012  LARRY LUNDY
               PRTY  PARTY ADDED   W013  EVERLENE WILLIAMS
               PRTY  PARTY ADDED   W014  ALFRED CROWELL
               PRTY  PARTY ADDED   W015  MARZETTA REEVES
               PRTY  PARTY ADDED   W016  MARCY REEVES
               PRTY  PARTY ADDED   W017  DAVID IRVING
               PRTY  PARTY ADDED   W018  TONY HAYES
               PRTY  PARTY ADDED   W019  GERTRUDE ALEXANDER
               PRTY  PARTY ADDED   W020  ROBERT HALL
               PRTY  PARTY ADDED   W021  YOLANDA BLEVINS
               PRTY  PARTY ADDED   W022  JASON POWELL
               PRTY  PARTY ADDED   W023  EMANUEL SUTTLES
               PRTY  PARTY ADDED   W024  TAMEISHA JACKSON
               PRTY  PARTY ADDED   W025  SONYA GIVAN
               PRTY  PARTY ADDED   W026  NATILDA LAMAR
               PRTY  PARTY ADDED   W027  NATOSHA RODGERS
               PRTY  PARTY ADDED   W028  DUANE SMITH
               PRTY  PARTY ADDED   W029  KATRINA WHITE
               PRTY  PARTY ADDED   W030  KATHY RONAN
               PRTY  PARTY ADDED   W031  CRAIG BAILEY
               PRTY  PARTY ADDED   W032  GREGORY WANJER
               PRTY  PARTY ADDED   W033  JAMES SPARROW
               PRTY  PARTY ADDED   W034  PHYLLIS ROLLAN
               PRTY  PARTY ADDED   W035  GLORIA WALTERS
               PRTY  PARTY ADDED   W036  JOSEPH SALOOM
               PRTY  PARTY ADDED   W037  DELOIS SMITH
               PRTY  PARTY ADDED   W038  SAM JOHNSON
               SUBP  WITNESS SUBPOENA ISSUED
   01/08/1998  PRTY  PARTY ADDED   W039  JOHNNY MACK BROWN
               SUBP  WITNESS SUBPOENA ISSUED
               FILE  MOTION FOR NOTICE OF INTENTION TO RELY UPON
                          OTHER ACTS EVIDENCE
               PRTY  PARTY ADDED   W040  PAT CHESHIRE
               PRTY  PARTY ADDED   W041  JOHNNY MOSS
               PRTY  PARTY ADDED   W042  ROY MOORE
               SUBP  WITNESS SUBPOENA ISSUED
               SUBP  WITNESS SUBPOENA ISSUED
               SUBP  WITNESS SUBPOENA ISSUED
   01/12/1998  SUBP  WITNESS SUBPOENA ISSUED
               PRTY  PARTY ADDED   W043  RICHARD FARROW
               SUBP  WITNESS SUBPOENA ISSUED
   01/21/1998  FILE  MOTION FOR CAUTIONARY INSTRUCTION PRIOR TO VOIR
                          DIRE OF JURORS
   01/22/1998  SUBP  WITNESS SUBPOENA ISSUED
               SUBP  WITNESS SUBPOENA ISSUED
               SUBP  WITNESS SUBPOENA ISSUED
```

```
DCS105        A L A B A M A   J U D I C I A L   D A T A   C E N T E R
                            CASE ACTION SUMMARY
                                             CASE: CC 97 000031.00
```

```
|IN THE CIRCUIT COURT OF  DALLAS     COUNTY                   JUDGE: TRJ|
|                                                                      |
|   STATE OF ALABAMA  VS  REEVES MATTHEW                                |
|                                                                      |
```

| Date | Code | Description |
|------|------|-------------|
| | SUBP | WITNESS SUBPOENA ISSUED |
| | SUBP | WITNESS SUBPOENA ISSUED |
| | SUBP | WITNESS SUBPOENA ISSUED |
| | SUBP | WITNESS SUBPOENA ISSUED |
| | SUBP | WITNESS SUBPOENA ISSUED |
| 01/23/1998 | FILE | MOTION IN LIMINE REGARDING DECEASED'S GOOD |
| """" | | CHARACTER AND IMPACT IN GUILT/INNOCENCE PHASE |
| 01/26/1998 | FILE | MOTION IN LIMINE |
| | VOIR | VOIR DIRE BEGUN - JUDGE T JONES PRESIDING |
| 01/27/1998 | JURY | JURY STRUCK |
| | FILE | MOTION FOR EXTRAORDINARY EXPENSES   (GRANTED) |
| | FILE | MOTION IN LIMINE REGARDING ADVICE IF RIGHTS |
| | FILE | MOTION FOR IMPLEMENTATION OF WITNESS EXCLUSING RUL |
| | FILE | MOT IN LIMINE REGARDING CERTAIN PHOTOGRAPHIC EVID |
| | FILE | MOTION FOR PRODUCTION |
| | FILE | MOTION TO SUPPRESS |
| | FILE | MOTION TO SUPPRESS |
| 01/28/1998 | TRAL | TRIAL BEGUN  - JUDGE T JONES PRESIDING |
| 01/29/1998 | TRAL | TRIAL CONTINUING |
| | FILE | MOTION FOR JUDGMENT OF ACQUITTAL |
| | FILE | DEFENDANT'S REQUESTED JURY INSTRUCTIONS |
| 01/30/1998 | JVER | JURY VERDICT (GUILTY AS CHARGED INDICTMENT) |
| | VERD | CAPITAL VERDICT & SENTENCING PHASE BEGUN |
| | FILE | DEFT'S REQUESTED PENALTY PHASE JURY INSTRUCTIONS |
| 01/31/1998 | FILE | MOTION IN LIMINE    ( GRANTED) |
| | JVER | JURY VERDICT (RECOMMEND DEFT BE PUNISHED BY DEATH) |
| | FILE | MOTION IN LIMINE    ( GRANTED) |
| 02/18/1998 | DISP | DISPOSED ON: 01/30/98 BY  CONVICT |
| | CHG1 | CHARGE AT DISPOSITION: MURDER CAPITAL-ROBBERY |
| 03/27/1998 | ESTA | ENFORCEMENT STATUS CHANGED TO: J |
| | DDCK | DATE 5 QUEUE CHANGED TO 001 |
| 04/02/1998 | ORDR | ORDER (PSI ORDERED/SET FOR SENTENCING HEARING |
| """" | | ON 04/17/98) |
| 04/06/1998 | DAT2 | SET FOR: SENTENCING HEARING ON 06/17/98 AT 0900A |
| 05/12/1998 | FILE | MOTION TO CHANGE DATE OF SENTENCING HEARING |
| 05/13/1998 | ORDR | (MOT TO CHANGE DATE OF SENTENCING) GRANTED. TRJ |
| 05/18/1998 | DAT2 | SET FOR: SENTENCING HEARING ON 07/20/98 AT 0900A |
| 06/24/1998 | FILE | MOTION TO SET FOR SENTENCING |
| | DOC2 | DOCKET DATE NOTICE      SENT TO DEFENSE ATTORNEY 1 |
| | DOC2 | DOCKET DATE NOTICE      SENT TO PROSECUTOR |
| | DOC2 | DOCKET DATE NOTICE      SENT TO PROBATION |
| | DOC2 | DOCKET DATE NOTICE      SENT TO DEFENSE ATTORNEY 2 |
| 07/20/1998 | PSI | PSI REPORT RECEIVED AND REVIEWED |
| | HEAR | SENTENCING HEARING HELD. DEFENDANT SENTENCED TO |
| """" | | DEATH. |
| | BEGN | SENTENCE TO BEGIN ON:  07/20/98 |
| | PROV | PROVISION ADDED: CRIME VICTIM |
| | SNTD | DEFENDANT SENTENCED ON: 07/20/98 |
| | PROV | PROVISION ADDED: COURT COSTS |
| | PROV | PROVISION ADDED: RECOUPMENT |
| | PROV | PROVISION ADDED: PENITENTIARY |
| | PROV | PROVISION ADDED: DEATH |
| | APPL | CASE APPEALED ON:       01/12/99 |
| 07/22/1998 | TRSC | TRANSCRIPT OF RECORD ISSUED 072298 |
| | BEGD | BEGIN DATE SET TO 07/20/98 |
| 08/18/1998 | FILE | MOTION FOR JUDGMENT OF ACQUITTAL, OR, IN THE |
| """" | | ALTERNATIVE, FOR A NEW TRIAL |
| | DAT2 | SET FOR: MOT FOR NEW TRIAL ON 08/31/98 AT 0900A |
| 08/21/1998 | SENT | SENTENCING ORDER |
| 08/27/1998 | FILE | MOTION TO CONTINUE HEARING ON MOTON FOR NEW TRIAL |
| 08/31/1998 | FILE | DEFENDANT'S CONSENT TO CONTINUANCE |
| | ORDR | ORDER (HEARING ON MOTION FOR NEW TRIAL CONTINUED |
| """" | | TO OCTOBER 16, 1998) |
| 09/02/1998 | DAT2 | SET FOR: MOT FOR NEW TRIAL ON 10/16/98 AT 0900A |
| 10/16/1998 | HEAR | HEARING/JUDGE TO RULE |
| 12/08/1998 | ORDR | ORDER (MOTION FOR NEW TRIAL DENIED) |
| 01/12/1999 | NAPP | NOTICE OF APPEAL |

Case 1:17-cv-00061-KD-MU   Document 23-1   Filed 02/07/18   Page 9 of 220   PageID #: 263

OCS105          A L A B A M A   J U D I C I A L   D A T A   C E N T E R
                              CASE ACTION SUMMARY
                                                    CASE: CC 97 000031.00

IN THE CIRCUIT COURT OF   DALLAS    COUNTY                    JUDGE: TRJ

    STATE OF ALABAMA  VS  REEVES MATTHEW

--------------------------------------------------------------------------
                DSTM    DOCKETING STATEMENT
                DRDR    REPORTER'S TRANSCRIPT ORDER
                MOTI    MOTION FOR APPOINTMENT OF APPELLATE COUNSEL AND
                ****        PROVISION OF TRANSCRIPT OF RECORD
    01/24/1999  NAPP    NOTICE OF APPEAL ISSUED        012499
    02/02/1999  DRDR    ORDER (CT OF CRIMINAL APPEALS)
--------------------------------------------------------------------------

INDICTMENT          C I R C U I T   C O U R T          *CC 97-31*

STATE OF ALABAMA
Dallas County                    GRAND JURY            January Term, 1997

The Grand Jury of said County charge, before the finding of this

indictment,  MATTHEW REEVES, whose name is otherwise unknown to

the Grand Jury, did intentionally cause the death of Willie Johnson

by shooting him with a shotgun , and MATTHEW REEVES caused said

death during the time that he was in the course  of committing a

theft of lawful money of the United States , a value of the same

being otherwise unknown to the Grand Jury,  the property of Willie

Johnson, by threatening the imminent use of force against the

person of Willie Johnson, with intent to  compel acquiescence to

the taking of or escaping with the property, while  the said

MATTHEW REEVES was armed with a deadly weapon, to-wit: a shotgun,

in violation of Section 13A-5-40(a)(2) of the Code  of Alabama,

against the peace and dignity of the State of Alabama.


                              Roy Lockhart Johnson, District Attorney
                              4th Judicial Circuit

| Grand Jury No. 16 |
| --- |

**A TRUE BILL**

*Elizabeth DeVitorille*

Foreman, Grand Jury

Filed in open Court this _30_

day of _January_ , 19 _97_

in the presence of _____ Grand

Jurors.

_W. A. Kynard_

Clerk

Upon the arrest of Defendant
let him be admitted to bail on
giving bond in the sum of

_No Bond_ Dollars.

with security to be approved
by the Sheriff.

This _30_ day of _January_ ,

19 _97_.

_[signature]_

Judge Presiding

No. _CC 97-31_

THE STATE OF ALABAMA
Dallas County

CIRCUIT COURT

January, 1997 Term

The State

vs

MATTHEW REEVES

I N D I C T M E N T

MURDER DURING THE COMMISSION OF ROBBERY 1ST DEGREE

Witnesses

Det. Pat Grindle
SPD
,
Det Jon Martin
SPD
,
Det. J. Walker
SPD
,
Alfred Crowell
2515 Water Ave
Selma, AL

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,

VS.                                                          CASE NO. CC 97-31

MATTHEW REEVES,
DEFENDANT.

## DEFENDANT'S MOTION FOR FUNDS TO HIRE
## INVESTIGATOR TO AID IN THE PREPARATION OF HIS DEFENSE

Now comes the Defendant in this cause, by and through his attorneys of record, Blanchard L. McLeod, Jr., and Marvin Wiggins, and moves the Court to require the State of Alabama or the appropriate subdivision of Alabama to provide the Defendant's counsel with adequate funds with which to hire an investigator trained in criminal work to aid Defendant's counsel in the preparation of his defense.  The Defendant sets forth the following grounds in support of this motion:

1.  The Defendant is an indigent incarcerated and awaiting trial in the jail of Dallas County, Alabama.

2.  The Defendant is charged with **capital murder**.

3.  Numerous pieces of physical evidence have been turned over to the state toxicologist.  This evidence has a bearing, directly and indirectly on the guilt or innocence of the Defendant.

4.  Defendant's attorney does not have the expertise in criminal investigation work to investigate the facts and witnesses surrounding the alleged crime with which the Defendant is charged.  Defendant's attorney has no formal training in criminal investigation.  Because of the large number of legal issues that must be researched and briefed, Defendant's attorney does not physically have the time to interview all the potential witnesses that will be

8

essential to providing the Defendant with an adequate defense.  If the Defendant was not

an indigent and could afford to hire a private criminal investigator, his attorney would advise

the hiring of such an expert.  Only with the use of an expert criminal investigator can the

Defendant obtain an adequate defense and a fair trial.

 5.  The State of Alabama has had a large number of criminal investigators

investigating the alleged crime, taking statements from persons, and has submitted

numerous pieces of physical evidence to toxicologists, chemists, micro-analysts, and the

like for analysis; and many of these experts will be subpoenaed as witnesses for the state.

Many of these witnesses are located in widely disparate areas of Alabama.

 This fact adds to the difficulty of interviewing such witnesses.  The state's attorneys

prosecuting the case against the Defendant have relied and will rely in the future on the

evidence gathered by the state investigators, whereas, because the Defendant is indigent,

the Defendant's attorneys will not have this advantage nor will they have any way to meet or

to counteract this advantage.

 6.  *Griffin v. Illinois*, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 2d 891 (1956), is the

cornerstone of the constitutional right of the accused to be free from financial circumstances

which would hinder his defense.  There the late Justice Black of Alabama, in announcing

the court's judgment, wrote:

> "In criminal trials a state can no more discriminate on account of
> poverty than on account of religion, race, or color.  Plainly, the ability to pay
> costs in advance bears no rational relationship to a Defendant's guilt or
> innocence and could not be used as an excuse to deprive a Defendant of a
> fair trial.  There can be no equal justice where the kind of trial a man gets
> depends on the amount of money he has."

 The State of Alabama grants an accused the right to put forth a defense.  It would be

constitutional error to refuse to allow the Defendant to present as complete and adequate a

9

defense as a more prosperous Defendant solely because of his inability to hire an expert criminal investigator. See *Bodie v. Connecticut*, 401 U.S. 371, 9.1 S. Ct. 780, 28 L. Ed. 2d 113 (1971); *Tate v. Short*, 401 U.S. 395, 91 S. Ct. 668, 28 L. Ed. 2d 130 (1971); *Christian v. United States*, 398 F. 2d 517 (10th Cir., 1968). See generally American Bar Association's Standard Relating to Providing Defense Services.

The Defendant demands a hearing on this motion, should the Court desire proof of the allegations set forth to allow adequate time for Defendant's attorney to hire an investigator should Defendant's motion be granted.

Respectfully submitted, this the 11th day of February, 1997.

_____
Of Counsel

**OF COUNSEL:**

**BLANCHARD L. McLEOD, JR.**
**Attorney at Law**
**P. O. Box 656**
**Selma, AL 36702**

**MARVIN WIGGINS**
**Attorney at Law**
**P. O. Box 1305**
**Selma, AL 36702**

**CERTIFICATE OF SERVICE**

I do hereby certify that I have served a copy of the foregoing motion on counsel for the State of Alabama, by hand delivering said copy, this the 11th day of February, 1997.

_____
Of Counsel

10

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,            <>
                             <>
VS.                          <>      CASE NO. CC *97-31*
                             <>
MATTHEW REEVES,              <>
        DEFENDANT.           <>

### O R D E R

This matter having come before the Court on the motion of the

Defendant's counsel for extraordinary funds, and the Court having considered said

motion and finding it well taken, it is,

THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE

COURT that the Defendant's counsel shall be allowed to spend from Extraordinary

Funds a sum not to exceed $5,000.00 for the services of investigators with the Alabama

Prison Project's Mitigation and Investigation Program in preparation of the defense in

this cause.

DONE this the *13* day of *February* 1997.

Jack Meigs, Circuit Court Judge

2/14/97
Copies To:
Ed Greene
B. McLeod
Marvin Wiggins

FILED
FEB 1997
W. A. KYNARD,
CLERK
DALLAS CO.
CIRCUIT



STATE OF ALABAMA,      IN THE CIRCUIT COURT OF

VS.                DALLAS COUNTY, ALABAMA

MATTHEW REEVES,      CASE NO. CC 97-31
    Defendant.

<u>MOTION FOR EXTRAORDINARY FUNDS</u>

Comes now your Defendant, **MATTHEW REEVES**, by and through his attorneys of record, Blanchard L. McLeod, Jr., and Marvin Wiggins, and respectfully represent unto this Honorable Court as follows:

1.  <u>**THAT THIS IS A CAPITAL MURDER CASE**</u>.

2.  <u>That the Defendant in this cause is being held under indictment charging him with</u> **<u>CAPITAL MURDER</u>**<u>.</u>

3.  That counsel has ascertained that this case is very detailed and a complicated case that will require extensive legal research.

4.  That in a Memorandum dated September 1, 1989 from the Assistant Alabama Attorney General Ed Carnes, now Federal Judge Ed Carnes, the said Judge Carnes states:

> "...Alabama's statute does <u>not</u> limit the amount that can be spent for investigation, expert witnesses, and other pre-trial and trial expenses in capital cases."

A copy of said Memorandum is attached hereto and marked as Exhibit "A".

5.  That the said Defendant is indigent and cannot conceivably afford to pay the costs for obtaining additional assistance in this cause.

6. That if the Defendant were not indigent, it would be the strong recommendation of counsel that funds be secured to hire additional assistance that is available through the Alabama Prison Project's Mitigation and Investigation Program to evaluate the reports and information received in this cause.

7. That *Griffin vs. Illinois*, 351 U.S. 12, 76 S.Ct. 535, 100 L.Ed. 2d 891 (1956) is the cornerstone of the constitutional right of the accused to be free from financial circumstances which would hinder his defense.  There the late Mr. Justice Black

of Alabama, in announcing the Court's judgment wrote:

> "In criminal trials a state can no more discriminate on account of poverty than on account of religion, race, or color. Plainly, the ability to pay costs in advance bears no rational relationship to a defendant's guilt or innocence and could not be used as an excuse to deprive a defendant of a fair trial. There can be no equal justice where the kind of trial a man gets depends on the amount of money he has."

That State of Alabama grants an accused the right to put forth a defense. It would be constitutional error, especially in a <u>CAPITAL MURDER CASE</u>, to refuse to allow the defendant to present as complete and adequate a defense as a more prosperous defendant solely because of his inability to obtain additional assistance from the Alabama Prison Project's Mitigation and Investigation Program.  See *Bodie vs. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed. 2d 113 (1971); *Tate vs. Short*, 401 U.S. 395 91 S.Ct. 668, 28 L.Ed. 2d 130 (1971);

12

*Christian vs. United States*, 398 F.2d 517 (lOth Circ., 1968). See generally American Bar Association's *Standard Relating to Providing Defendant Services*.

7.  That failure to grant said motion would be a violation of the defendant's rights to the due process and equal protection under law guaranteed to the Defendant by the United States Constitution and the Constitution of the State of Alabama.

WHEREUPON, your Petitioner respectfully prays unto this Honorable Court that there will be extraordinary funds to obtain assistance from the Alabama Prison Project's Mitigation Investigation Program to assist with the representation of the said Defendant in this cause.

DONE this the 10th day of February, 1997.

_____
Of Counsel for the Defendant

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the District Attorney of the Fourth Judicial Circuit with a copy of the foregoing Motion by hand delivering said copy on this the 10th day of February, 1997.

_____
Blanchard L. McLeod, Jr.
Of Counsel for the Defendant

BLANCHARD L. McLEOD, JR.
P. O. Box 656
Selma, AL 36702-0656



EXHIBIT  "A"      13

OFFICE OF THE
ATTORNEY GENERAL

.ON SIEGELMAN
ATTORNEY GENERAL
MONTGOMERY, ALABAMA 36130
(205) 261-7400

STATE OF ALABAMA

M E M O R A N D U M

TO:        American Bar Association's Task Force
           Studying Federal Habeas Review of
           State Death Penalty Convictions

FROM:      Assistant Alabama Attorney General
           Ed Carnes

RE:        Errors in Background Paper Concerning
           Alabama's Statutory Provisions for
           Compensation of Counsel and Reimburse-
           ment of Expenses in Capital Cases

DATE:      September 1, 1989


        Your background paper contains some errors concerning
Alabama's statutory provision for compensation of counsel in
capital cases and reimbursement of their expenses.  Page 34,
n. 51 of the background paper states that "Alabama provides
a $1,000.00 fee for trial level representation of any
indigent defendant, without making a distinction for capital
cases."  It cites Gradess' 1987 article in Criminal Justice
as authority.  Page 37, n. 56 of the background paper,
citing the same source, also states that Alabama's cap for
investigation expenses in capital cases is $500.00.  Both of
those statements are in error.

        Since 1984, Alabama law has provided a $1,000.00 cap
per lawyer for out-of-court work in capital cases, with no
cap on in-court work.  Code of Alabama 1975, §15-12-21(d)
(1988 Cum. Supp.).  Furthermore, an Alabama Attorney
General's opinion has interpreted the statute to provide
$1,000.00 per lawyer out-of-court compensation for the guilt
stage and another $1,000.00 per lawyer out-of-court
compensation for the sentence stage.

        In virtually all Alabama capital cases, two attorneys
are appointed to represent the defendant in the pre-trial
and trial stages.  Therefore, the total compensation for

14

September 1, 1989
page 2

out-of-court work is $4,000.00 (each lawyer receives
$1,000.00 for guilt stage out-of-court work and $1,000.00
for sentence stage out-of-court work), and there is no cap
for in-court work at either stage.

Finally, Alabama's statute does not limit the amount
that can be spent for investigation, expert witnesses, and
other pre-trial and trial expenses in capital cases.
Instead, the statute provides that "[c]ounsel shall also be
entitled to be reimbursed for any expenses reasonably
incurred in such defense to be approved in advance by the
trial court." Section 15-12-21(d). Trial judges routinely
approve payments for expenses under that statutory
authority, and it is not unusual to see $5,000.00 or more
approved for the services of a single expert witness for the
defense in a capital case.

I trust that in any future papers, these errors will
be corrected.

You might also want to note that Alabama law requires
that any attorney appointed to represent at trial a
defendant charged with a capital offense must have "no less
than five years' prior experience in the active practice of
criminal law." Code of Alabama 1975, §13A-5-54.

EC:sf

1268t

15

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,                      <>
                                       <>
VS.                                    <>   CASE NO. CC 97-31
                                       <>
MATTHEW REEVES,                        <>
            DEFENDANT.                 <>

### O R D E R

This matter having come before the Court on the motion of the Defendant's

counsel for extraordinary funds, and the Court having considered said motion and finding it

well taken, it is,

THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT

that the Defendant's counsel shall be allowed to spend from Extraordinary Funds a sum not

to exceed $1,000.00 for the services of a trained investigators in the preparation of the

defense in this cause.

FURTHER ORDERED that said funds shall be available to the Defendant's

counsel without any further approval of the Court.

DONE this the _13_ day of _February_, 1997.



Jack Meigs, Circuit Court Judge

2/14/97
Copies To:
Ed Greene
B. McLeod
Marvin Wiggins

FILED
FEB 1997
W A KYNARD,
CLERK
DALLAS CO.
CIRCUIT

16

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA          *

                      *

    VS                      *         CC-97-31

                      *

MATTHEW REEVES         *

### OBJECTION TO YOUTHFUL OFFENDER STATUS

Comes now the State of Alabama by and through the undersigned Assistant District Attorney, and objects to youthful offender status in the above styled cause and as grounds, the State assigns the following, to-wit:

1.  That the defendant an extensive juvenile record wherein he was committed to the Department of Youth Services.  (see attached)

2.  That the defendant is charged with capital murder in this case.

3.  That this case is particularly heinous in nature in that it involves the victim being shot at close range with a shotgun.

4.  That the defendant has a bad general reputation.

WHEREFORE, the State prays that this Honorable Court deny Youthful Offender Status in this matter.

This February 19, 1997.

Edgar W. Greene
Deputy District Attorney
Fourth Judicial Circuit

STATE OF ALABAMA
PROBATION OFFICER'S REPORT
SOCIAL EVALUATION

PO: 27FSMI                                                CASE: JU 94 000387.01
-------------------------------------------------------------------------

IN THE JUVENILE COURT OF   DALLAS   COUNTY                      *17*

    THE MATTER OF : REEVES MATTHEW

NAME: REEVES MATTHEW               ALIAS:                        AGE: 16
ADDR: 2128 SELMA AVE               DOB: 12/13/77  BIRTHPLACE:
                                   RACE: BLACK    SEX: M  HT: 0 00  WT: 000
     SELMA          AL  36701      EYES:      HAIR:     MARKS:
PHONE: 205/875-6480  SSN: 423137683  DL:                AWOL RISK:
SCHOOL:                            SCHOOL STATUS:
MEDICAL:                           DESCRIPTION:
MEDICAL:                           MEDICATION:
MEDICAID/INSURANCE NO:                        AFDC: ___  SSI: ___
HOUSEHOLD INCOME: _____   FOOD STAMPS: ___  SSA: ___  OTHER: ___

FAMILY STATUS:                     LIVES/W:
LEGAL GUARDIAN:

MOTHER:  REEVES MARZETTA           HOME PHONE: 205/875-6480
ADDRESS: 2128 SELMA AVE            WORK PHONE: 205/000-0000
                                   OCCUPATION:
         SELMA          AL  36701

-------------------------------------------------------------------------

JUVENILE RECORD

   CASE NUMBER                    CHARGE/                  COMP DATE/  DET DATE/
                                  DISPOSITION              PET DATE/   PET DATE/
                                                           ADJ DATE/   DYS DET
   _____                    _____

JU 94 000387.01   ASSAULT 3RD DEGREE                       05/01/94    00/00/00
                  COMMITTED TO DYS                         12/02/94    00/00/00
                                                           12/22/94       0

   SEX SCORE: _____   NEEDS SCORE: _____

SUPERVISION STATUS: _____

-------------------------------------------------------------------------

RELATIVE RESOURCE

         NAME              RELATION TO CHILD   HOME PHONE

-------------------------------------------------------------------------

PRIOR TREATMENT EFFORTS

   TYPE ADJ      PLACEMENT          BEGIN DATE  END DATE  # DAYS   STATUS

-------------------------------------------------------------------------

COMMENTS:


DATE: 02/13/97   OPERATOR: LAS
TIME: 13:19

```
AJV305                        STATE OF ALABAMA
                   PROB    (ON OFFICER'S REPORT
                          JCIAL EVALUATION
PO: 27PACO                                          CASE: JU 94 000557.01
```
---

IN THE JUVENILE COURT OF   DALLAS   COUNTY                    **18**

     THE MATTER OF :  REEVES MATTHEW

```
NAME: REEVES MATTHEW            ALIAS:                    AGE: 16
ADDR: 2128 SELMA AVE            DOB: 12/13/77  BIRTHPLACE:
                                RACE: BLACK    SEX: M  HT: 0 00  WT: 000
     SELMA       AL  36701      EYES:      HAIR:     MARKS:
PHONE: 205/000-0000 SSN: 000000000  DL:              AWOL RISK:
SCHOOL:                         SCHOOL STATUS:
MEDICAL:                        DESCRIPTION:
MEDICAL:                        MEDICATION:
MEDICAID/INSURANCE NO:
HOUSEHOLD INCOME: _____   FOOD STAMPS: __  SSA: __  OTHER: __
                                                AFDC: __   SSI: __
FAMILY STATUS:                  LIVES/W:
LEGAL GUARDIAN:

MOTHER:  REEVES MARZETTA        HOME PHONE: 205/000-0000
ADDRESS: 2128 SELMA AVE         WORK PHONE: 205/000-0000
                                OCCUPATION:
     SELMA        AL  36701
```
---

JUVENILE RECORD

```
   CASE NUMBER              CHARGE/              COMP DATE/   DET DATE/
                           DISPOSITION           PET DATE/   REL DATE/
                                                 DISP DATE   DAYS DET
   _____            _____

JU 94 000557.01   VFCS                           11/02/94    00/00/00
                  COMMITTED TO DYS               11/30/94    00/00/00
                                                 12/08/94           0

 / 94 000557.02   RECKLESS ENDANGERMEN           08/08/95    00/00/00
                  PROBATION                      08/08/95    01/00/00
                                                 08/08/95           0
```

RISK SCORE: _____   NEEDS SCORE: _____

SUPERVISION STATUS: _____
---

RELATIVE RESOURCE

          NAME            RELATION TO CHILD   HOME PHONE
---

PRIOR TREATMENT EFFORTS

   TYPE ADJ        PLACEMENT        BEGIN DATE  END DATE  # DAYS    STATUS
---

COMMENTS:


DATE: 02/13/97   OPERATOR: LAS
TIME: 15:19

AJV305                        STATE OF ALABAMA
                        PROBATION OFFICER'S REPORT
                           JUDICIAL EVALUATION

PO: 27PSMI                                        CASE: JU 93 000561.01
------------------------------------------------------------------------

IN THE JUVENILE COURT OF   DALLAS   COUNTY                        **19**

  THE MATTER OF :  REEVES MATTHEW


NAME: REEVES MATTHEW              ALIAS:                    AGE: 18
ADDR: 2128 SELMA AVE             DOB: 12/13/77  BIRTHPLACE:
                                 RACE: BLACK    SEX: M  HT: 0 00  WT: 000
    SELMA         AL  36701      EYES:       HAIR:       MARKS:
PHONE: 205/000-0000  SSN: 000000000   DL:              AWOL RISK:
SCHOOL:                          SCHOOL STATUS:
MEDICAL:                         DESCRIPTION:
MEDICAL:                         MEDICATION:
MEDICAID/INSURANCE NO:                          AFDC: __   SSI: __
HOUSEHOLD INCOME: _____  FOOD STAMPS: __  GSA: __  OTHER: __

FAMILY STATUS:                   LIVES/W:
LEGAL GUARDIAN:

MOTHER:  REEVES MARZETTA         HOME PHONE: 205/000-0000
ADDRESS: 2128 SELMA AVE          WORK PHONE: 205/000-0000
                                 OCCUPATION:
    SELMA          AL  36701

------------------------------------------------------------------------

JUVENILE RECORD

  CASE NUMBER              CHARGE/              COMP DATE/   DET DATE/
                          DISPOSITION            PET DATE/   REL DATE/
                                                DISP DATE/   DAYS DET
  ------------            -----------           ---------   ---------

  JU 93 000561.01  CARRYING CONCEALED W              12/13/96   00/00/00
                   PROBATION                         12/13/96   00/00/00
                                                     01/06/94

  RISK SCORE: _____   NEEDS SCORE: _____

  SUPERVISION STATUS: _____

------------------------------------------------------------------------

RELATIVE RESOURCE

          NAME           RELATION TO CHILD   HOME PHONE

------------------------------------------------------------------------

PRIOR TREATMENT EFFORTS

  TYPE ADJ        PLACEMENT        BEGIN DATE   END DATE   # DAYS   STATUS

------------------------------------------------------------------------

COMMENTS:



DATE: 02/13/97   OPERATOR: LAS
TIME: 15:15

20

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA      *

     *

     VS      *      CC-97-31

     *

MATTHEW REEVES      *

### ORDER

The State of Alabama having filed its Objection to Youthful Offender Status in the above styled cause and this Court having considered the same, it is hereby,

ORDERED, ADJUDGED, and DECREED, that youthful offender is not appropriate in this case and the same is hereby denied.

This the ___20___ day of ___February___, 1997.

_____
Judge of the Circuit Court
Fourth Judicial Circuit

FEB 1997
FILED
W A CLYNARD,
CLERK
DALLAS CO.
CIRCUIT

2/25/97
Copy to: DA
BMcleod
M Wiggins

21

STATE OF ALABAMA,     *   IN THE CIRCUIT COURT OF

VS.                   *   DALLAS COUNTY, ALABAMA

MATTHEW REEVES,       *   CASE NO. CC 97-31

          DEFENDANT.



## PLEA OF NOT GUILTY

Comes now the Defendant, MATTHEW REEVES, by and through his attorneys of record, Blanchard L. McLeod, Jr., and Marvin Wiggins, and respectfully represents unto this Honorable Court as follows:

1.   That on or about February 20, 1997, the Defendant was arraigned in the Circuit Court of Dallas County, Alabama for the offense of the Capital Murder and at arraignment the Defendant orally entered a plea of not guilty and not guilty by reason of mental disease or defect.

2.   That this plea in its entirety should reflect a plea of not guilty, not guilty by reason of mental disease or defect, and not guilty and not guilty by reason of mental disease or defect.

3.   That the Defendant's attorney will be filing a motion for the investigation of the sanity of the Defendant pursuant to the new rules recently promulgated by the Presiding Court Judge.

NOW WHEREFORE the premises considered, the said Defendant prays unto this Honorable Court as follows:

1.   That the Defendant be allowed to enter a plea of not guilty, the plea of not guilty by reason of mental disease or defect, and the plea of not guilty and not guilty by reason of

22

mental disease or defect.

2.   That the Court provide any and all other relief to which the Defendant may be entitled under the pleading and proof in this cause.

Respectfully submitted, this the 26th day of February, 1997.

Blanchard L. McLeod, Jr.
Of Counsel for Defendant

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing motion on counsel for the State of Alabama, by hand delivering a copy of the same on this the 26th day of February, 1997.

Blanchard L. McLeod, Jr.

OF COUNSEL:

BLANCHARD L. MCLEOD, JR.          MARVIN WIGGINS
Attorney at Law                   Attorney at Law
P. O. Box 656                     P. O. Box 1305
Selma, AL  36702                  Selma, AL  36702

2

23



STATE OF ALABAMA

VS.

MATTHEW REEVES,
DEFENDANT.

IN THE CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA

CASE NO. CC 97-31

## MOTION TO REQUIRE THE PROSECUTION TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENDANT UNDER BRADY V. MARYLAND

Comes now the Defendant by and through his attorneys of record, Blanchard L. McLeod, Jr., and Marvin Wiggins, and respectfully represents unto this Honorable Court as follows:

1. That the Defendant is currently awaiting trial in the above styled cause on the charge of **Capital Murder**;

2. That the Defendant brings this motion and shows that the Defendant should be afforded with all information and evidence in the possession of the prosecution or the State that may be materially favorable to the accused, which may lead to evidence which is materially favorable to the Defendant either of a direct or impeaching nature, and in this regard, the Defendant specifically alleges that the Defendant is entitled to be afforded with the following items, information and details, to-wit:

(a) Copies of all statements allegedly made by the Defendant, whether oral, written, taped, recorded or in whatever form, that the prosecution either intends to introduce into evidence or to rely upon at the trial of the case;

(b) The total and complete list of all persons interviewed in the entire investigation and the name of the person or persons conducting such interview,

24

together with a copy of the interview or a correct account of same. If more than one interview has been made as to any person, then a copy of each interview should be furnished;

(c) A meaningful address should be furnished by the State as to all persons interviewed by the authorities in this case so that Defendant might have the opportunity to determine what exculpatory or beneficial evidence each witness might have;

(d) Any and all tape or electronic recordings, written statements or summaries thereof by any officer or employee of the State, County, Sheriff's or District Attorney's office with reference to all persons interviewed, whether they are to be called as a witness for the State or not;

(e) The results of tests performed by the Crime Laboratory on the latent prints removed from the residence of the Defendant and particularly, but not limited to, the results of any comparisons made between the said latent prints and the fingerprints taken from the Defendant and forwarded to the lab. Also, Defendant seeks the name of the officer who gathered this evidence and sent it to the lab;

(f) The results and reports of any scientific or other tests, analyses, experiments or studies made by either the Alabama State Crime Lab or the FBI Crime Lab or any private agency or person, or state official or agency in any manner whatsoever made in connection with this case including, but not limited to, a handwriting examination made of suspected documents;

(g) A complete and detailed list of the criminal record of all State's witnesses,

25

whether the State intends to call these witnesses at the trial of the case or not,

including any and all charges which may now be pending against them and which have

not yet been officially disposed of by plea, trial or otherwise;

(h) Any and all written reports, documents or any physical evidence that is in

possession of the State or the prosecution relative to this case or the investigation

thereof;

(i) All written or recorded statements and all summaries or memorandum of

any oral or written statements made by the Defendant to police or prosecuting

attorneys;

(j) All diagrams, sketches and pictures which have been made by or shown to

any witness or prospective witness in the above styled case;

(k) A detailed description of all physical items other than documents and

pictures which the prosecution anticipates using in the trial of the named Defendant

and the exact place where and under whose custody such items are being held.

Particularly but not limited to, Defendant seeks the names of all persons whose

telephone records have been seized, or a list of the telephone numbers and

corresponding telephone records which the State has made use of its investigation or

intends to make use of in the investigation or at the trial of the case;

(1) Whether or not any type of electronic surveillance was used or "bugs" or

any other electronic device by the prosecutor, police or any private individual relative to

this case prior to the arrest of the Defendant or anytime thereafter.  If so, Defendant

26

seeks a copy of all recordings made or transcripts prepared of conversations so seized;

(m) The minutes of the Grand Jury proceeding at which the Defendant was indicted;

(n) The total and complete investigative files of the Alabama Bureau of Investigation, the Sheriff's office, the District Attorney's office or any other agency or bureau of the State who may have taken part in any phase of police investigation, together with all correspondence and communications concerning same;

3. That there may be other items and matters of evidence, information and data in existence that are not enumerated aforesaid and of which Defendant is unaware, due to the secrecy surrounding the investigation, but in any event, Defendant now requests and demands that the Defendant be afforded with any and all evidence and information, whether specifically delineated and listed herein or not, that may be materially favorable to Defendant in either a direct or impeaching manner or relevant to punishment, which falls within the context of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1968). See also United States v. Giglio, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972); Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed. 2d 706 (1972); Faringer, 9 Crim. L. Bull., 325 (May 1973); 40 Chi. L. Rev., 112 (Fall, 1972).

WHEREFORE, THE PREMISES CONSIDERED, the Defendant respectfully prays unto this Honorable Court as follows:

1. That an evidentiary hearing be held on this motion in order that a proper foundation may be laid as to what evidence, information, and data is in possession of

27

the State and prosecution, and that the State be directed to make such disclosures immediately;

    2. That if all items requested are not disclosed, Defendant requests that all of the State's reports, statements, photographs, files and all other items specified herein should be properly identified, and examined in camera by the Court and that the Court turn over to defense counsel all such material which the Court finds to be favorable to the Defendant as to innocence or punishment;

    3. That the Court make photostatic copies of all material viewed by the Court and to have the same be sealed and included in the record of this case for the purpose of insuring effective review of the Defendant's previously filed Motion for Disclosure;

    4. That the duty of the District Attorney to disclose pursuant to this motion shall be continuing up until and through the trial;

    5. That the Court will grant any and all other relief to which said Defendant may be entitled under the pleadings and proof in this cause.

    Respectfully submitted, this the 27th day of February, 1997.

_____
Of Counsel for the Defendant

## ORAL ARGUMENT REQUESTED

The Defendant requests a hearing in oral argument on the foregoing Motion.

_____
Of Counsel for the Defendant

28

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the office of the District Attorney of the Fourth Judicial Circuit with a copy of the foregoing motion by hand delivering said copy this the 27th day of February, 1997.

_____
Of Counsel for the Defendant

**OF COUNSEL:**
**Blanchard L. McLeod, Jr.**
Attorney at Law
Post Office Box 656
Selma, AL 36702-0656

**Marvin Wiggins**
Attorney at Law
Post Office Box 1305
Selma, AL 36702-1305



IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,

VS.

MATTHEW REEVES,
        DEFENDANT.

<>    CASE NO.  CC 97-31

<>

<>

<>

## MOTION TO PRODUCE AND INSPECT

Comes now the Defendant in the above styled cause by and through his

attorneys of record, Blanchard L. McLeod, Jr., and Marvin Wiggins, and moves this

Honorable Court to order the State of Alabama, acting by and through the District

Attorney of the Fourth Judicial Circuit, to produce and/or permit the said Defendant to

inspect and/or copy or otherwise produce prior to trial the following writings,

documents, papers, notes, memorandums, records, photographs, tapes, or any other

tangible objects which are under the control or subject to the control of the State of

Alabama, or any person or agency acting in conjunction therewith, which are necessary

and material to the preparation of the Defendant's defense, separately and severally,

to-wit:

    1.  Any and all written or recorded statements and/or confessions made by the

Defendant named herein, or copies thereof.

    2.  The substance of any oral statement which the State intends to offer in

evidence at the trial made by the Defendant.

    3.  Any and all items, substances, physical evidence and/or tangible objects

obtained as a result of the search of the premises occupied by the Defendant and/or

30

which was allegedly taken from the Defendant and/or his residence.

    4.  The prior criminal record of the Defendant, or a copy thereof, including, but not limited to, all felony convictions and misdemeanor convictions including motor vehicle convictions.

    5.  Any and all written or recorded statements, or copies thereof, made by any person or persons that have knowledge of the facts or circumstances of the crime for which this Defendant is charged.

    6.  The names and addresses of any and all persons who have any knowledge whatsoever of the facts or circumstances of the crime which the Defendant has been charged.

    7.  Any and all written or recorded statements, or copies thereof, of potential witnesses which the State of Alabama intends or expects to call at the trial of this cause.

    8.  All material information which the State of Alabama, the District Attorney, and any agency acting in conjunction therewith, have that tends to negate the guilt of the Defendant named herein.

    9.  Any and all books, documents, papers, photographs, memorandums, or other tangible objects which are material to the preparation of the Defendant's defense.

    10.  Any and all photographs taken at the scene of the alleged crime, or taken of the Defendant, or taken of the alleged victim, or any other photographs taken at places other than at the scene of the alleged crime which may be in the possession of the

31

District Attorney.

11. Any and all written reports by law enforcement officers or any agencies acting in conjunction therewith, made in connection with matters charged of the Defendant in this cause, or copies thereof.

12. Any and all books, documents, papers, photographs, and other tangible objects which were obtained from or belonged to the Defendant.

13. Any and all results or reports of physical or mental examinations and/or scientific tests or experiments, or copies thereof, which are material to the preparation of the Defendant's defense or which are material to the crime for which this Defendant has been charged.

14. Any and all written or recorded statements, or confessions made by any co-defendants, or co-conspirators, named or unnamed, whether indicted or not, which allegedly incriminate or exculpate the Defendant named herein, or copies thereof.

15. The names and addresses of each and every witness to the acts for which this Defendant is charged.

16. Any and all statements or documents, or copies thereof, which tend to place in question the credibility of a witness who will or probably will testify on behalf of the State of Alabama.

17. All reports of the Department of State Toxicologists, including all tests relevant to this case.

18. A description of all physical evidence which the District Attorney intends to use in the trial of this cause and which is to be admitted or offered into evidence by the

32

District Attorney.

19.  Any and all information, reports, documents, photographs, diagrams, pictures, maps, tapes, tape or wire recordings, moving pictures, chemical analysis, or any tangible evidence of any nature or information that may lead to any evidence of any nature that may be favorable or unfavorable to the Defendant in regard to the offense for which the Defendant is charged.

20.  Any and all photographs, pictures, maps, diagrams, or papers of like nature showing or depicting the scene of the alleged crime, or near thereto or portions of the scene, or showing or depicting any evidence or information that may be intended to be used for any purpose as evidence in this case by the prosecution herein, or the same that may be relevant to this case, whether the same is or is not intended to be used as evidence herein.

Respectfully submitted, this the 27th day of February 1997.

_____
Of Counsel for the Defendant

## ORAL ARGUMENT REQUESTED

The Defendant requests a hearing in oral argument on the foregoing Motion to Produce and Inspect.

_____
BLANCHARD L. McLEOD, JR.

33

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the office of the District Attorney for the Fourth Judicial Circuit with a copy of the foregoing motion by hand delivering said copy, this the 27th day of February 1997.

BLANCHARD L. MCLEOD, JR.
Of Counsel for Defendant

OF COUNSEL:

**BLANCHARD L. MCLEOD, JR.**
Attorney at Law
P. O. Box 656
Selma, AL 36702

**MARVIN WIGGINS**
Attorney at Law
P. O. Box 1305
Selma, AL 36702

34

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,

vs.

MATTHEW REEVES,

      Defendant.

CASE NO.   CC 97-31



### ARRAIGNMENT

      This day came the State of Alabama represented by the District Attorney and the Defendant in person accompanied by his attorney of record and it being ascertained by the Court that the Defendant is correctly named in the indictment and the indictment being read and the defendant being informed by the Court of the nature, consequences and punishment provided for and methods of disposition of said charges pending against him, and after full colloquy by the Court and Defendant concerning Defendant's constitutional rights, all of which being duly and legally taken down in open court by the official court reporter, and Defendant being required to enter a plea to said indictment, does hereby plead not guilty and not guilty by reason of mental disease or defect.

      DONE and ORDERED this 20th day of February, 1997.

                             JACK W. MEIGS, CIRCUIT JUDGE

3/4/97
Copies To:
B. Mcleod
Ed Greene
Marvin Wiggins

35

STATE OF ALABAMA,                 IN THE CIRCUIT COURT OF
                                  DALLAS COUNTY, ALABAMA
VS.

MATTHEW REEVES,                   CASE NO. CC 97-31
              DEFENDANT.



### MOTION FOR RELEASE OF RECORDS

Comes now the Defendant, by and through his attorneys of record, Blanchard L. McLeod, Jr., and Marvin Wiggins, and respectfully represents unto this Court as follows:

1.   That at the Youthful Offender hearing the state introduced evidence that the defendant had been an active probationer with the Dallas County Juvenile Probation Services.

2.   That at the Youthful Offender hearing the state introduced evidence that the defendant had previously been committed to the State of Alabama Department of Youth Services.

3.   That without these records, your petitioner is not able to adequately prepare for the representation of the defendant in this cause.

4.   That without a court order, the defendant's juvenile records cannot be released to your defendant's trial court counsel.

WHEREFORE, THE PREMISES CONSIDERED, the defendant prays unto this Honorable Court as follows:

1.   That this Honorable Court will enter its order requiring Senior Probation Officer Ocie Acoff with the Dallas County Juvenile Probation Services to produce copies of all of the defendant's records in the possession of the Dallas County Youth

Servies office to the defendant's counsel, Blanchard L. McLeod, Jr.

2.   That the Director of the State Department of Youth Services, its agents, servants and/or employees shall be ordered to produce and deliver to the defendant's attorney, Blanchard L. McLeod, Jr., copies of all records that they possess as it relates to the said Matthew Reeves.

3.   The Defendant prays for any other, further, general or different relief he may be entitled to in this cause.

Respectfully submitted, this the 28th day of February, 1997.

_____
Blanchard L. McLeod, Jr.
Of Counsel

### CERTIFICATION

I do hereby certify that I have this the 28th day of February, 1997, served a copy of the foregoing motion on counsel for the State of Alabama.

_____
Blanchard L. McLeod, Jr.

**OF COUNSEL:**

| | |
|---|---|
| **BLANCHARD L. McLEOD, JR.** | MARVIN WIGGINS |
| Attorney at Law | Attorney at Law |
| P. O. Box 656 | P. O. Box 1305 |
| Selma, AL 36702-0656 | Selma, AL 36702-1305 |

37

STATE OF ALABAMA,                    IN THE CIRCUIT COURT OF
                                     DALLAS COUNTY, ALABAMA
VS.

MATTHEW REEVES,                      CASE NO. CC 97-31
        Defendant.

O R D E R

This matter being before the Court on motion of the
Defendant, by and through his counsel, Blanchard L. McLeod, Jr.,
to continue the above styled cause, and the same being considered
by the Court and the Court being of the opinion that the said
motion is well-taken and should be granted,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE
COURT that the Ocie Acoff, as Senior Probation Officer with the
Dallas County Juvenile Probation Services is to provide to the
defendant's counsel, Blanchard L. McLeod, Jr., all of the
defendant's records in the possession of the Dallas County Youth
Services office.

FURTHER ORDERED that the Dallas County Circuit Clerk
send a certified copy of this Order to Ocie Acoff as Senior
Probation Officer with the Dallas County Juvenile Probation
Services.

DONE and ordered this the ___5___ day of ___March___,
1997.

_____
Jack W. Meigs, Circuit Judge

3/10/97
Copy to: B McLeod
         Ed Greene
         Ocie Acoff

38

STATE OF ALABAMA,

VS.

MATTHEW REEVES,
          Defendant.



IN THE CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA

CASE NO. CC 97-31

ORDER

This matter being before the Court on motion of the Defendant, by and through his counsel, Blanchard L. McLeod, Jr., to continue the above styled cause, and the same being considered by the Court and the Court being of the opinion that the said motion is well-taken and should be granted,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the Ocie Acoff, as Senior Probation Officer with the Dallas County Juvenile Probation Services is to provide to the defendant's counsel, Blanchard L. McLeod, Jr., all of the defendant's records in their possession.

FURTHER ORDERED that the Dallas County Circuit Clerk send a certified copy of this Order to Director of the State of Alabama Department of Youth Services, its agents, servants and/or employees.

DONE and ordered this the 17 day of March, 1997.

Jack W. Meigs, Circuit Judge

3/17/97
Copy to: DA
         B McLeod
         AtA Dept of Youth Services

39

STATE OF ALABAMA,　　　　　　　<>　IN THE CIRCUIT COURT OF
　　　　　　　　　　　　　　　　　<>　DALLAS COUNTY, ALABAMA
VS.　　　　　　　　　　　　　　　<>
　　　　　　　　　　　　　　　　　<>
MATTHEW REEVES,　　　　　　　　<>　CASE NO. CC 97-31
　　　　Defendant.　　　　　　　 <>

## AMENDED
## O R D E R

This matter being before the Court on motion of the

Defendant, by and through his counsel, Blanchard L. McLeod, Jr.,

to continue the above styled cause, and the same being considered

by the Court and the Court being of the opinion that the said

motion is well-taken and should be granted,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE

COURT that the Ocie Acoff, as Senior Probation Officer with the

Dallas County Juvenile Probation Services is to provide to the

defendant's counsel, Blanchard L. McLeod, Jr., all of the

defendant's records in their possession.

FURTHER ORDERED that the Dallas County Circuit Clerk

send a certified copy of this Order to Ocie Acoff as Senior

Probation Officer with the Dallas County Juvenile Probation

Services.

DONE and ordered this the 13 day of March, 1997.

Jack W. Meigs, Circuit Judge

3/13/97
Copy to: Ala. Dept. of Youth Services
　　　　DA
　　　　B McLeod

MAR 1997
FILED
W A KYNARD,
CLERK,
DALLAS CO.
CIRCUIT

40

```
STATE OF ALABAMA,          <>    IN THE CIRCUIT COURT OF
                           <>    DALLAS COUNTY, ALABAMA
VS.                        <>
                           <>
MATTHEW REEVES,            <>    CASE NO. CC 97-31
           Defendant.     <>
```

### O R D E R

This matter being before the Court on motion of the Defendant, by and through his counsel, Blanchard L. McLeod, Jr., to continue the above styled cause, and the same being considered by the Court and the Court being of the opinion that the said motion is well-taken and should be granted,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the Director of the State of Alabama Department of Youth Services, its agents, servants and/or employees shall provide to the defendant's counsel, Blanchard L. McLeod, Jr., all of the defendant's records in the possession of the Dallas County Youth Services office.

FURTHER ORDERED that the Dallas County Circuit Clerk send a certified copy of this Order to the Director of the State of Alabama Department of Youth Services, its agents, servants and/or employee of the Dallas County Youth Services.

DONE and ordered this the _10_ day of _March_, 1997.

MAR 1997
W. KYNARD,
CLERK

_____
Jack W. Meigs, Circuit Judge

3/11/97
Copy to: Ala Dept of Youth Services
         DA
         B McLeod

IN THE CIRCUIT COURT OF ___DALLAS___ COUNTY, ALABAMA

STATE OF ALABAMA

v.

MATTHEW REEVES
DEFENDANT                                    CASE NO.: __CC 97-31__

## ORDER FOR OUTPATIENT EVALUATION OF COMPETENCY TO STAND TRIAL AND MENTAL STATE AT THE TIME OF THE OFFENSE

WHEREAS, the above-named Defendant is before the Court, having been charged with the offense(s) of __CAPITAL MURDER__ _____; and whereas the Court has received information indicating that the Defendant may lack sufficient present ability to assist in his or her defense, by consulting with counsel, with a reasonable degree of rational understanding of the facts and the legal proceedings against the Defendant (motion for examination having been filed by _____), and the Court finding reasonable grounds exist to question the Defendant's competency, to-wit:_____ _____; and whereas the defendant, through his/her attorney, __Blanchard L. McLeod, Jr.__, has timely filed notice pursuant to Rule 15, Alabama Rules of Criminal Procedure, of his/her intent to pursue a special plea of not guilty by reason of mental disease or defect or not guilty and not guilty by reason of mental disease or defect,

IT IS HEREBY ORDERED that:

(1) The Defendant shall undergo examination on an out-patient basis by a psychologist or psychiatrist under contract with or employed by the Alabama Department of Mental Health and Mental Retardation to conduct a clinical evaluation as to whether the Defendant has sufficient present ability to assist in his or her defense, by consulting with counsel, with a reasonable degree of rational understanding of the facts and the legal proceedings against the Defendant and as to the Defendant's mental state at the time of the alleged offense(s);

(2) If the Defendant is in custody, the party having

6

custody of the Defendant shall make the Defendant available at such times and locations as required by the Alabama Department of Mental Health and Mental Retardation, and, where necessary, the Sheriff's Department shall be responsible for the custody, care, and transportation of the Defendant during the out-patient visit;

(3) The District Attorney shall make available to the examining psychologist or psychiatrist information concerning the nature and circumstances of the offense(s) charged, as well as the prior criminal history of the Defendant; the Defense Attorney may provide information to assist the examining psychologist or psychiatrist in the evaluation of the Defendant's mental condition, including records of prior psychiatric treatment. All information provided to the psychologist or psychiatrist pursuant to this order shall be protected from discovery according to Rule 16, Alabama Rules of Criminal Procedure;

(4) Upon completion of the clinical examination, a written report shall be forwarded to the Circuit Judge, the Defendant's attorney, the District Attorney, and upon further order of the Court, to others having a proper interest therein. The original written report shall be filed with the Clerk of Court, under seal, and shall include the following information:

(a) Whether the Defendant has sufficient present ability to assist in his or her defense, by consulting with counsel, with a reasonable degree of rational understanding of the facts and the legal proceedings against the Defendant;

(b) If the opinion is that the Defendant is incompetent, the report shall also state the opinion of the psychologist or psychiatrist as to:

(1) The condition causing the Defendant's incompetency and the nature thereof;

(2) The treatment required for the Defendant to attain competency;

(3) The most appropriate form and place of treatment, in view of the Defendant's therapeutic needs and potential danger to himself or herself, or to others, and an explanation of appropriate treatment alternatives;

43

(4)     The likelihood of the Defendant's attaining competency under treatment and the probable duration of the treatment; and

(5)     The availability of the various types of acceptable treatment in the local geographic area, specifying the agencies or the settings in which the treatment might be obtained and whether the treatment would be available on an out-patient basis; and

(6)     _____

_____;

(List here such other matters that the Court deems appropriate)

(5)   The written report shall further address:

(a)     The mental condition of the Defendant at the time of the alleged offense(s);

(b)     If the opinion is that the Defendant suffered from a mental disease or defect at the time of the alleged offense(s), the report shall state the relation, if any, of such mental disease or defect to the alleged offense(s); and

(c)     _____

_____

_____;

(List here such other matters that the Court deems appropriate)

(6)   Further criminal proceedings against the Defendant are hereby continued generally until such time as the Court receives a report from the Alabama Department of Mental Health and Mental Retardation.   Provided, however, such continuation does not include bond hearings, grand jury hearings, or preliminary hearings, all of which may be conducted as necessary.

ORDERED this the __14__ day of _March_, 19_97_.

3/17/97
copies to:                          _____
                                         Circuit Judge

Defense Attorney
District Attorney
Sheriff's Department
Beverly B. Strong, Taylor Hardin Secure Medical Facility
     1301 River Road NE, Tuscaloosa, AL 35404

44

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA

v.                                          CASE NO.  CC-97-31

MATTHEW REEVES



This matter having come before the Court to be heard on the Objection to Subpoena and Motion for Protective Order filed by the City of Selma School Board in response to the subpoena issued by the State of Alabama requesting any and all records of the Defendant, Matthew Reeves during his attendance in the Selma City School System.  And due notice of this hearing having been given to all parties and there being present before the Court Edgar W. Greene for the State of Alabama; Barry R. Bennett for the City of Selma School Board and Blanchard L. McLeod for Matthew Reeves. And upon consideration of this matter by the Court;

IT IS ORDERED, ADJUDGED AND DECREED by the Court that the City of Selma School Board be and the same is hereby ORDERED to produce and mail within ten (10) days a copy of any and all records including, but not limited to, attendance, psychiatric counseling, intellect, ability and behavior of Matthew Reeves, B/M DOB: 12/13/77 during his attendance in the Selma City School System to Taylor Hardin Secure Medical Facility, 1301 Rives Road, N.E., Tuscaloosa, Alabama.

DATED this the 1ᵗʰ day of _____, 1997.

3/21/97
Copy to: Ed Greene
        B McLeod
        BARRY Bennett

_____
Circuit Judge

45

STATE OF ALABAMA,                    IN THE CIRCUIT COURT OF
                                                         DALLAS COUNTY, ALABAMA
VS.

MATTHEW REEVES,                                          CASE NO. CC 97-31
        Defendant.

                                   AMENDED
                                   O R D E R

        This matter being before the Court on motion of the
Defendant, by and through his counsel, Blanchard L. McLeod, Jr.,
to continue the above styled cause, and the same being considered
by the Court and the Court being of the opinion that the said
motion is well-taken and should be granted,

        IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE
COURT that the Director of the State of Alabama Department of
Youth Services is to provide to the defendant's counsel,
Blanchard L. McLeod, Jr., all of the defendant's records in their
possession.

        FURTHER ORDERED that the Dallas County Circuit Clerk
send a certified copy of this Order to the Director of the State
of Alabama Department of Youth Services, its agents, servants
and/or employees.

        DONE and ordered this the 19 day of March, 1997.

                                        _____
                                        Jack W. Meigs, Circuit Judge

3/21/97
Copy to: DA
         BMcLeod
         Director, State DYS

46

IN THE CIRCUIT COURT OF <u>DALLAS</u> COUNTY, ALABAMA

STATE OF ALABAMA

v.

<u>MATTHEW REEVES</u>
DEFENDANT

CASE NO.: <u>CC 97-31</u>

<u>ORDER FOR OUTPATIENT EVALUATION OF COMPETENCY TO STAND TRIAL</u>
<u>AND MENTAL STATE AT THE TIME OF THE OFFENSE</u>

WHEREAS, the above-named Defendant is before the Court, having been charged with the offense(s) of <u>CAPITAL MURDER</u>

_____; and whereas the Court has received information indicating that the Defendant may lack sufficient present ability to assist in his or her defense, by consulting with counsel, with a reasonable degree of rational understanding of the facts and the legal proceedings against the Defendant (motion for examination having been filed by _____), and the Court finding reasonable grounds exist to question the Defendant's competency, to-wit:_____

_____; and whereas the defendant, through his/her attorney, <u>Blanchard L. McLeod, Jr.</u>, has timely filed notice pursuant to Rule 15, Alabama Rules of Criminal Procedure, of his/her intent to pursue a special plea of not guilty by reason of mental disease or defect or not guilty and not guilty by reason of mental disease or defect,

**IT IS HEREBY ORDERED** that:

(1) The Defendant shall undergo examination on an out-patient basis by a psychologist or psychiatrist under contract with or employed by the Alabama Department of Mental Health and Mental Retardation to conduct a clinical evaluation as to whether the Defendant has sufficient present ability to assist in his or her defense, by consulting with counsel, with a reasonable degree of rational understanding of the facts and the legal proceedings against the Defendant and as to the Defendant's mental state at the time of the alleged offense(s);

(2) If the Defendant is in custody, the party having

6

custody of the Defendant shall make the Defendant available at such times and locations as required by the Alabama Department of Mental Health and Mental Retardation, and, where necessary, the Sheriff's Department shall be responsible for the custody, care, and transportation of the Defendant during the out-patient visit;

(3) The District Attorney shall make available to the examining psychologist or psychiatrist information concerning the nature and circumstances of the offense(s) charged, as well as the prior criminal history of the Defendant; the Defense Attorney may provide information to assist the examining psychologist or psychiatrist in the evaluation of the Defendant's mental condition, including records of prior psychiatric treatment. All information provided to the psychologist or psychiatrist pursuant to this order shall be protected from discovery according to Rule 16, Alabama Rules of Criminal Procedure;

(4) Upon completion of the clinical examination, a written report shall be forwarded to the Circuit Judge, the Defendant's attorney, the District Attorney, and upon further order of the Court, to others having a proper interest therein. The original written report shall be filed with the Clerk of Court, under seal, and shall include the following information:

(a) Whether the Defendant has sufficient present ability to assist in his or her defense, by consulting with counsel, with a reasonable degree of rational understanding of the facts and the legal proceedings against the Defendant;

(b) If the opinion is that the Defendant is incompetent, the report shall also state the opinion of the psychologist or psychiatrist as to:

(1) The condition causing the Defendant's incompetency and the nature thereof;

(2) The treatment required for the Defendant to attain competency;

(3) The most appropriate form and place of treatment, in view of the Defendant's therapeutic needs and potential danger to himself or herself, or to others, and an explanation of appropriate treatment alternatives;

48

(4)   The likelihood of the Defendant's attaining competency under treatment and the probable duration of the treatment; and

(5)   The availability of the various types of acceptable treatment in the local geographic area, specifying the agencies or the settings in which the treatment might be obtained and whether the treatment would be available on an out-patient basis; and

(6)   _____

_____ ;

(List here such other matters that the Court deems appropriate)

(5)   The written report shall further address:

(a)   The mental condition of the Defendant at the time of the alleged offense(s);

(b)   If the opinion is that the Defendant suffered from a mental disease or defect at the time of the alleged offense(s), the report shall state the relation, if any, of such mental disease or defect to the alleged offense(s); and

(c)   _____

_____

_____ ;

(List here such other matters that the Court deems appropriate)

(6)   Further criminal proceedings against the Defendant are hereby continued generally until such time as the Court receives a report from the Alabama Department of Mental Health and Mental Retardation.   Provided, however, such continuation does not include bond hearings, grand jury hearings, or preliminary hearings, all of which may be conducted as necessary.

ORDERED this the __14__ day of __March__, 19__97__.

3/17/97
copies to:

_____
Circuit Judge

Defense Attorney
District Attorney
Sheriff's Department
Received in Office B. Strong, Taylor Hardin Secure Medical Facility
1301 River Road NE, Tuscaloosa, AL 35404

APR 1 6 1997

8

CERTIFIED TRUE AND CORRECT COPY.

W. G. Hynard 3-17-97
CLERK

HARRIS HOFFMAN, JR.
Sheriff, Dallas County, Ala.

Charlotte M. Edwards

CC97-31

49

Executed this the 3rd day of June, 1997, by transporting
Matthew Reeves from the Dallas County Jail to Taylor Hardin
Secure Medical Facility, Tuscaloosa, Al for an out-patient
Evaluation and returned to the Dallas County Jail.

_____
Harris Huffman, Jr.
Sheriff

_____
W. L. Brantley, DS.

50

STATE OF ALABAMA,

VS.

MATTHEW REEVES,
        DEFENDANT.



IN THE CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA

CASE NO. CC 97-31

## DEFENDANT'S MOTION FOR ADDITIONAL FUNDS

Comes now the Defendant, by and through his counsel and moves this Court to require

the State of Alabama to provide the Defendant with additional Extraordinary Funds for the

continued services of a criminologist, and as grounds therefor would show unto this Honorable

Court as follows:

1.  That the Defendant stands charged with the offense of **Capital Murder**.

2.  That the Defendant has been declared to be indigent and cannot conceivably afford

to pay the costs for obtaining additional assistance in this cause.

3.  That if the Defendant were not indigent, it would be the recommendation of counsel

that funds be secured to hire additional assistance that is available through the assistance of a

criminologist to assist in the investigation of information received in this cause.

4.  That previously, this Court approved extraordinary funds not to exceed $1,000.00 for

the services of a trained investigator in this cause.

5.  That counsel for the Defendant retained the services of Anne Simmons, M.C.J., The

University of Alabama, for assistance in the investigation and preparation of this case.

6.  That as of the date of this motion, Ms. Simmons has exceeded the provisions of

$1,000.00 previously entered by this Court.

7.  That it is anticipated that an additional 100 hours will be required for the services of

Ms. Simmons and her assistance with the preparation of this case.

51

8.  That the State of Alabama grants an accused the right to put forth a defense.  It would be constitutional error, especially in a **Capital Murder** case, to refuse to allow the Defendant to present as complete and adequate a defense as a more prosperous defendant solely  because of his inability to obtain additional assistance from Ms. Simmons.

9.  That failure to grant said motion would be a violation of the Defendant's right to the due process and equal protection under law guaranteed to the Defendant by the United States Constitution and the Constitution of the State of Alabama.

WHEREUPON, your petitioner respectfully prays unto this Honorable Court that there will be additional extraordinary funds to obtain the continued assistance from Ms. Simmons for her assistance with the representation of the said Defendant in this cause.

Respectfully submitted, this the 28th day of July, 1997.

Blanchard L. McLeod, Jr.
Of Counsel

## CERTIFICATION

This is to certify that I have this day served the office of the District Attorney for the 4th Judicial Circuit with a copy of the foregoing motion by hand delivering said copy this the 28th day of July, 1997.

Blanchard L. McLeod, Jr.

**OF COUNSEL:**

**Blanchard L. McLeod, Jr.**
Attorney at Law
P. O. Box 656
Selma, AL 36702-0656

**Marvin Wiggins**
Attorney at Law
P. O. Box 1305
Selma, AL 36702-1305

52

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,

    Plaintiff,

vs.                      CASE NO. CC-97-31

MATTHEW REEVES,

    Defendant.

**PRETRIAL ORDER AND SCHEDULING ORDER**

1.    EACH PARTY AND THE ATTORNEY OF RECORD FOR EACH PARTY IS HEREBY ORDERED TO READ THIS ORDER AND TO NOTE ON THEIR RESPECTIVE CALENDARS THE CRITICAL DATES DESCRIBED HEREIN.  THE PARTIES AND ATTORNEYS ARE ORDERED TO FULLY AND TIMELY COMPLY WITH EVERY PROVISION OF THIS ORDER OR SUFFER APPROPRIATE SANCTIONS AND/OR BE REQUIRED TO SHOW CAUSE WHY THE OFFENDING PARTY SHOULD NOT BE HELD IN CONTEMPT.

2.    This case is hereby **set for Trial** on the **26th** day of **January, 1998**, at nine o'clock (9:00) a.m.

3.    Trial counsel shall appear for **Pretrial Conferences** which will be held on the **17th** day of **September, 1997**, and the **16th** day of **October, 1997**, at nine o'clock (9:00) a.m.

DONE AND ORDERED, this 22nd day of August, 1997.

THOMAS ap R. JONES, JUDGE
FOURTH JUDICIAL CIRCUIT

8/25/97
Copy to: DA
      B McLeod
      M Wiggins

**53**

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | IN THE CIRCUIT COURT OF |
| | * | DALLAS COUNTY, ALABAMA |
| VS. | * | |
| | * | |
| MATTHEW REEVES, | * | CASE NO. CC 97-31 |
| Defendant. | * | |

## ORDER OF THE COURT APPROVING
## ADDITIONAL EXTRAORDINARY EXPENSES

This matter being before the Court on the motion of the Defendant's counsel to require the State of Alabama to provide the indigent Defendant with additional extraordinary funds, and the same being considered by the Court and the Court being of the opinion that the said motion is well-taken and should be granted, it is,

THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the State of Alabama is to provide the indigent Defendant with additional Extraordinary Funds for hiring Anne Simmons, Criminologist, to enable his court appointed counsel to assure the Defendant an adequate defense and due process of law.

FURTHER ORDERED that the additional extraordinary expenses for hiring of Anne Simmons, in the amount of 100 hours at $40.00 per hour are hereby approved and authorized.

DONE AND ORDERED this the ___30___ day of ___July___, 1997.

_____
Jack Meigs, Circuit Judge

JUL 1997
FILED
W.A. KYNARD,
CLERK CO.
DALLAS CO.
CIRCUIT

7/30/97
Copy to: B McLeod
M Wiggins
DA

54

<u>IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA</u>

| | | |
|---|---|---|
| STATE OF ALABAMA, | <> | |
| PLAINTIFF, | <> | |
| vs. | <> | CASE NO. CC 97-31 |
| | <> | |
| MATTHEW REEVES, | <> | |
| DEFENDANT. | <> | |

<u>MOTION TO DISCLOSE THE PAST AND PRESENT RELATIONSHIPS,</u>
<u>ASSOCIATIONS AND TIES BETWEEN THE DISTRICT ATTORNEY</u>
<u>AND PROSPECTIVE JURORS</u>

COMES NOW your petitioner, MATTHEW REEVES, by and through his counsel of

record, Blanchard L. McLeod, Jr., and Marvin Wiggins, and respectfully moves this Court

pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States

Constitution, and Article I, Section 1, 5, 6, 7, 8, 9, 11, 13, 15 and 16 of the Alabama Constitution,

for an Order requiring the District Attorney to reveal any and all relationships, associations or ties

with any prospective jurors, and to disclose any and all notes, memoranda or records in the

possession of the state concerning any relationships, associations or ties between the office of

the District Attorney and those persons called for jury duty in this cause and in support thereof

represents unto this Honorable Court as follows:

1.  Since this is to be a capital prosecution, exacting standards must be met to assure

that it is fair.  "The fundamental respect for humanity underlying the Eighth Amendment's

prohibition against cruel and unusual punishment gives rise to a special 'need for reliability in the

determination that death is the appropriate punishment' in any capital case."  <u>Johnson v.</u>

<u>Mississippi</u>, 486 U.S. 578, 584 (1988) (quoting <u>Gardner v. Florida</u>, 430 U.S. 349, 363-64 (1977)

(quoting <u>Woodson v. North Carolina</u>, 428 U.S. 280, 305 (1976)(White, J. concurring))).

2.  Your petitioner is entitled by the Sixth, Eighth, and Fourteenth Amendments and by

the law of this state to be tried by impartial, fair-minded jurors.  <u>Irvin v. Dowd</u>, 366 U.S. 717

(1961); <u>Ex parte Beam</u>, 512 So.2d 723 (Ala. 1987); <u>Ex parte Rutledge</u>, 523 So.2d 1118 (Ala.

1988).

3.  The relatively small size of the community and the fact that the District Attorney has

personal ties with many of the prospective jurors will impede the jurors' ability to make fair and impartial determination of the issues in this case. The District Attorney has run for office on several occasions, and has solicited funds as well as votes from the members of this community. Any such tie between a juror and the prosecutor would obviously impinge upon that individual's fitness to serve. Additionally, the existence of such relationships or ties, if not made known to the defense, will interfere with the intelligent use of your petitioner's peremptory challenges. Ward v. Commonwealth, 695 S.W.2d 404 (Ky. 1985) (any relationship between prospective jurors and prosecutor justifies challenge).

4. Discovery of religious, social, business, professional, recreational, and political associations, and previous employment by or dealings with the criminal justice system is essential to the selection of an impartial jury. However, a venireperson may often be hesitant to reveal such relationships, because "the juror may be reluctant to admit any bias in front of his [or her] peers." William v. Griswald, 743 F.2d 1533, 1540 n. 14 (11th Cir. 1984).

5. If the District Attorney knows of any reason why a juror would be particularly favorable or unfavorable to the defense, or why a particular juror should not serve, he is under a constitutional obligation to disclose the reason to the defense. Brady v. Maryland, 373 U.S. 83 (1963). See also Ex parte Beam, 512 So.2d 723 (Ala. 1987) (failure to excuse prospective juror with strong belief against alcohol in case of murder committed under influence of alcohol reversible error); Ex parte Rutledge, 523 So.2d 1118 (Ala. 1988) (failure to remove juror with bias against organization with which defense attorney affiliated required reversal).

6. The courts have taken an increasingly expansive view of the nature of the interests requiring disclosure, ranging from a venireperson's contributions to the District Attorney's reelection campaign to indirect relationships with the law enforcement community. Certainly, if a conviction will be reversed on appeal or in collateral proceedings where the juror failed to reveal a particular relationship that might have justified a challenge for cause, even less intimate relationships must be disclosed on voir dire in order to permit your petitioner effectively to

56

exercise his peremptory challenges and to preserve his right to a fair trial.

7.  The Alabama Supreme Court has also made abundantly clear that capital cases are by their nature "sufficiently different" to justify broad discovery of information in the possession of the prosecution.  Ex parte Monk, 557 So.2d 832, 836-37 (Ala. 1989); Id. At 837 n.1 (noting high rate of reversal of capital cases in Alabama due to failure of prosecutors to release exculpatory information).

**WHEREFORE, THE PREMISES CONSIDERED**, your petitioner respectfully prays unto this Honorable Court as follows:

1.  That an evidentiary hearing will be held and that this motion for disclosure be granted.

2.  That your petitioner prays for any other, further, general or different relief he may be entitled to in this cause.

Respectfully submitted, this the _16th_ day of _September_, 1997.

_____
Blanchard L. McLeod, Jr.
Of Counsel for Defendant

OF COUNSEL:

**BLANCHARD L. McLEOD, JR.**
Attorney at Law
P. O. Box 656
Selma, AL 36702-0656

**MARVIN WIGGINS**
Attorney at Law
P. O. Box 1305
Selma, AL 36702-1305

## CERTIFICATION

I do hereby certify that I have served a copy of the foregoing Motion on counsel for the State of Alabama this the _16th_ day of _September_, 1997.

_____
Blanchard L. McLeod, Jr.
Of Counsel for Defendant

57

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,                  <>
     PLAINTIFF,               <>
vs.                                <>     CASE NO. CC 97-31
                             <>
MATTHEW REEVES,                    <>
     DEFENDANT.               <>

### MOTION FOR DISCLOSURE OF ANY POSSIBLE
### BASIS FOR DISQUALIFICATION OF DISTRICT ATTORNEY

     COMES NOW your petitioner, MATTHEW REEVES, by and through his counsel of record, Blanchard L. McLeod, Jr., and Marvin Wiggins, and respectfully moves this Court pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Article I, Section 1, 5, 6, 7, 8, 9, 11, 13, 15 and 16 of the Alabama Constitution, to reveal on the record any possible basis for the recusal of the District Attorney in this cause and in support thereof represents unto this Honorable Court as follows:

     1. Your petitioner has been indicted for capital murder pursuant to Section 13-A-5-40(a)(7), Code of Alabama (1975). The state has announced its intention to seek the death penalty.

     2. Since this is to be a capital prosecution, exacting standards must be met to assure that it is fair. "The fundamental respect for humanity underlying the Eighty Amendment's prohibition against cruel and unusual punishment gives rise to special 'need for reliability in the determination that death is the appropriate punishment' in any capital case." Johnson v. Mississipi, 486 U.S. 578, 584 (1988) (quoting Gardner v. Florida, 430 U.S. 349, 363-34 (1977) (quoting Woodson v. North Carolina, 428 U.S. 280, 305 (1976) (White, J., concurring))).

     3. Your petitioner is moving for disclosure of any and all possible basis for the disqualification of the prosecuting attorney in this case for various reasons.

     4. To avoid the problems that may occur when possible basis for disqualification of the prosecutor are discovered during or after trial, your petitioner sets forth below the law as it relates to disqualification. He then suggests certain facts -- merely by way of example -- that

58

would require the disqualification of the District Attorney, one of his staff, or the entire office, should the facts be present in this case.

### I. GENERAL DISCUSSION OF THE "APPEARANCE OF IMPROPRIETY" STANDARD.

5.  It is well settled that a judicial officer must recuse himself whenever his impartiality might reasonably be questioned because 'justice must satisfy <u>the appearance of justice</u>." <u>Parker v. Connors Steel Co.</u>, 855 F.2d 1510 (11th Cir. 1988) (quoting <u>Offutt v. United States</u>, 348 U.S. 11, 14 (1954)(emphasis supplied); <u>Wallis v. State</u>, 286 So.2d 909 (Ala. 1976) (grounds for disqualification of judge also disqualify district attorney); <u>Sprinkle v. State</u>, 368 So.2d 554 (Ala.Cr.App. 1978) (test regarding misconduct is not whether district attorney's conduct had particular effect, but whether it might have had).

6.  A prosecutor has a duty to uphold the dignity of the court and respect its authority, as well as maintain public confidence in the judicial system and the legal profession. <u>U.S. v. State of Alabama</u>, 571 F.Supp 958 (N.D.Ala.), <u>aff'd</u>, 762 F.2d 1021 (11th Circ. 1985). <u>Accord ABA Standards on the Prosecution Function</u>, Section 3-1.1(d); <u>Adams v. State</u>, 198 So.2d 255 (Ala. 1967) (The primary duties of the office of the district attorney are to see that justice is done).

7.  The role of public prosecutor has long been recognized as a special one:

> The responsibility of a public prosecutor differs from that of the usual advocate; his duty exists because: (1) the prosecutor represents the sovereign and therefore should use restraint in the discretionary exercise of governmental powers, such as in the selection of case to prosecute; (2) during the trial, the prosecutor is not only an advocate but he also may make decisions normally made by an individual client, and those affecting the public interest should be fair to all; and (3) in our system of criminal justice the accuse is to be given the benefits of all reasonable doubts.

<u>ABA Code of Professional Responsibility</u> E.C. 7-13 (1986). Indeed, as the Supreme Court has held, the prosecutor "is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." <u>Berger v. United States</u>, 295 U.S. 78, 88 (1935).

8.  That the public prosecutor has a higher code of which to live does not mean.

however, that is not also governed by the normal rules affecting other members of the bar. "The Disciplinary Rules embodied in the Code of Professional Responsibility set forth the <u>minimum level of conduct</u> below which no lawyer can fall without being subject to disciplinary action and are binding on all lawyers practicing law within the state, <u>including prosecuting attorneys</u>." <u>State v. Locklear</u>, 241 S.E.2d 65, 69 (N.C. 1978) (emphasis supplied). The defense attorney owes a rigorous duty of confidentiality and commitment to the accused. In contrast, "[p]rosecuting attorneys owe honesty and fervor to the state <u>and</u> fairness to the defendant." <u>Locklear</u>, 241 S.E.2d at 69 (emphasis supplied).

9. It is well settled under federal law that the "courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession. This means that a court may disqualify an attorney not only for acting improperly but also for failing to avoid the appearance of impropriety." <u>Gas-A-Tron of Arizona v. Union Oil Co. Of California</u>, 534 F.2d 1322, 1324-25 (9th Cir. 1976); <u>Richardson v. Hamilton International Corp.</u>, 469 F.2d 1382 (1972). Of course, it is error for a court to fail to declare disqualification if the facts establish that standards of professional conduct have been violated. <u>International Business Machine Corp. V. Levin</u>, 579 F.2d 271, 279 (3rd Cir. 1978).

10. In considering whether a district attorney should be disqualified, courts have typically been concerning with responding to any conduct that could erode public confidence in the judicial system or the legal profession. <u>See e.g.</u>, <u>Woods v. Covington City Bank</u>, 537 f.2d 804 (5th Cir. 1978); <u>Spragins v. Huber farm Service</u>, 542 F.Supp. 166, 173 (N.D. Miss. 1982). Consequently "proof of actual wrongdoing is not required." <u>Norton v. Tallahassee Memorial Hospital</u>, 689 F.2d 938, 941 (11th Cir. 1982); <u>see also</u> <u>Woods v. Covington city Bank</u>, 537 F.2d 804, 813 (5th Cir. 1978) ("courts have disqualified attorneys under the appearance of evil doctrine even though the record was free of any evidence of actual wrongdoing").

## II. EXAMPLES OF CONDUCT REQUIRING DISQUALIFICATION

11. Following are but samples of the various considerations that might enter into the

disqualification of a prosecuting attorney, along with representative case law.  Of course, this should not be considered all-inclusive, and if there are other reasons why the district attorney should be disqualified from this case, they should also be disclosed.

      A.  Criminal Activity.

      12.  First, it is clear that no lawyer may "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."  Alabama Rules of Professional Conduct Rule 8.4; [It should be emphasized that "[t]he purpose of any disciplinary proceeding or disqualification is not to punish the attorney.  Rather, the courts are concerned with protection of the public, the courts, and other attorneys and with protecting against a possible reflection on the integrity of the bar." Howard, Disciplining Attorneys for Non-Professional Conduct Involving Alcohol and Sex, 1975 Ariz. State L.J. 410, 414 (1975)]; see also Alabama Standards for Imposing Lawyer Discipline Section 5.1, 5.2; (failure to maintain personal integrity and public trust are grounds for disciplinary action).

      13.  This consideration is particularly true of the district attorney, since it is he who prosecutes criminals for violations of the law, and he should therefore not be violating the law himself.  Arant v. State, 167 So. 540 (Ala. 1936).

      14.  A prosecuting attorney is disqualified from prosecuting a particular case where there are charges of illegal conduct arising in that case or one similar, or where the attorney has engaged in serious misconduct.  See, e.g., United States v. Dinitz, 538 F.2d 1214 (5th Cir. 1976) (court within its discretion for refusing to permit participation at retrial of counsel who engaged in misconduct at first trial).

      15.  Various kinds of unethical behavior can act as a bar to a district attorney prosecuting a case.  Many of the examples are to be found in the Alabama Rules of Professional Conduct.

      16.  One specific example of a possible basis for disqualification here would be the district attorney's intentional violation of the constitutional rights of an accused.  "Affirmative misrepresentation of, and deliberate deception by, the prosecutor cannot be tolerated and must

**61**

be dealt with severely." Leonard v. State, 551 So.2d 1143, 1151 (Ala.Cr.App. 1989).

C. Intentional Racial Discrimination.

17.  If the District Attorney intentionally committed acts of racial discrimination, that would provide a reason for disqualification.

18.  This might arise from the prosecutor's intentional discrimination in other trials in removing black persons from jury service.  See Batson v. Kentucky, 476 U.S. 79 (1986).  Under such circumstances, a judicial officer should be recused "if his impartiality might reasonably be questioned [because] our system of 'justice must satisfy the appearance of justice.'" Parker v. Connors Steel Co., 855 F.2d 1510 (11th Cir. 1988) (quoting Offutt v. United States, 348 U.S. 11, 14 (1954).

19.  Another basis for disqualification of a district attorney is when he exhibits discrimination in the selection of the defendants whose cases are prosecuted as death penalty rather than life imprisonment cases.  Where the District Attorney chooses disproportionately to seek the execution of black persons, or those who kill white persons, he exhibits discrimination in violation of the Eighth and Fourteenth Amendments to the Constitution.  McCleskey v. Kemp, 481 U.S. 279 (1987).

20.  The prosecutor's racism can infect a multitude of aspects of the case, including the various discretionary decisions inherent in every stage of a capital prosecution.

21.  Neither may a district attorney prosecute a case where he is so biased against the accused that the accused is "denied...the possibility of a fair-minded exercise of the prosecutor's discretion." Ganger v. Peyton, 379 F.2d 709, 712 (4th Cir. 1967).  Where the prosecutor is less concerned with justice and the fair administration of a trial than he is with his professional reputation, his need for a boost in any forthcoming election, see e.g., Delaney v. United States, 199 F.2d 107, 115 (1st Cir. 1952) (condemning trial infected by prosecutor's electoral concerns), or the accusations of unethical and illegal conduct surrounding him, the prosecutor must disqualify himself.

### D. Ties to the Judge in the Case.

22.   A district attorney is disqualified where he, or past, present, or future members of his office, have unduly close ties to the judge.   See Pope v. State, 345 S.E.2d 831 (GA. 1986) (Pope), later appeal, 354 S.E.2d 429 (Ga. 1987)(Pope II) (where trial judge's law clerk had accepted employment with district attorney's office, disclosure and opportunity for defendant to request recusal required).

### E. Potential Role as Witness in the Case.

23.   Where one member of the staff of the district attorney's office could reasonably be called as a witness in a case, this may require recusal of the entire staff.   See, e.g., Waldrop v. State, 424 So.2d 1345 (Ala. 1983) (reversible error for prosecutor to be main witness against defendant on statements issue); Tarver (Bobby) v. State, 492 So.2d 328 (Ala. 1986); (reversal required where prosecutor testified and gave opening and closing arguments); Gilchrist v. State, 466 SO.2d 991 (Ala. 1985); Pease v. District Court, 708 P.2d 800, 802-03 (Co. 1985); People v. Conner, 666 P.2d 5, 7-9 (Cal. 1983); State v. Donahue, 315 So.2d 329 (La. 1975); Zeidler v. State, 206 N.W. 872 (Wis. 1926); see also United States v. Pepe, 247 F.2d 838, 844 (2nd Cir. 1957).

**WHEREFORE, THE PREMISES CONSIDERED**, your petitioner respectfully prays unto this Honorable Court as follows:

1.   That the district attorney and other members of the Dallas County prosecutorial staff identify all possible bases for their disqualification to your petitioner so that he may make a knowing and intelligent decision about basis for disqualification:

> Although a judge may accept a waiver of disqualification ... the waiver may be accepted [only if] it is preceded by a full disclosure on the record of the basis of the disqualification.

Brady v. United States, 397 U.S. 742, 748 (1970); accord United States v. Tucker, 404 U.S. 443 (1972); Boykin v. Alabama, 395 U.S. 238, 243-44 (1969) ("with a full understanding of what [it] connotes and its consequences"); McCarthy v. United States, 394 U.S. 459, 465 (1969); Burgett

63

v. Texas, 389 U.S. 109 (1967).

    2. That the district attorney consider every possible basis for disqualification, and disclose such facts as may rise any inference of bias or prejudgment so that your petitioner may determine whether to seek the disqualification of the district attorney.

    3. That the district attorney and members of the district attorney's staff reveal in court and on the record, any possible basis for disqualification.

    4. That your petitioner prays for any other, further, general or different relief he may be entitled to in this cause.

    Respectfully submitted, this the _____ day of _____, 1997.

                                _____
                                Blanchard L. McLeod, Jr.
                                Of Counsel for Defendant

OF COUNSEL:

**BLANCHARD L. McLEOD, JR.**        **MARVIN WIGGINS**
Attorney at Law                        Attorney at Law
P. O. Box 656                           P. O. Box 1305
Selma, AL 36702-0656             Selma, AL 36702-1305

## CERTIFICATION

    I do hereby certify that I have served a copy of the foregoing Motion on counsel for the State of Alabama this the _____ day of _____, 1997.

                                  _____
                                Blanchard L. McLeod, Jr.
                                Of Counsel for Defendant

64

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,                    <>

                                 <>

VS.                                  <>        CASE NO. CC 97-31

                                 <>

MATTHEW REEVES,                    <>

     DEFENDANT.                      <>

## MOTION FOR APPOINTMENT OF CLINICAL NEUROPSYCHOLOGIST FOR INTERVIEW, TESTING, EVALUATION AND TRIAL TESTIMONY REGARDING DEFENDANT AND FOR FUNDS TO PAY SUCH EXPERT

Now comes the Defendant in this cause, by and through his attorneys of record, Blanchard L. McLeod, Jr., and Marvin Wiggins, and moves the Court for an Order appointing Dr. John R. Goff, Ph.D., expert to evaluate, test, and interview the Defendant for testimony at the trial of the above styled cause and for approval to require the State of Alabama or the appropriate subdivision of Alabama to provide the Defendant's counsel with funds in the amount of $3,500.00 to hire Dr. Goff to aid Defendant's counsel in the preparation of his defense. The Defendant sets forth the following grounds in support of this motion:

1. The Defendant is an indigent incarcerated and awaiting trial in the jail of Dallas County, Alabama.

2. The Defendant is charged with **capital murder** and is scheduled for trial on January 26, 1998.

3. Dr. Goff's assistance is needed in both the guilt and sentencing phase of the trial of this case.

4. Dr. Goff is expected to incur at least $3,500.00 in expenses and fees connected with the preparation of his testimony for trial.

65

Respectfully submitted, this the 16th day of September, 1997.

_____
Of Counsel

**OF COUNSEL:**

BLANCHARD L. McLEOD, JR.          MARVIN WIGGINS
Attorney at Law                   Attorney at Law
P. O. Box 656                     P. O. Drawer 1305
Selma, AL 36702-0656             Selma, AL 36702-1305

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing motion on counsel for the State of Alabama, by hand delivering said copy, this the 16 day of September, 1997.

_____
Of Counsel

66

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA

VS.

MATTHEW REEVES

CASE NO. CC-97-31

## RESPONSE TO DEFENSE'S MOTION TO DISQUALIFY THE PROSECUTOR

In response to the motion heretofore filed by the defendant, the undersigned prosecutor represents to the Court that it knows of no reason why said prosecutor should not prosecute this case. In the event that the defense had some specific matter that it wishes to raise, the undersigned prosecutor would be happy to respond to it.

This the __26__ day of __Nov__, 1997.

Edgar W. Greene
Deputy District Attorney
Fourth Judicial Circuit

### CERTIFICATE OF SERVICE

This is to certify that I have this day service counsel for the defendant in the foregoing matter with a copy of the within and foregoing response by depositing a copy of the same in the United States mail, properly addressed with postage prepaid.

This the __26__ day of __Nov__, 1997.

Edgar W. Greene
Deputy District Attorney

67

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,               *

    Plaintiff,                 *

vs.                             *       CASE NO. CC-97-31

MATTHEW REEVES,                 *

    Defendant.                 *



## ORDER

THIS MATTER came on for consideration at a Pretrial Conference conducted on the 17th day of September, 1997.

The Defendant was present with his attorneys, the Honorable Blanchard L. McLeod, Jr., and the Honorable Marvin Wiggins. The State was represented by the Honorable Edgar Greene. The Court considered pending motions in connection with the case, and made the following rulings:

Defendant's Motion for Appointment of Clinical Neuropsychologist for Interview, Testing, Evaluation, and Trial Testimony Regarding Defendant and for Funds to Pay Such Expert, is considered and **denied**; Defendant's Motion for Disclosure of any Possible Basis for Disqualification of District Attorney is considered and **granted**; Motion to Disclose the Past and Present Relationships, Associations, and Ties Between the District Attorney and Prospective Jurors is **denied** as broad, vague, and ambiguous.

**DONE** and **ORDERED**, this the 17th day of September, 1997.

9/22/97
Copy to: DA
   B McLeod
   M Wiggins

_____
THOMAS ap R. JONES, JUDGE
FOURTH JUDICIAL CIRCUIT

68



STATE OF ALABAMA,                    IN THE CIRCUIT COURT OF

VS.                                   DALLAS COUNTY, ALABAMA

MATTHEW REEVES,                       CASE NO. CC 97-31
            Defendant.

## APPLICATION FOR REHEARING

Comes now your petitioner, **MATTHEW REEVES,** by and through his attorneys

of record, Blanchard L. McLeod, Jr., and Marvin Wiggins, and respectfully represent

unto this Honorable Court as follows:

1. That this Court entered an Order on September 17, 1997, denying the relief

requested in your petitioner's Motion for Appointment of Clinical Neuropsycholgist for

Interview, Testing, Evaluation, and Trial Testimony Regarding Defendant and for Funds

to Pay Such Expert.

2. <u>That your petitioner is being held under indictment charging him with</u>

<u>CAPITAL MURDER</u>.

3. **THAT THE STATE'S ATTORNEY ASSIGNED TO THIS CASE HAS**

**ADVISED COUNSEL THAT THE STATE INTENDS TO SEEK THE DEATH PENALTY**

**IN THIS CASE.**

4. That counsel possesses hundreds of pages of psychological, psychometric

and behavioral analysis material relating to your petitioner.

5. That the said material was generated by approximately 30 to 50 different

individuals, in different locations, and covers a period of approximately ten years.

6. That a clinical neuropsychologist or a person of like standing and expertise is

the only avenue open to the defense to compile this information, correlate this

69

information, interview the client and present this information in an orderly and informative fashion to the jury during the mitigation phase of the trial of the Defendant's **capital murder case**.

7.  That your petitioner has no available avenue to locate or subpoena these witnesses for the mitigation phase of the trial this Defendant's **capital murder case**.

8.  **THAT YOUR PETITIONER IS INDIGENT AND CANNOT CONCEIVABLY AFFORD TO PAY THE COSTS FOR OBTAINING ADDITIONAL ASSISTANCE IN THIS CAUSE.**

9.  That if your petitioner were not indigent, it would be the strong recommendation of counsel that funds be secured to hire additional assistance of a clinical neuropsychologist to evaluate the information received in this cause.

10.  That <u>Griffin v. Illinois</u>, 351 U.S. 12, 76 S.Ct. 535, 100 L.Ed. 2d 891 (1956) is the cornerstone of the constitutional right of the accused to be free from financial circumstances which would hinder his defense.  There the late Mr. Justice Black of Alabama, in announcing the Court's judgment wrote:

> "In criminal trials a state can no more discriminate on account of poverty than on account of religion, race, or color.  Plainly, the ability to pay costs in advance bears no rational relationship to a defendant's guilt or innocence and could not be used as an excuse to deprive a defendant of a fair trial.  There can be no equal justice where the kind of trial a man gets depends on the amount of money he has."

That the State of Alabama grants an accused the right to put forth a defense.  It would be constitutional error, especially in a **<u>CAPITAL MURDER CASE</u>**, to refuse to allow the Defendant to present as complete and adequate a defense as a more prosperous Defendant solely because of his inability to obtain additional assistance

'70

from a clinical neurospychologist.  See <u>Bodie v. Connecticut</u>, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed. 2d 113 (1971); <u>Tate v. Short</u>, 401 U.S. 395 91 S.Ct. 668, 28 L.Ed 2d 130 (1971); <u>Christian v. United States</u>, 398 F.2d 517 (10th Circ., 1968).  See generally American Bar Association's <u>Standard Relating to Providing Defendant Services</u>.

11.  That in a Memorandum dated September 1, 1989 from the Assistant Attorney General Ed Carnes, now Federal Judge Ed Carnes, the said Judge Carnes states:  "...Alabama's statute does <u>not</u> limit the amount that can be spent for investigation, expert witnesses, and other pre-trial and trial expenses in a **CAPITAL MURDER CASES**."

12.  That failure to grant the relief requested in your petitioner's prior motion would be a violation of the Defendant's rights to the due process and equal protection under law guaranteed to the Defendant by the United States Constitution and the Constitution of the State of Alabama.

13.  That your petitioner's prior motion and proposed order that was previously filed in this cause was identical to a motion and proposed order that was filed in Bibb County (a portion of the 4th Judicial Circuit) in the case of <u>State of Alabama v. Jeremiah Jackson</u>, (a **capital murder case**), by Attorney John Blevins, and this identical motion was granted in that cause.

14.  That attached hereto and marked as Exhibit "A" is a copy of a letter from counsel to the trial court, dictated prior to the date of the order denying your petitioner's request for approval of the appointment of a clinical neuropsychologist and the funds for said appointment, but, apparently, received by the trial court after the date of the Ordered entered in this cause denying said request.

71

NOW WHEREFORE, THE PREMISES CONSIDERED, your petitioner respectfully prays unto this Honorable Court as follows:

1. That this Honorable Court will reconsider the motion as previously filed and denied and will enter an Order granting the requested relief for the appointment of a clinical neuropsychologist and the funds for said appointment.

2. That this Court provide any and all other relief to which your petitioner may be entitled under the pleadings and proof in this cause.

Respectfully submitted, this 30th day of September, 1997.

_____
Blanchard L. McLeod, Jr.
Of Counsel for Petitioner

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing Application for Rehearing on the District Attorney's Office, by hand delivering a copy of the same on this the 30th day of September, 1997.

_____
Of Counsel for Petitioner

OF COUNSEL:

Hon. Blanchard L. McLeod, Jr.          Hon. Marvin Wiggins
P. O. Box 656                          P. O. Drawer 1305
Selma, Alabama 36702-0656              Selma, AL 36702-1305

72

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,                    <>
                 PLAINTIFF,         <>
vs.                                  <>        CASE NO. CC 97-31 J
                           <>
MATTHEW REEVES,                      <>
               DEFENDANT.         <>

### MOTION TO WITHDRAW

COMES NOW your petitioner, Blanchard L. McLeod, Jr., and respectfully represents and prays unto this Honorable Court as follows:

1.  That your petitioner was appointed by the Court to represent the defendant in this cause.

2.  That your petitioner has actively tried to represent the defendant to the best of his ability.

3.  That since the appointment of your petitioner to represent the defendant in this cause, the defendant has been combative, argumentative and has totally refused to assist your petitioner in any manner with the trial of his cause.

4.  That as recently as October 8, 1997, your petitioner attempted to establish a meaningful attorney-client working relationship with the defendant in this cause.

5.  That after numerous attempts by your petitioner to work with the defendant and to establish a meaningful working relationship, it has been ascertained that there exists no possibility of your petitioner establishing any form of a meaningful attorney-client relationship with the defendant in this cause.

6.  That your petitioner feels it is impossible to have any kind of a meaningful attorney-client relationship and, therefore, impossible for your petitioner to adequately

73

represent the said defendant in this cause.

7.  That without a meaningful attorney-client relationship, the Defendant would or could not receive his guaranteed constitutional rights under the Alabama Constitution or the United States Constitution.

8.  That the only attorney who has been able to communicate and have a working relationship with this defendant has been the Hon. Marvin Wiggins.

9.  That the Defendant has been declared to be indigent by the Court and remains incarcerated in the Dallas County Jail.

WHEREFORE, THE PREMISES CONSIDERED, your petitioner respectfully prays that this Honorable Court will enter an order withdrawing your petitioner from any further representation of the said defendant in this cause or in any other cause in which your petitioner is representing the defendant, and appointing the Hon. Marvin Wiggins to represent the Defendant in this cause.

Dated this the 13th day of October, 1997.

_____
Blanchard L. McLeod, Jr.

## CERTIFICATION

I do hereby certify that I have served a copy of the foregoing Motion on counsel for the State of Alabama, Hon. Marvin Wiggins, and the Defendant, on this the 13th day of October, 1997.

_____
Blanchard L. McLeod, Jr.

**BLANCHARD L. McLEOD, JR.**
Attorney at Law
P. O. Box 656
Selma, AL 36702-0656

74

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,

    Plaintiff,

vs.

MATTHEW REEVES,

    Defendant.



CASE NO. CC-97-31

ORDER

THIS CAUSE, having come before the Court upon the Motion to Withdraw of one of Defendant's attorneys, The Honorable Blanchard L. McLeod, Jr., and the same having been considered by the Court, it is

ORDERED, ADJUDGED, and DECREED that The Honorable Blanchard L. McLeod, Jr., shall be relieved from representing the Defendant, and the Honorable Thomas Goggans is hereby appointed to represent the Defendant in the above-referenced matter.

DONE and ORDERED, this the 27 day of October, 1997.

THOMAS ap R. JONES, JUDGE
FOURTH JUDICIAL CIRCUIT

10/29/97
Copy to: DA
    Thomas Goggans
    Marvin Wiggins
    Blanchard McLeod

75

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,                    *
                                     *
        Plaintiff,                   *
                                     *
vs.                                  *        CASE NO. CC-97-31
                                     *
MATTHEW REEVES,                      *
                                     *
        Defendant.                   *

## ORDER

THIS MATTER came before the Court at a Pretrial Conference held this date and upon Defendant's Application for Rehearing; upon consideration of the same, it is

ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Appointment of Clinical Neuropsychologist for Interview, Testing, Evaluation, and Trial Testimony Regarding Defendant and for Funds to Pay Such Expert, is considered and **granted**. John R. Goff, Ph.D. Clinical Neuropsychologist, is hereby appointed to interview, test, and evaluate the Defendant, and give trial testimony regarding the same, at an expense not to **exceed** $3,500.

IT IS FURTHER ORDERED, this case is set for Pretrial Conference on **December 3, 1997.**

DONE and ORDERED, this the 16th day of October, 1997.

THOMAS ap R. JONES, JUDGE
FOURTH JUDICIAL CIRCUIT

10/24/97
Copy to: ~~DA~~
         B McLeod
         M Wiggins

76

IN THE CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA      )
                          )
v.                     )    Case No. CC-97-31
                          )
MATTHEW REEVES       )



### MOTION FOR APPROVAL OF EXPENSES PURSUANT TO MAY V. STATE

Comes now Defendant Matthew Reeves, by and through counsel, and shows as follows:

1.  This is a capital case.

2.  Thomas M. Goggans was appointed by this Court to represent Defendant Reeves.

3.  In <u>May v. State</u>, 672 So.2d 1307 (Ala.Crim.App. 1993), <u>cert</u>. <u>quashed</u>, 672 So.2d 1310 (Ala. 1995), the Alabama Court of Criminal Appeals held that office overhead expenses constitute "expenses reasonably incurred" and are reimbursable under Ala. Code § 15-12-21.

4.  Thomas M. Goggans' law practice business overhead for the four quarters ending September 30, 1997 was $80,013.46.

5.  Since this is a capital case, one should expect counsel to expend a large amount of time in representing the defendant. At this time, it is difficult for counsel to predict how many hours might be required of him. However, it would be safe to estimate that at least 200 hours will be required.

WHEREFORE, Defendant Matthew Reeves moves this Court to approve payment of office overhead expenses to Thomas M. Goggans in the amount of $38.47 per hour ($80,013.46 divided by 2,080) for each hour reasonably committed to representation in this matter.

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorney for Defendant
Matthew Reeves

1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Roy Johnson
Office of the District Attorney
Dallas County Courthouse
Selma AL 36702

by placing the same in the United States mail, first class postage prepaid and properly addressed on this the 28th day of October, 1997.

Thomas M. Goggans

78

IN THE CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA           )
                           )
v.                         )     Case No. CR-97-31
                           )
MATTHEW REEVES             )

### DECLARATION OF THOMAS M. GOGGANS

Thomas M. Goggans declares the following in support of the defendant's May v. State motion:

1.   I have been engaged in the private practice of law for almost 16 1/2 years.   I am the only attorney in my firm.

2.   Based upon my September 30, 1997 accounting report which I received on October 28, 1997, my law practice business overhead for the four quarters ending September 30, 1997 was $80,013.46.

3.   In the appellate proceedings in May v. State, I represented amicus curiae Alabama Criminal Defense Lawyers Association.   I reviewed the entire record and all exhibits in the case.   From the record, it appears that though lawyer overhead expenses vary, they can be expected to exceed $35.00 per hour.   Six lawyers testified in May v. State.   All but one of the six lawyers testifying in May v. State had overhead expenses in excess of $35.00 per hour.   Six lawyers who filed affidavits in May v. State specifically stated that their overhead expenses were in excess of $35.00 per hour.[1]

4.   My overhead expenses are in line with those of other attorneys with my experience.

_____
Thomas M. Goggans

_____

[1]   The May v. State record was developed a number of years ago.   Overhead expenses have gone up since then.

'79

## IN THE CIRCUIT COURT OF
## DALLAS COUNTY, ALABAMA

STATE OF ALABAMA          )
                          )
v.                        )     CASE NO. CC-97-31
                          )
MATTHEW REEVES            )

### ORDER

Thomas M. Goggans, appointed counsel in this action, filed a Motion for Approval of Expenses Pursuant to May v. State.  Upon consideration of the same, the Court is of the opinion that the same is due to be and is hereby GRANTED.  The Court hereby orders that the Comptroller reimburse Thomas M. Goggans at the conclusion of his representation of the Defendant at the trial court level in this case the sum of $38.47 per hour for each hour reasonably committed to the defense of the defendant in this action from this date forward.

DONE this the ∂9 day of October, 1997.

_____
Circuit Judge

10/30/97
Copy to: DA
          T Goggans
          M Wiggins

80

# IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA,

     PLAINTIFF,           CASE NO.: CC-97-31

V.

MATTHEW REEVES,

     DEFENDANT.



## MOTION FOR CONTINUANCE

**COMES NOW** the Defendant, **MATTHEW REEVES**, by and through the undersigned

Counsel and files this motion and states as follows:

1.    The undersigned counsel will be in trial in Federal Court in Birmingham, Alabama in Dale Wilson v. RT Contractors, Case No.: CV-96-AR-1959-E the week of November 3, 1997 unless there is a settlement.

2.    The undersigned has notified the Honorable Ed Greene, Assistant District Attorney of this conflict.

3.    The undersigned has notified his co-counsel, the Honorable Thomas M. Goggans of this conflict and motion.

Respectfully submitted,

BY: _Marvin W. Wiggins_
       Marvin W.  Wiggins
       WIG-011

OF COUNSEL:

CHESTNUT, SANDERS, SANDERS
& PETTAWAY, P.C.
P.O. Box 1305
Selma, Alabama 36702-1305
(334) 875-9264

81

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served upon all parties Via U.S. mail, postage prepaid and properly addressed. Done this the _31_ day of _November_ ,1997.

_____
OF COUNSEL

Hon. Ed Greene
Assistant District Attorney
P.O. Box 997
Selma, Alabama 36701

Hon. Thomas M. Goggans
P.O. Box 1307
Montgomery, Alabama 36101

82

IN THE CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA          )
                          )
v.                        )      CASE NO. CC-97-31
                          )
MATTHEW REEVES            )

## MOTION FOR ORDER TO FACILITATE
## ACCESS TO DEFENDANT'S MENTAL HEALTH
## RECORDS OF TAYLOR HARDIN SECURE MEDICAL FACILITY

Comes now Defendant Matthew Reeves, by and through counsel, and shows as follows:

1.   Defendant Matthew Reeves was evaluated at the Taylor Hardin Secure Medical Facility by Dr. Kathy Ronan on June 3, 1997.

2.   In order to properly investigate this case, counsel need a copy of the complete records of the Taylor Hardin Secure Medical Facility in connection with its evaluation and treatment of Defendant Matthew Reeves.

IN LIGHT OF THE FOREGOING, Defendant Matthew Reeves moves this Court to enter an order directing that the Facility Director of the Taylor Hardin Secure Medical Facility provide counsel with a copy of all of its records pertaining to the treatment and evaluation of Matthew Reeves, BM, DOB 12-13-77, SSN 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.

Thomas M. Goggans
P O Box 1307
Montgomery AL 36102-1307
(334)-834-2511

Attorney for Defendant
Matthew Reeves

1

83

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

      Edgar W. Greene
      Office of the District Attorney
      Dallas County Courthouse
      Selma AL 36702

by placing the same in the United States mail, first class postage prepaid and properly addressed on this the 3 day of December, 1997.

Thomas M. Goggans

2

84

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA            )
                           )
v.                         )   CASE NO. CC-97-31
                           )
MATTHEW REEVES             )

REQUEST FOR PRODUCTION

Comes now Defendant, Matthew Reeves, by and through counsel, and pursuant to Rule 16 of the Alabama Rules of Criminal Procedure, the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, § 6 of the Alabama Constitution of 1901, and Brady v. Maryland, 386 U.S. 66 (1967); Giglio v. United States, 405 U.S. 150 (1972); United States v. Agurs, 427 U.S. 97 (1976); United States v. Valenzuela-Bernal, 458 U.S. 858 (1982); California v. Trombetta, 467 U.S. 749 (1984), and United States v. Bagley, 473 U.S. 667 (1985) and their progeny, requests the District Attorney to produce the following:

1.    Any and all written statements made by Defendant to law enforcement officials, officers, or employees which are in the possession, custody, or control of the State of Alabama, the existence of which is known to the district attorney or by the exercise of due diligence may become known to the district attorney.

2.    The substance of any and all statements made by Defendant to law enforcement officials, officers or employees and not reduced to writing in statement form or otherwise memorialized, the existence of which is known to the district

1

85

attorney or by the exercise of due diligence may become known to the district attorney.

3.   Any tape recordings of conversations between Defendant and law enforcement officials, officers, or employees which are in the possession, custody or control of the State of Alabama, the existence of which is known to the district attorney or by the exercise of due diligence may become known to the district attorney.

4.   Any videotapes of conversations between Defendant and law enforcement officials, officers or employees and Defendant which are within the possession, custody or control of the State of Alabama, the existence of which is known to the district attorney or by the exercise of due diligence may become known to the district attorney.

5.   Any and all documents purporting to show that Defendant was advised of his Miranda rights by law enforcement officials, officers or employees.

6.   Any and all documents purporting to show that Defendant waived or elected not to waive his Miranda rights.

7.   Any and all written statements made by Defendant to persons other than law enforcement officials, officers, or employees which are within the possession, custody or control of the State of Alabama, the existence of which is known to the district attorney or by the exercise of due diligence may become known to the district attorney and which the State of Alabama intends to use at trial.

2

86

8.   The substance of any and all statements made by Defendant to persons other than law enforcement officials, officers or employees and not reduced to writing in statement form or otherwise memorialized, the existence of which is known to the district attorney or by the exercise of due diligence may become known to the district attorney and which the State of Alabama intends to use at trial.

9.   Any tape recordings of conversations between Defendant and persons other than law enforcement officials, officers or employees which are within the possession, custody or control of the State of Alabama, the existence of which is known to the district attorney or by the exercise of due diligence may become known to the district attorney and which the State of Alabama intends to use at trial.

10.   Any videotapes of conversations between Defendant and persons other than law enforcement officials, officers or employees and Defendant which are within the possession, custody or control of the State of Alabama, the existence of which is known to the district attorney or by the exercise of due diligence may become known to the district attorney and which the State of Alabama intends to use at trial.

11.   Books, papers, documents, photographs, tape recordings, videotapes, tangible objects, controlled substances, buildings or places, or portions of these things which are intended for use by the State of Alabama as evidence at trial.

12.   Books, papers, documents, photographs, tape recordings,

87

videotapes, tangible objects, controlled substances, buildings or places, or portions of these things which were obtained from or belong to Defendant.

13.   Books, papers, documents, photographs, tape recordings, videotapes, tangible objects, controlled substances, buildings or places, or portions of these things which are material to the preparation of Defendant's defense.

14.   Photographs of any books, papers, documents, photographs, tape recordings, tangible objects, controlled substances, building or places, or portions of these things which are intended for use by the State of Alabama as evidence at trial.

15.   Photographs of any books, papers, documents, photographs, tape recordings, tangible objects, controlled substances, buildings or places, or portions of these things which were obtained from or belong to Defendant.

16.   Photographs of books, papers, documents, photographs, tape recordings, tangible objects, controlled substances, buildings or places, or portions of these things which are material to the preparation of the Defendant's defense.

17.   Results or reports of any and all physical or scientific tests or experiments, made in connection with the above styled action, which are within the possession, custody or control of the district attorney, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney, including but not limited to a description

4

88

of the tests; the dates they were performed; and any reports, notes, memoranda, photographs, diagrams or the like made in connection with the tests.

18.   Any and all evidence, transactions or conduct of Defendant which are not the subject of the indictment in this case but which the State of Alabama might attempt to offer as evidence on some theory of relevance to intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake or accident, or the like.

19.   All documents and other evidence regarding drug and alcohol usage and/or dependency by any individual the prosecution intends to use as a witness at trial, including, but not limited to, records relating to treatment of such individual in any federal, state, city or military drug or intoxication program.

20.   All documents and other evidence relating to any physical or mental disease, disability or disorder affecting any individual the prosecution intends to use as a witness at trial, including, but not limited to, records of hospitalization or other treatments of such physical or mental disease, disability or disorder.

21.   All documents and other evidence relating to any convictions of crimes of moral turpitude of any witnesses the prosecution intends to call as witnesses at trial.

22.   All documents and other evidence, including, but not limited to, all written or recorded statements or the substance of oral statements by any person the prosecution intends to call

89

as a witness at trial which are inconsistent with the testimony or expected testimony such person will give at trial.

23.   Any and all documents, information, or other evidence that any witness the prosecution intends to call to trial has been subjected or alleged to have been subjected to any pressure to provide information to or testimony for the prosecution or any other law enforcement officers, officials or employees.

24.   Any other evidence or information which reflects on the credibility, competency or motive of a prosecution witness.

25.   Copies of all documents, statements and any other evidence, including, but not limited to, a written summary of all oral evidence and statements, the existence of which is known to the prosecution, or which by the exercise of due diligence may become known to the prosecution, which is exculpatory in nature or favorable to Defendant or which may lead to material which is exculpatory in nature or favorable to Defendant, or which tends to negate or mitigate the guilt of Defendant, as to the offense charged in the above styled action, or which would tend to reduce punishment therefor.

Thomas M. Goggans
P.O. Box 1307
Montgomery, AL  36102
(334)-834-2511

Attorney for Defendant
Matthew Reeves

6

90

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Roy Johnson
Office of the District Attorney
Dallas County Courthouse
Selma AL 36702

by placing the same in the United States mail, first class postage prepaid and properly addressed on this the 18th day of November, 1997.

Thomas M. Goggans

7

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

91

STATE OF ALABAMA          )
                          )
V.                        )     CASE NO. CC-97-31
                          )
MATTHEW REEVES            )

<u>REQUEST FOR PRODUCTION</u>

Comes now Defendant, Matthew Reeves, by and through counsel, and pursuant to Rule 16 of the Alabama Rules of Criminal Procedure, <u>Ex parte Monk</u>, 557 So.2d 832 (Ala. 1985); the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, Article I, § 6 of the Alabama Constitution of 1901, and <u>Brady v. Maryland</u>, 386 U.S. 66 (1967); <u>Giglio v. United States</u>, 405 U.S. 150 (1972); <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>United States v. Valenzuela-Bernal</u>, 458 U.S. 858 (1982); <u>California v. Trombetta</u>, 467 U.S. 749 (1984), and <u>United States v. Bagley</u>, 473 U.S. 667 (1985) and their progeny, requests the District Attorney to produce the following:

1.   The results or reports of any and all physical or scientific tests or experiments, in particular, any serological examinations, made in connection with the above styled action, which are within the possession, custody or control of the district attorney, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney, including but not limited to a description of the tests; the dates they were performed; and any reports, notes, memoranda, photographs, diagrams or the like made in connection with the tests.

2. Any letters or communications from or to Julius Reeves or Brenda Suttles suggesting how he and/or she plan(s) to or should testify or suggesting what statements he and/or she plan(s) to make or should make to government agents.

3.   Page 14 of the statement of Katrina White.

1

92

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
    Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By: _____

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing
upon:

    Ed Greene
    Greta Wilson
    Office of the District Attorney
    Dallas County Courthouse
    Selma AL 36702

by hand delivery on this the 26th day of January, 1998.

_____
Thomas M. Goggans

2

93

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA        )
                        )
v.                      )    Case No. CC-97-31 J
                        )
MATTHEW REEVES          )

## MOTION FOR PERMISSION TO PROCEED
## EX PARTE ON APPLICATIONS FOR FUNDS

Comes now Defendant Matthew Reeves, by and through counsel, and moves this Court pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 5, 6, 7, 8, 9, 11, 13, 15, and 16 of the Alabama Constitution of 1901, to permit him to proceed ex parte, in the absence of the District Attorney, in his applications for funds for expert assistance.

In support of his motion, Defendant Reeves states as follows:

1.  Since this is to be a capital prosecution, exacting standards must be met to assure that it is fair.  "The fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special '"need for reliability in the determination that death is the appropriate punishment"' in any capital case."  Johnson v. Mississippi, 486 U.S. 578, 584, (1988), quoting, Gardner v. Florida, 430 U.S. 349, 363-64 (1977), quoting, Woodson v. North Carolina, 428 U.S. 280, 305 (1976).

2.  Defendant Reeves submits this motion and memorandum to demonstrate that such ex parte proceedings are essential to

1

94

protect confidential attorney-client communications and attorney work-product material which must be disclosed to make a showing of need for the requested assistance.   Disclosure of this information to the prosecution would violate Defendant Reeves's rights to present a defense, to the effective assistance of counsel, to compulsory process to secure witnesses, to confront the evidence against him, to due process, to equal protection of the laws, to freedom from cruel and unusual punishment, and against compulsory self-incrimination.

3.   Where the prosecution may partake of <u>ex parte</u> proceedings without making disclosures to the defense (e.g. during grand jury sessions), it is not just the logic of an aphorism that compels the conclusion that the defense may do the same:   "The Due Process Clause...forbids enforcement of...rules unless reciprocal rights are given to criminal defendants." <u>Wardius v. Oregon</u>, 412 U.S. 470 (1973).

4.   Indeed, it is now well established that <u>ex parte</u> proceedings relating to the defense function are equally essential to protect a number of important constitutional rights of an indigent accused as well as other vital interests of the criminal justice system.   <u>Ex Parte Moody</u>, 684 So.2d 114 (Ala. 1996); <u>Ex parte Grimsley</u>, No. 91-438 (Ala.Cr.App. Order of January, 21, 1992).

5.   It is well established that when a state brings its judicial power to bear on an indigent defendant in a criminal case "it must take steps to assure that the defendant has a fair

opportunity to present his defense." <u>Almond v. State</u>, 349 S.E.2d

482, 485-86 (Ga.App. 1986), <u>quoting</u>, <u>Ake v. Oklahoma</u>, 470 U.S. 68

(1985).  In <u>Ake</u>, the Supreme Court of the United States held that

where the assistance of an expert is needed to prepare a defense,

an indigent defendant has a constitutional right to the services

of that expert at state expense.

> [When a] question...[is] likely to be a significant
> factor in his defense...[the defendant is] entitled to
> the assistance of a[n expert] on this issue and the
> denial of that assistance deprive[s] him of due
> process.

470 U.S. at 86-87.  <u>Ake</u> involved the denial of an independent

psychiatrist in a capital case involving issues of insanity and

future dangerousness.  In analyzing under what circumstances

expert assistance is constitutionally required, the Court

explicitly held that a showing of need was to be made <u>ex parte</u>:

> When the defendant is able to make and ex parte
> <u>threshold showing</u> to the trial court that his sanity is
> likely to be a significant factor in his defense, the
> need for the assistance of a psychiatrist is readily
> apparent...[T]hen [then], at a minimum,
> assure the defendant access to a competent psychiatrist
> who will conduct an appropriate examination and assist
> in evaluation, preparation, and presentation of the
> defense.

<u>Ake</u>, 470 U.S. at 82-83 (emphasis added).

    6.  Alabama appellate courts have expressly recognized a

capital defendant's right to seek <u>Ake</u> assistance <u>ex parte</u>.  <u>Ex</u>

<u>Parte Moody</u>, _____ So.2d _____ (Ala. 1996)(S.C. No. 1941642, April

19, 1996, modified, September 27, 1996); <u>Ex parte Grimsley</u>, No.

91-438 (Ala.Cr.App. Order of January, 21. 1992).  Every other

court that has considered the issue has determined that such

3

96

hearings should be held on an ex parte basis.  See, e.g.,
McGregor v. State of Oklahoma, 733 P.2d 416, 416-17 (Okla.Cr.App.
1987), conviction rev'd after remand, 754 P.2d 1216, 1217
(Okla.Cr. 1988)(intention of Ake majority that hearings be held
ex parte is "manifest"); Brooks v. State, 385 S.E.2d 81, 82-84
(Ga. 1989); Gipson v. State, No. 1095 (D. Tenn.Aug. 25,
1989)(WESTLAW, TN-CS file); People v. Loyer, 425 N.W.2d 714,
721-22 (Mich.App. 1988); State v. Hickey, 346 S.E.2d 646, 654
(N.C. 1986)(dicta); State v. Poulson, 726 P.2d 1036, 1038
(Wash.Ct.App. 1986)(dicta); Wall v. State, 715 S.W.2d 208, 209
(Ark 1986)(dicta); People v. Thornton, 265 N.W.2d 35, 38-39
(Mich.App 1978)(dicta); see also Lindsey v. State, 330 S.E.2d
563, 566 (Ga. 1985)(findings of Ake expert privileged to
defendant).  Other jurisdictions have preserved the
constitutional rights of the accused through a statute that
expressly allows ex parte applications to the trial judge.[1]

   7.  The Supreme Court's decision in Ake was based on its
recognition that to deny an indigent accused basic, critical
expert assistance while the state may utilize the services of
virtually any expert of its choosing would render a criminal

_____

   [1]  See, e.g. Minn.Stat. § 611.21 (1982); Nev.Rev.Stat. §
7.135 (1983); N.Y.County Law § 722-C (McKinney Supp. 1984-85);
Kan. Stat. Ann. § 22-4508 (Supp. 1981); Tenn Code Ann. § 40-14-
207 (1988); Cal. Pen. Code § 987.9 (1983)(allowing ex parte
hearing before judge other than trial judge to preserve accused's
right).

97

trial fundamentally unfair.[2]  The truthfinding function of the adversary process would also be lost if the prosecution were allowed simply to overwhelm the impoverished defendant with the wealth of its resources:

> We recognized long ago that mere access to the courthouse doors does not by itself assure a proper functioning of the adversary process, and that a criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain he has access to the raw materials integral to the building of an effective defense...[This Court] has often reaffirmed that fundamental fairness entitles indigent defendants to "an adequate opportunity to resent their claims fairly within the adversary system."

Ake, 470 U.S. at 77, quoting, Ross v. Moffitt, 417 U.S. 600 (1974).  Due process and fundamental fairness thus forbid the state from "legitimately assert[ing] an interest in maintenance of a strategic advantage over the defense, if the result of that advantage is to cast a pall on the accuracy of the verdict

---

[2]  The Ake decision applies to all services and expenses reasonably necessary for an effective defense.  See, e.g., Dubose v. State, 662 So.2d 1156 (Ala.Crim.App. 1993), aff'd, Ex parte, State of Alabama (Re: Dubose v. State), 662 So.2d 1189 (Ala. 1995)(March 24, 1995, S.C. NO. 1930827)(DNA expert); Thornton v. State, 339 S.E.2d 241 (Ga. 1986)(dental expert); Patterson v. State, 232 S.E.2d 233 (Ga. 1977)(narcotics analyst); State v. Carmouche, 553 So.2d 467 (La. 1989)(eye witness identification expert); State v. Bridges, 385 S.E.2d 337, 338 (N.C. 1989)(fingerprint expert); United States v. Patterson, 724 F.2d 1128 (5th Cir. 1984)(same); United States v. Durant, 545 F.2d 823 (2d Cir. 1976)(same); State v. Carmouche, 527 So.2d 307 (La. 1988)(neurologist); Barnard v. Henderson, 514 F.2d 744 (5th Cir. 1975)(firearms expert); Tatum v. State, 380 S.E.2d 253 (Ga. 1989)(same); Williams v. Martin, 618 F.2d 1021 (4th Cir 1980)(pathologist); United States v. Fogarty, 558 F.Supp. 856 (E.D. Tenn. 1982)(handwriting analyst); Bowen v. Eyman, 424 F. Supp. 339 (D.Ariz. 1970)(serologist); State v. Carmouche, 527 So.2d 307 (La. 1988)(same); State v. Lippincott, 307 A.2d 657 (N.J. 1973)(expert of effects of alcohol).

obtained."  Ake, 470 U.S. at 79.                                    98

8.  However, Ake provides that an indigent defendant is entitled to defense services at state expense only upon a threshold showing that such assistance is required to deal with a significant factor in the defense of the case.  Ake, 470 U.S. at 86-87.  See also, Caldwell v. Mississippi, 472 U.S. 320, 323 n.1 (1985)(defendant must support request for investigator and fingerprint and ballistics experts with something more than general statement of need).

9.  Thus, an accused cannot simply ask for unlimited funds for any and all experts and expect that they will be granted.  In order to demonstrate his entitlement to an expert or investigative assistance, the defendant must reveal to the court the theory of the defense, the results of any investigation or witness consultation that has already taken place, other work product, and the information that is anticipated from the services sought.  Moore v. Kemp, 809 F.2d 702, 710-12 (11th Cir 1987)(en banc);  Messer v. Kemp, 831 F.2d 946 (11th Cir. 1987)(en banc).  Obviously, of necessity, this showing requires disclosure of information obtained in attorney-client interviews.

10.  Such disclosures go well beyond the discovery permitted either for or against the accused under Alabama law.  See Ala.R.Cr.P. 16.  Certainly, then, the prosecution cannot assert an interest in discovering the intimate details of the defense strategy prior to trial.  Clearly, where the potential defense expert may be performing an investigation, or may merely have

6

99

been consulted by counsel with a view to providing assistance in challenging the state's case, the prosecution cannot demand notice.

11. Defendant Reeves's adversary, the District Attorney, should have no more right to disclosure to the intimate attorney-client discussions that precede the development of the defense strategy than Defendant Reeves should have a voice in which police officers investigate his case or how the prosecution plans to develop its strategy.

12. The Supreme Court of the United States has long since recognized that "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has." Griffin v. Illinois, 351 U.S. 12, 19 (1956). To the contrary, "all people charged with crime must, so far as the law is concerned, 'stand on an equality before the bar of justice in every American Court.'" Griffin, 351 U.S. at 17, quoting, Chambers v. Florida, 309 U.S. 227, 241 (1940).[3]

13. In analyzing whether the prosecution may attend hearings on Defendant Reeves's applications for funds, it must be borne in mind that were Defendant Reeves's financially independent he would obtain investigative and other services

---

[3] The Ake decision is only one in a long line of cases defining the equal protection and due process rights of the indigent accused. See, e.g., Gideon v. Wainwright, 372 U.S. 334 (1963)(right to trial counsel); Douglas v. California, 372 U.S. 353 (1963)(right to counsel on appeal); Roberts v. Lavalee, 389 U.S. 40 (1967)(right to transcript of preliminary hearing); Argersinger v. Hamlin, 407 U.S. 25 (1972)(right to counsel for misdemeanor).

without informing the prosecution of whose assistance he was seeking or why.  Penalizing impoverished defendants by requiring them to announce privileged information as well as their trial strategy as a prerequisite to investigating and presenting a defense would obviously constitute invidious discrimination. See, United States v. Tate, 419 F.2d 131, 132 (6th Cir. 1969); United States v. Theriault, 440 F.2d 713, 716 (5th Cir. 1973)(Wisdom, J., concurring);  State v. Hamilton, 448 So.2d 1007 1008-09 (Fla. 1984).

14.  In Blazo v. Superior Court, 315 N.E.2d 857, 860, n.8 (Mass. 1974), the Court stated that "[t]he reason ex parte application is allowed is that, just as a defendant able to foot the costs need not explain to anyone his reasons for summoning a given witness, so an impecunious defendant should be able to summon his witnesses without explanation that will reach the adversary."  To proceed otherwise, as the court wrote in People v. Loyer, 425 N.W.2d 714, 722 (Mich.App. 1988),

> potentially expos[es the] defendant's defense to
> prosecutorial review when a monied defendant's defense
> would remain inviolate. * * *  When such an advantage
> is to be reaped by the prosecution only when the
> defendant is poor and therefore cannot afford to pay
> the ...fees of his witnesses, it seems undeniable to us
> that such a defendant is not the recipient of equal
> justice under law.

15.  In federal prosecutions, a defendant is protected by express statutory provisions in the Criminal Justice Act that require that an indigent's request for expert assistance be

101

considered ex parte.[4]  Judicial interpretations of the ex parte

requirement have made clear that its function is to protect the

accused from having to make premature disclosure of confidential

information to the state -- the kind of disclosure that would not

have to be made by a defendant of means.

16.  As the Fifth Circuit held in United States v.

Meriwether, 486 F.2d 498 (5th Cir. 1973), cert. denied, 417 U.S.

948 (1974):

> When an indigent defendant's case is subjected to pre-
> trial scrutiny by the prosecutor, while the monied
> defendant is able to proceed without such scrutiny,
> serious equal protection questions are raised.

17.  The Court of Appeals for the First Circuit similarly

held:

> We are not impressed by the government's contention
> that it could properly attend the "ex parte"
> presentation so long as it did not take an active part.
> Rather, we would regard the purpose of the...rule as
> apparent on its face to be in recognition of the
> principle that defendants are not to be avoidably
> discriminated against because of their indigency.
> Discovery, though only partial, would clearly be a
> discrimination.

United States v. Holden,  393 F.2d 276 (1st cir. 1968)(citations

omitted).

18.  In Marshall v. United States, 423 F.2d 1315 (10th Cir.

1970), the court overturned a conviction when the accused was

---

[4]  See, 18 U.S.C. 3006A(e); Fed.R.Crim.P. 17(b).  See also,
H.R.Rep. No. 864, 88th Cong., 2d Sess. (1963) reprinted in 2 U.S.
Code Cong. & Ad. News 2990 (1964)(Criminal Justice Act's ex parte
procedure "prevents the possibility that an open hearing may
cause a defendant to reveal his defense");  S.Rep. No. 346, 88th
Cong. 1st Sess. 3 (1963)(ex parte requirement included in
Criminal Justice Act "in order to protect the accused from
premature disclosure of his case").

subject to an adversarial rather than ex parte hearing on his
need for investigative aid, observing that "the manifest purpose
of requiring that the inquiry be ex parte is to insure that the
defendant will not have to make a premature disclosure of his
case." Marshall, 423 F.2d at 1318; see also, Williams v. United
States, 310 A.2d 244 (D.C.App. 1973)(purpose of ex parte hearing
is to ensure that defendant need not make premature disclosure of
case in order to obtain access to expert services); Gaither v.
United States, 391 A.2d 1364, 1367 n.4 (D.C.App. 1978)
(eligibility and need for defense service must be determined in
ex parte proceeding to afford accused opportunity to present
request without prematurely disclosing merits of defense to
prosecution); United States v. Sutton, 464 F.2d 552, 553 (5th
Cir. 1972).

    19.  It is important to note that the application for funds
will come in the early stages of the development of the proposed
defense.  The right identified in Ake is to funds for "the
assistance of a competent [expert] in preparing the defense."
Lindsey v. State, 330 S.E.2d 563, 566 (Ga. 1985)(emphasis
supplied).  The expert's "services embrace pretrial and trial
assistance to the defense, as well as potential testimony."
United States v. Bass, 477 F.2d 723, 725-26  (9th Cir. 1973).  In
order to show why such assistance will be necessary, the
defendant will be asked to disclose more than the results of
whatever expert testing is done:  The accused must show how such
testing fits into the plan of defense.

10

133

20.   As stated by the United States Court of Appeals for the
Fifth Circuit, proceedings must be held ex parte because
"[d]issemination of information critical to the defense permits
the government to enjoy unauthorized discovery which is forbidden
under our concept of criminal procedure."  United States v.
Edwards, 488 F.2d 1154, 1162 (5th Cir. 1974);  see also United
States v. Greschner, 802 F.2d 373, 379-80 (10th Cir 1986), cert.
denied, 480 U.S. 908 (1987)(although waived by defense, court of
appeals notes on its own motion that it was error for trial court
to allow government attorneys to attend hearing on application
for penologist, pathologist, blood tests and subpoenas at which
defendants were required to disclose their theory of self-defense
in support of their applications); United States v. Meriwether,
486 F.2d 498, 506 (5th Cir. 1973)(intent of ex parte provision is
to shield theory of defense from prosecutor's scrutiny).

21.   The same considerations apply with even greater force
to this capital prosecution.  To require Defendant Reeves to
disclose the nature of his defense, the name of persons with whom
he seeks to consult, and the purposes for which he seeks such
assistance would compromise his right to present a defense and to
prepare his case in confidence with counsel.

22.   As the Supreme Court observed in Ake, the appointment
of an expert may be necessary to help the accused gather facts,
advise counsel on how to question opposing witnesses and
interpret their answers, and generally "marshal" the defense.
Ake, 470 U.S. at 80.

11

134

23.   To provide effective assistance, an attorney must adequately investigate and prepare his or her client's case. Goodwin v. Balkcom, 684 F.2d 794, 805 (11th Cir. 1982)(at heart of effective representation is independent duty to investigate and prepare);  see also McQueen v. Swenson, 498 F.2d 207, 217 (8th Cir. 1974)(attorney who does not seek out all facts relevant to client's case will not be prepared at trial).  Where investigative and other services are necessary to the preparation and presentation of an adequate defense, the denial of access to those services may also deprive a defendant of the minimally effective assistance of counsel guaranteed him by the Sixth and Fourteenth Amendments.  Blake v. Kemp, 758 F.2d 523, 531 (11th Cir. 1985);  Pedrero v. Wainwright, 590 F.2d 1383, 1396 (5th Cir. 1979);  United States v. Fessel, 531 F.2d 1275 (5th cir. 1976). See also, Mason v. Arizona, 504 F.2d 1345, 1352 (9th Cir. 1974), cert. denied, 420 U.S. 9936 (1975)(failure to provide investigative assistance when necessary to defense results in ineffective performance).

24.   Such assistance is essential to proper functioning of the adversary system, in which it is rarely justifiable that one party have exclusive access to the means of understanding, presenting, and explaining relevant facts:

> [The defense] expert fills a different role.  He supplies expert services "necessary to an adequate defense," which embraces pretrial and trial assistance to the defense as well as availability to testify.  His conclusions need not be reported to either the court or the prosecution.

United States v. Theriault, 440 F.2d 713, 715 (5th Cir. 1971),

105

cert. denied, 411 U.S. 984 (1973); United States v. Bass, 477 F.2d 723, 725-26 (9th Cir. 1973)(expert may be partisan witness whose services include pretrial and trial assistance to the defense).[5]

25.   The expert retained pursuant to Ake is expected to "assist the defense by aiding defense counsel in the cross-examination and rebuttal of the state's...experts," and thereby protect his Sixth Amendment right to confront the evidence against him.   Lindsey v. State, 330 S.E.2d 563, 567 (Ga. 1985); see also, United States v. Fessel, 781 F.2d 826, 834 (10th Cir 1986)(services of expert appointed in ex parte proceeding include those necessary for cross-examination of government witnesses as well as presentation of defense expertise).

26.   Thus, "[j]ust as an indigent defendant has a right to appointed counsel to serve him as a loyal advocate he has a similar right under properly proven circumstances to investigate aid that will serve him unfettered by an inescapable conflict of interest."   United States v. Marshall, 423 F.2d 1315, 1319 (10th

---

[5]   Presentation of different opinions on contested matters is equally indispensable to the proper functioning to the adversary process in enabling the factfinder to resolve contested issues.   See, e.g., Ford v. Wainwright, 477 U.S. 399, 414 (1986)("[T]he factfinder must resolve differences in opinion ...'on the basis of the evidence offered by each party'....[W]ithout any adversarial assistance from the [defendant's] representative...the factfinder loses the substantial benefit of potentially probative information")(quoting Ake v. Oklahoma,. 470 U.S. 68(1985)); Sisson v. State, 353 S.E.2d 836, 839 (Ga.App. 1987)(where examination administered by state expert is not subject to adversarial process, then opinion of that expert who routinely conducts tests for state would be untouchable; appointment of defense polygraph expert necessary in light of Ake).

106

Cir. 1970)(error to deny ex parte hearing on need for investigative assistance; appointment of F.B.I. agent cannot suffice to satisfy request).

27.   Obviously, the state has no business interfering with how the defense chooses to prepare its case.  If the state were allowed to oppose certain defense services or influence which investigators or experts were retained by the defense, the independence of the defense would be compromised.  See, e.g., United States v. Hamlet, 456 F.2d 1285 (5th Cir. 1972)(denial of ex parte inquiry into need for defense psychiatrist error).

28.   The failure to allow ex parte applications for assistance would inevitably deprive Defendant Reeves of the benefit of effective counsel such as a non-indigent defendant could expect to receive.  Counsel will be forced either to forgo an application for assistance in order to keep attorney-client communications, work-product and trial strategy confidential or make the needed request, breach his duty of confidentiality and prematurely reveal matters no competent attorney would disclose prior to trial.  See, State v. Hamilton, 446 So.2d 1007, 1008-09 (Fla. 1984)(basis for request for expert founded on communications between lawyer and client; inquiry into basis would violate attorney-client privilege).

29.   An ex parte procedure obviates the need for such an untenable choice.  It would be error for this Court needlessly to give the state a voice in deciding whether Defendant Reeves is entitled to certain investigators or expert witnesses or in

14

determining who should provide that assistance.

30. Ex parte proceedings on the need for defense assistance are necessary to protect Defendant Reeves's right to freedom from self-incrimination.  The privilege against self-incrimination is secured only when a criminal defendant has the right "to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty...for such silence." Estelle v. Smith, 451 U.S. 454, 468 (1981)(quoting Malloy v. Hogan, 378 U.S. 1, 8 (1964)).  If Defendant Reeves's or his attorney is compelled to disclose confidential facts in order to obtain financial assistance, the defendant surely cannot be said to have exercised his own will.  Nor can the failure to justify the request for aid be deemed anything but a penalty for silence.

31. This was made abundantly clear in Marshall v. United States, 423 F.2d 1315 (10th Cir. 1970).  The defendant in that case was compelled to justify his need for investigative assistance before the prosecuting attorney.  As a result, the state was able to locate a witness whom it had previously been unaware who then testified against the defendant.  In reversing that conviction, the court emphasized:

> Certainly the movant cannot be said to "waive" disclosure of his case and his concomitant rights against self-incrimination and to due process by [requesting services]...[That request cannot] be used ...as a means of frustrating the fifth amendment right prohibiting self-incrimination.

Marshall, 423 F.2d at 1318-19.

32. Defendant Reeves cannot be called upon to sacrifice one set of constitutional rights in order to receive the benefit of

15

108

another.  <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 363 (1978);  <u>see</u> <u>also</u> <u>State v. Armstead</u>, 262 S.E.2d 233 (Ga.App. 1979).  His motions for the "raw materials integral" to his defense must be considered <u>ex</u> <u>parte</u>.

For reasons stated herein, Defendant Matthew Reeves is entitled to proceed <u>ex</u> <u>parte</u>, and on a sealed record, in his applications for the funds necessary for his defense.

THOMAS M. GOGGANS
P O Box 1307
Montgomery AL 36102-1307
(334)-834-2511

Attorney for Defendant
Matthew Reeves

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Roy Johnson
Office of the District Attorney
Dallas County Courthouse
Selma AL 36702

by placing the same in the United States mail, first class postage prepaid and properly addressed on this the ⊬⊂ day of November, 1997.

Thomas M. Goggans

16

109

THE STATE OF ALABAMA - - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

91-438

Ex parte: Olin Grimsley

(In re: State of Alabama vs. Olin Grimsley)

Petition for Writ of Mandamus

Henry Circuit Court No. CC91-0018

## ORDER

On application for rehearing, this Court's order of January 13, 1992, denying the petition for writ of mandamus is set aside and withdrawn. It is ORDERED that the petition for writ of mandamus be and the same is hereby granted. The circuit court is hereby ordered to permit the petitioner to make an ex parte threshold showing of his need for expert assistance.

WITNESS, Lane W. Mann, Clerk of

the Court of Criminal Appeals,

this 21st day of January, 1992.

Lane W. Mann
Clerk
Court of Criminal Appeals

cca/wki

110

# COURT OF CRIMINAL APPEALS
## FORMAL DOCKET SHEET

Criminal Appeals Number:          91-438

Ex parte:  Olin Grimsley
(In re:  State of Alabama          vs.          Olin Grimsley)

PETITION FOR WRIT OF MANDAMUS

Henry Circuit Court No.:          CC91-0018

Circuit Judge:                    Edward Jackson

Petitioner's Counsel:                    Respondent's Counsel:
Lexa Dowling                             Kenneth Nunnelley
P. O. Box 1193                           Office of Attorney General
Dothan, AL 36302

C. Bruce Adams                           Douglas Valeska
P. O. Box 6212                           District Attorney
Dothan, AL 36302                         P. O. Box 1632
                                         Dothan, AL 36302

Clive A. Stafford Smith
83 Poplar Street, N.W.
Atlanta, GA 30303

| | |
|---|---|
| 12/23/91 | Petition filed. |
| 12/26/91 | Respondents given 14 days to answer petition. |
| 1/9/92 | Answer to petition filed by A.G. |
| **1/13/92** | **Petition denied.** |
| 1/13/92 | Petitioner's reply to State's answer and motion to stay trial court proceedings pending disposition of mandamus petition filed. (rec'd 1/14/92) |
| 1/21/92 | **On application for rehearing, this Court's order of 1/13/92 denying the petition for writ of mandamus is set aside and withdrawn. Petition granted. Circuit court ordered to permit petitioner to make an ex parte threshold showing of his need for expert assistance.** |

111

IN THE CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA        )
                        )
v.                      )    CASE NO. CC-97-31
                        )
MATTHEW REEVES          )

### MOTION FOR ORDER TO FACILITATE
### ACCESS TO DEFENDANT'S MENTAL HEALTH
### RECORDS OF TAYLOR HARDIN SECURE MEDICAL FACILITY

Comes now Defendant Matthew Reeves, by and through counsel, and shows as follows:

1.  Defendant Matthew Reeves was evaluated at the Taylor Hardin Secure Medical Facility by Dr. Kathy Ronan on June 3, 1997.

2.  In order to properly investigate this case, counsel need a copy of the complete records of the Taylor Hardin Secure Medical Facility in connection with its evaluation and treatment of Defendant Matthew Reeves.

IN LIGHT OF THE FOREGOING, Defendant Matthew Reeves moves this Court to enter an order directing that the Facility Director of the Taylor Hardin Secure Medical Facility provide counsel with a copy of all of its records pertaining to the treatment and evaluation of Matthew Reeves, BM, DOB 12-13-77, SSN 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.

Thomas M. Goggans
P O Box 1307
Montgomery AL 36102-1307
(334)-834-2511

Attorney for Defendant
Matthew Reeves

1

112

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

    Edgar W. Greene
    Office of the District Attorney
    Dallas County Courthouse
    Selma AL 36702

by placing the same in the United States mail, first class postage prepaid and properly addressed on this the 3 day of December, 1997.

                              Thomas M. Goggans

2



113

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA            )
                           )
V.                          )   CASE NO. CC-97-31
                           )
MATTHEW REEVES              )

<u>MOTION TO SUPPRESS</u>

Comes now Defendant Matthew Reeves, by and through counsel,

and shows as follows:

1.   All extra-judicial statements are deemed involuntary.

<u>Franklin v. State</u>, 621 So.2d 364, 366 (Ala.Crim.App.

1992)(hereinafter "Franklin"); <u>Smith v. State</u>, 623 So.2d 369

(Ala.Crim.App. 1992).   Before an accused's extra-judicial

statement can be received into evidence, the prosecution has the

burden of proving that the statement was voluntary, that the

accused was read his <u>Miranda</u> rights, and that he waived them.   <u>Ex

parte, Callahan</u>, 471 So.2d 463, 464 (Ala. 1985); <u>Franklin</u>, 621

So.2d at 366; <u>Whitlow v. State</u>, 509 So.2d 252 (Ala.Crim.App.

1987); <u>Malone v. State</u>, 452 So.2d 1386 (Ala.Crim.App. 1984).

2.   The true test of voluntariness of extra-judicial

confessions is whether, under all the surrounding circumstances,

they have been induced by a threat or a promise, express or

implied, operating to produce in the mind of the prisoner

apprehension of harm or hope of favor; and if so, whether true or

false, such confession must be excluded from the consideration of

the jury as having been produced by undue influence."

<u>Guenther v. State</u>, 282 Ala. 620, 623, 213 So.2d 679, 681 (1968),

<u>cert.</u> denied, 393 U.S. 1107.   "Any inducement of profit, benefit,

1

or melioration held out, or any threat of violence, injury, increased rigor of confinement, or any other menace which can inspire alarm, dread, or slightest fear, is enough to render the confession inadmissible." O'Tinger v. State, 342 So.2d 1343 (Ala.Crim.App. 1977).

    3.  It is well settled that a suspect in a criminal mater may assert his Fifth Amendment right to remain silent and to counsel any time during interrogation. Edwards v. Arizona, 451 U.S. 477 (1981); Miranda v. Arizona, 384 U.S. 436 (1966) (hereinafter "Miranda"); Fortier v. State, 515 So.2d 101 (Ala.Crim.App. 1987); Hall v. State, 399 So.2d 348 (Ala.Crim.App. 1981)(hereinafter "Hall"). Once a suspect asserts his right to remain silent, police may resume interrogation only if they "scrupulously honor" the suspect's prior assertion of the right to remain silent. Michigan v. Mosley, 423 U.S. 98 (1975). Second, it is well settled that a suspect may request the presence of counsel at any time, and upon such request, law enforcement officials must discontinue all interrogation immediately. Miranda, 384 U.S. 436; Fortier, 515 So.2d 101; Hall, 399 So.2d 348. In Edwards v. Arizona, 451 U.S. 477 (1981), the Supreme Court of the United States set forth a bright line rule that "an accused ... having expressed his desire to deal with police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." The

2

115

Supreme Court of the United States elaborated on Edwards in Smith v. Illinois, 469 U.S. 91 (1984), by stating that once the accused invokes his right to counsel, courts may admit his responses to further questioning only upon finding that he (1) initiated further discussions with the police, and (2) knowingly and intelligently waived the right he had invoked.

4.   In this case, Defendant Reeves made a statement to government agents on or about November 28, 1996.  The statement was improperly induced by law enforcement officials using coercive tactics such as telling Defendant Reeves of dire consequences if he did not make a statement.  Further, the statement was secured by interrogation conducted after Defendant Reeves had asserted his right to remain silent and to counsel.

5.   Based upon the foregoing, Defendant Reeves' statement and the fruits thereof were obtained in violation of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the Alabama Constitution of 1901.

IN LIGHT OF THE FOREGOING, Defendant Matthew Reeves moves this Court pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the Alabama Constitution of 1901 to set this motion for an evidentiary hearing and after hearing evidence and arguments to enter an order suppressing his statement to government agents and further suppressing all fruits derived therefrom.

3

116

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
        Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By: _____

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing

upon:

Roy Johnson
Ed Greene
Office of the District Attorney
Dallas County Courthouse
Selma AL 36702

by placing the same in the United States mail, first class

postage prepaid and properly addressed on this the 31st day of

December, 1997.

_____
Thomas M. Goggans

4

117

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA          )
                          )
v.                        )     CASE NO. CC-97-31
                          )
MATTHEW REEVES            )



## MOTION FOR NOTICE OF INTENTION
## TO RELY UPON OTHER ACTS EVIDENCE

Comes now Defendant, Matthew Reeves, by and through counsel, and moves this Court to enter an order directing the District Attorney to disclose "other acts" evidence. As grounds therefor, Defendant shows as follows:

1.  The Fifth, Sixth, and Fourteenth Amendments to the United States Constitution guarantee an accused the rights to notice the nature and cause of the accusation against him, to prepare a defense, to confront witnesses, to effective assistance of counsel, and to due process of law.

2.  Further, A.R.E. 404(b) provides that "the prosecution shall provide reasonable notice in advance of trial" of "other acts" evidence.

3.  The aforementioned rights may be violated if the Defendant does not receive notice of "other acts" evidence offered against him at trial.

4.  Resolution of questions concerning the admissibility of "other acts" evidence may delay proceedings if litigated during the course of a trial.  Moreover, erroneous admission of "other acts" evidence is a source of mistrials and retrials.

5.  The interests of judicial economy would be served by a

1

118

requirement of early notice of the District Attorney's intention to use "other acts" evidence and to resolve admissibility, as much as possible, before the jury is exposed to voir dire examination and opening statements.

> Marvin W. Wiggins
> Chestnut, Sanders, Sanders &
>             Pettaway
> P.O. Box 1305
> Selma AL 36702
> (334)-875-9264
>
> Thomas M. Goggans
> P.O. Box 1307
> Montgomery AL 36102
> (334)-834-2511
>
> Attorneys for Defendant
> Matthew Reeves

By: _____

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

> Roy Johnson
> Ed Greene
> Office of the District Attorney
> Dallas County Courthouse
> Selma AL 36702

by placing the same in the United States mail, first class postage prepaid and properly addressed on this the 7th day of January, 1998.

_____
Thomas M. Goggans

2

119

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA )
)
V. ) CASE NO. CC-97-31
)
MATTHEW REEVES )

<u>MOTION FOR JUDGMENT OF ACQUITTAL</u>

Comes now Defendant Matthew Reeves, by and through counsel, and moves this Court pursuant to Rule 20.2, A.R.Cr.P.; the Fourteenth Amendment to the United States Constitution; and Article I, § 6 of the Alabama Constitution of 1901 to enter a judgement of acquittal on the following separate and several grounds:

1.   The prosecution failed to prove to prima facie case.

2.   An essential element of due process guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6 of the Alabama Constitution of 1901 is that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof -- defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense.  If a rational fact finder could not have concluded beyond a reasonable doubt the existence of every element of the offense, a conviction must be deemed violative of due process.  In this case, the prosecution's evidence failed in that respect in that a rational fact finder could not conclude beyond a reasonable doubt the existence of every element of the charged offense.

3.   Under Alabama law, a robbery committed as a "mere afterthought" will not sustain a capital murder conviction.  A felony is considered an "afterthought" when there is no evidence of an intent to commit the felony before or at the time of a murder.  Therefore, an accused cannot be convicted of capital murder where "he forms felonious intent only after he commits the killing."  <u>Connolly v. State</u>, 500 So.2d 57, 62 (Ala.Crim.App. 1985)(<u>quoting</u>, <u>Commonwealth v. Spallone</u>, 267 Pa.Super. 486, 489, 406 A.2d 1146, 1147 (1979)).  <u>See also</u>, <u>Padgett v. State</u>, 668 So.2d 78, 83-85 (Ala.Crim.App. 1995)(where there was evidence in a capital case that the intent to commit the accompanying felony, rape, was formed after the victim was killed, the defendant was entitled to a jury instruction on abuse of a corpse).  Here, the prosecution's evidence as to the "robbery" indicates only a "robbery" as an "afterthought."  Thus, the prosecution's evidence was insufficient on the "robbery" element of the charged offense.

1

120

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
    Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By: _____

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon:

    Ed Greene
    Greta Wilson
    Office of the District Attorney
    Dallas County Courthouse
    Selma AL 36702

by hand delivery on this the ___ day of January, 1998.

Thomas M. Goggans

2

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

121

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | |
| v. | ) | CASE NO. CC-97-31 |
| | ) | |
| MATTHEW REEVES | ) | |

MOTION IN LIMINE REGARDING CERTAIN PHOTOGRAPHIC EVIDENCE

Defendant Reeves recognizes the general rule that "[p]hotographic evidence is admissible in a criminal prosecution if it tends to prove or disprove some disputed or material issue, to illustrate some relevant fact or evidence, or to corroborate or dispute other evidence in the case." Ex parte, Siebert, 555 So.2d 780, 783 (Ala. 1989)(hereinafter "Siebert"). Defendant Reeves also acknowledges that "[t]he admission of such evidence lies within the sound discretion of the trial court." Siebert, 555 So.2d at 783, citing, Fletcher v. State, 291 Ala. 67, 277 So.2d 882, 883 (1973) and Donahoo v. State, 505 So.2d 1067, 1071 (Ala.Crim.App. 1986). And, Defendant Reeves recognizes the plethora of cases in which the appellate courts of this state have upheld the admissibility of unpleasant photographic evidence in criminal cases. See e.g., Siebert, 555 So.2d 780; Callahan v. State, 557 So.2d 1292 (Ala.Crim.App. 1989), affirmed Ex parte, Callahan, 557 So.2d 1311 (Ala. 1990); Burton v. State, 521 So.2d 91 (Ala.Crim.App. 1987); Dabbs v. State, 518 So.2d 825 (Ala.Crim.App. 1987); Updyke v. State, 501 So.2d 586 (Ala.Crim.App. 1986); Hutto v. State, 465 So.2d 1211 (Ala.Crim.App. 1984); Woods v. State, 460 So.2d 291 (Ala.Crim.App. 1984); Trahan v. State, 450 So.2d 1102 (Ala.Crim.App. 1984); Smith v. State, 446 So.2d 68 (Ala.Crim.App. 1984). But, it is still true that the trial court's discretion may likewise be exercised to exclude evidence, even though it is relevant, when it would serve comparatively little or no purpose except to arouse the passion, prejudice, or sympathy of the jury. A.R.E. 403. See e.g., Hargress v. City of Montgomery, 479 So.2d 1137 (Ala. 1985)(prejudicial effect of evidence of defendant's voodoo activities substantially outweighed it probative value in action for wrongfully killing decedent); Ott v. Smith, 413 So.2d 1129 (Ala. 1982)(in legal malpractice suit, evidence from women who allegedly slept with attorney was questionable and was not shown to affect his performance; even though relevant, evidence of highly prejudicial nature may be excluded); Jones v. State, 473 So.2d 1197 (Ala.Crim.App. 1985); Spellman v. State, 473 So.2d 618 (Ala.Crim.App. 1985)(evidence that defendant returned to rob store and murder woman, making good on his threat to do so, highly prejudicial); Crook v. State, 469 So.2d 690 (Ala.Crim.App. 1985). In no case has an appellate court of this state held that the trial court's discretion to admit such

1

evidence is without limits.

122

The New Jersey Supreme Court, after a thorough review of cases favoring admissibility of such evidence, stated:

"[t]hese cases contain broad pronouncements which, perhaps, gave too much encouragement to the thought that the prosecution could use at will any and all pictures at a murder trial so long as they possessed some relevancy.  Each decision, however[,] presumed, of course, that the trial judge would continue to exercise a modicum of sound judicial discretion and exclude any picture that was unusually gruesome or repulsive and had little evidential value, admitting only those which would be of significant assistance to the jury in its deliberations as to the guilt or innocence of the defendant which were not unduly prejudicial.  The fact that a photograph may have some probative force is not always completely determinative of its admissibility.  There are cases when the logical relevance of such an exhibit will unquestionably be overwhelmed by its inherently prejudicial qualities[,] which will impair the defendant's right to a fair and impartial trial.  When undoubtedly the minute peg of relevance will be the quantity of dirty linen hung upon it, fair play dictates the exclusion of the exhibits."

State v. Buchanes, 138 A.2d 739 (N.J. 1958), cert. denied, 357 U.S. 910 (1958)(hereinafter "Buchanes").  The Washington Supreme Court stated:

"Prosecutors, as well as trial courts, must exercise their discretion in the use of gruesome photographs.  The statement that 'the State has the right to prove its case to the hilt in whatever manner it chose,' must be read to mean only that the State may present ample evidence to prove every element of the crime. ... Prosecutors are not given carte blanche to introduce every piece of admissible evidence if the cumulative effect of such evidence is inflammatory and unnecessary.  In other words, in situations where proof of the criminal act may be amply proven through testimony and non-inflammatory evidence, we caution prosecutors to use restraint in their reliance on gruesome and repetitive photographs."

State v. Crimshaw, 659 P.2d 488 (Wash. 1983).  In attempting to draw a balance between providing for the admission of relevant evidence and the exclusion of unduly prejudicial evidence, the Supreme Court of Pennsylvania stated:

"We are of the opinion that the proper test to be

2

123

applied by the trial court in determining the admissibility of photographs in homicide cases is whether or not the photographs are of such <u>essential evidentiary value</u> that their need <u>clearly outweighs</u> the likelihood of inflaming the minds and passion of the jurors."

<u>Commonwealth v. Powell</u>, 241 A.2d 119, 121 (Pa. 1968)(emphasis added)(hereinafter "Powell"). <u>Accord</u>, <u>State v. Roe</u>, 259 S.E.2d 26 (W.Va. 1979). <u>See also</u>, <u>Driscoll v. State</u>, 659 P.2d 343 (Okla. 1983) (unnecessary duplication of photographs admitted at trial required reversal of otherwise valid conviction); <u>State v. Scott</u>, 337 So.2d 1087 (La. 1976); <u>State v. Foust</u>, 128 S.E.2d 889, 894 (N.C. 1963)(where cause of death uncontradicted and coroner able to describe fully position and depth of wound without use of photographs, use of photographs by prosecution deemed excessive). <u>See also</u>, <u>State v. Boyd</u>, 532 P.2d 1064, 1068 (Kan. 1975)("This Court has gone a long way, perhaps too far, in countenancing the introduction of grizzly, gruesome photographs. ...Some of the photographs which were admitted could have been helpful to the jury by showing the angle of penetration of the murder instrument into the deceased body. We fail to see the necessity, however, of the State's offering repetitious exhibits to prove the same point.")

In <u>Berry v. State</u>, 718 S.W.2d 447 (Ark. 1986), the Supreme Court of Arkansas stated that the fact that photographs are inflammatory is not sufficient reason alone to exclude them. But, the court went on to state:

"Because of the trial court's carte blanche acceptance of these graphic and repetitive pictures into evidence, it is necessary that we reexamine our position on admissibility of inflammatory photographs. The analysis should firmly emphasize the need for the trial court to carefully weigh the probative value of the photographs against their prejudicial nature, rather than promoting a general rule of admissibility which essentially allows automatic acceptance of all photographs of the victim and the crime scene the prosecution can offer.

"Other states have been equally liberal in the admission of similar photographs where they were relevant to proof of the State's case. Like we do, many have found it necessary, however, to stem the resulting influx of inflammatory pictures where the claims of relevance were increasingly tenuous in light of the prejudicial nature of the photographs."

The court found that the questioned photographs in that case were not relevant to any issue that the prosecution had not already

125

the videotape would serve only to arouse the passions and prejudices of the jury. The use of the grizzly, gruesome photographic evidence would rights to a fair trial and a reliable sentencing hearing free of inflamed prejudice guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Alabama state law and constitutional provisions.

ACCORDINGLY, Defendant Matthew Reeves moves this Court in limine to enter an order prohibiting the prosecution from utilizing the videotape of the autopsy of the deceased.

> Marvin W. Wiggins
> Chestnut, Sanders, Sanders &
>     Pettaway
> P.O. Box 1305
> Selma AL 36702
> (334)-875-9264
>
> Thomas M. Goggans
> P.O. Box 1307
> Montgomery AL 36102
> (334)-834-2511
>
> Attorneys for Defendant
> Matthew Reeves
>
> By: _____

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

    Roy Johnson
    Ed Greene
    Office of the District Attorney
    Dallas County Courthouse
    Selma AL 36702

by placing the same in the United States mail, first class postage prepaid and properly addressed on this the 23d day of January, 1998.

> _____
> Thomas M. Goggans

5

126

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA               )
                               )
V.                             )   CASE NO. CC-97-31
                               )
MATTHEW REEVES                 )

MOTION TO SUPPRESS

Comes now Defendant Matthew Reeves, by and through counsel, and shows as follows:

1.  In November of 1996, government agents searched the residence of Defendant Matthew Reeves and seized certain items therefrom.

2.  The aforementioned search was conducted without probable cause, without a properly issues search warrant, without proper consent or beyond the scope of any consent given.

3.  The seizure of items from Defendant Reeves' residence was a fruit of violations of the proscriptions against unreasonable searches and seizures of the Fourth and Fourteenth Amendments to the United States Constitution; Article I, § 5 of the Alabama Constitution of 1901; Ala. Code § 15-5-1 et seq.; and Rule 4, A.R.Cr.P.

WHEREFORE, Defendant Matthew Reeves moves this Court to set this matter for an evidentiary hearing and upon hearing evidence and arguments to enter an order suppressing all evidence referenced hereinabove.

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
      Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By: _____

1

127

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

    Ed Greene
    Greta Wilson
    Office of the District Attorney
    Dallas County Courthouse
    Selma AL 36702

by hand delivery on this the 26th day of January, 1998.


                                    Thomas M. Goggans

2

124

proven or that the defendant had already admitted and that they did nothing to rebut any defense offered by the defendant or to clarify a contested cause of death.  Adopting the definition of "unfair prejudice" found in the commentary to Federal Rule of Evidence 403 as "undue tendency to suggest decision on an improper basis, commonly, but not necessarily, an emotional one," the court held that the photographs were improperly admitted.

The Supreme Court of Texas has stated: "The prejudicial effect of the photographs may be determined by the number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white, whether they are close-ups, whether the body is naked or clothed, and by factors unique to each situation." Burdine v. State, 719 S.W.2d 309, 316 (Tex. 1986).  Courts have held that where there is abundant testimonial evidence or alternative, less gory types of demonstrative evidence that can be used to illustrate matters for the jury, photographic evidence as to the cause of a person's death should be excluded.  See, Archina v. People, 307 P.2d 1083 (Colo. 1957)(en banc); Dyken v. State, 89 So.2d 866 (Fla. 1957)(en banc); State v. Morgan, 30 So.2d 434 (La. 1977); State v. Allies, 606 P.2d 1043 (Mont. 1966).  The Washington Court of Appeals held in State v. Sergeant, 698 P.2d 598 (Wash.App. 1985) that when testimony sought to be illustrated could have been exhibited by a diagram instead of by gory photographs, allowing photographs into evidence was error.  And, the Supreme Court of Tennessee stated in State v. Banks, 564 S.W.2d 947, 951-952 (Tenn. 1978), "In many cases, the facts concerning the injuries and the cause of death may be adequately established and better explained by a pathologist." Accord, People v. Garlick, 369 N.W.2d 1121, 1127 (Ill.App. 1977).  In a death penalty case, the Supreme Court of South Carolina stated that "in the guilt phase of a trial, photographs of the murder victim should be excluded where the facts they are intended to show have been fully established by competent evidence." State v. Kornahrens, 350 S.E.2d 180 (S.C. 1986).

Here, as stated by the Supreme Court of Colorado:

"...[I]t is the duty of the District Attorney to present all available facts so that the jurors may, through their mental processes, arrive at the guilt or innocence of the defendant.  It is not his duty or right to produce or present evidence that has no probative value and that serves only to arouse the passions and prejudices of the jurors."

Archina v. People, 307 P.2d 1083 (Colo. 1957)(en banc).

The prosecution has disclosed to the defense a videotape of the autopsy of the deceased in this case.  This could be adequately described by the state's expert witness. Admission of

4

128

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA            )
                           )
V.                         )    CASE NO. CC-97-31
                           )
MATTHEW REEVES             )

### MOTION IN LIMINE REGARDING DECEASED'S GOOD CHARACTER AND IMPACT IN GUILT/INNOCENCE PHASE

Comes now Defendant Matthew Reeves, by and through counsel, and shows as follows:

1.  The deceased's good character is not an issue in the guilt/innocence phase of this case.  Nor is the impact of the circumstances giving rise to this case upon the deceased's family.

2.  Reference to the the deceased's good character or the impact upon his family during voir dire, opening statements, presentation of evidence, or closing arguments would inject an extraneous issue into the guilt/innocence trial and deprive Defendant Reeves of his right to a fair trial, due process of law, and freedom from cruel and unusual punishment under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, §§ 6 and 15 of the Alabama Constitution of 1901.

WHEREFORE, Defendant Matthew Reeves moves this Court in limine to enter an order prohibiting the State of Alabama from referencing the deceased's good character or any impact upon his family during voir dire, opening statements, presentation of evidence, or closing arguments in the guilt/innocence phase.

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
      Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By: _____

1

129

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Roy Johnson
Ed Greene
Office of the District Attorney
Dallas County Courthouse
Selma AL 36702

by placing the same in the United States mail, first class postage prepaid and properly addressed on this the 22nd day of January, 1998.

Thomas M. Goggans

2

130

## IN THE CIRCUIT COURT FOR
## DALLAS COUNTY, ALABAMA

STATE OF ALABAMA          )
                          )
v.                        )     CASE NO. CC-97-31
                          )
MATTHEW REEVES            )



## MOTION TO PERMIT DISCOVERY OF
## RECORDS AND FILES PERTAINING TO THIS
## CASE, CASES OF CO-DEFENDANTS AND
## DEATH OF WILLIE JOHNSON, JR.

Comes now Defendant Matthew Reeves, by and through counsel, and moves this Court for an order to require the State of Alabama to disclose to his counsel, and permit his counsel or their designated agent to inspect, copy, test, and photograph all records and any files pertaining to the Defendant and the investigation of this case, the investigation of the related capital murder charges against Julius Reeves and Brenda Suttles, and the death of Willie Johnson, Jr.  In support of this motion, the Defendant shows as follows:

1.  This is a death penalty case.

2.  Rule 16, Alabama Rules of Criminal Procedure provides for certain discovery to defendants in criminal cases.

3. The Supreme Court of Alabama, in Ex parte Monk, 557 So. 2d 832 (Ala. 1985) hereinafter "Monk"), upheld a trial judge's order requiring that the prosecutor maintain an "open file" policy for the purposes of discovery by the defense.  In two capital cases pending before the Circuit Court for Calhoun County, Circuit Judge Samuel H. Monk noted the limitations of Rule 18, Alabama Rules of Criminal Procedure (Temporary) and

1

**131**

deemed Rule 18 to "set out only the minimum discovery afforded the defendant as a matter of right." Monk, 557 So.2d at 833. Judge Monk ordered the district attorney to:

> "maintain an ongoing 'open file' policy in regard to discovery on the part of the defendant in this case. In so doing, the State upon written request, shall allow defendant's attorney(s) full and complete access to all documents, statements, writings, photographs, recordings, evidence, reports or any other file materials in possession of the state, any agent of agency of the state, or any police agency involved in this case, which is known to exist or which with due diligence could be determined to exist, and to allow said attorney(s) to inspect, test, examine, photograph, or copy the same."

Monk, 557 So.2d at 833-834. Judge Monk required in camera inspection of any confidential materials withheld from the defendant, which would be reviewed for discoverability by the trial judge and sealed and preserved if not provided to the defense. The District Attorney objected to the trial judge's order and sought a writ of mandamus from the Alabama Court of Criminal Appeals which was granted. The Supreme Court of Alabama granted certiorari and reversed the Alabama Court of Criminal Appeals' mandamus grant and held that capital cases are different enough to justify broader discovery orders properly entered under the discretionary authority of the trial court. The Supreme Court of Alabama noted the special demands of a capital sentencing hearing in justifying the broader discovery:

> "in a capital case the definition of 'favorable evidence' expands at the sentencing stage to far beyond what it is at any stage of any other type of criminal proceeding...[The] statutory mandate that a defendant shall be allowed to offer evidence of mitigating circumstances is another reason why broad discovery must be allowed. The prosecutor cannot screen files

2

132

> for potential mitigating evidence to disclose to the
> defense counsel because, '[w]hat one person may view as
> mitigating, another may not.'  Dobbert v. Strickland,
> 718 F.2d 1518, 1524 (11th Cir. 1983), cert. denied, 468
> u.s. 1220 (1984)."

Monk, 557 So.2d at 837.

4.  The Defendant makes request for inspection and copying of all law enforcement, forensic departments, and district attorney's records, including, but not limited to all documents, test data, notes, files, statements, reports, and tangible objects or information relating to Defendant and this case.

WHEREFORE, pursuant to the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution; Article I, §§ 6, 8, and 13 of the Alabama Constitution of 1901; Brady v. Maryland, 373 U.S. 83 (1063), Giglio v. Unites States, 405 U.S. 150 (1972), United States v. Valenzuela-Bernal, 458 U.S. 858 (1982), California v. Trombetta, 467 U.S. 749 (1984), United States v. Bagley, 105 S.Ct. 3375 (1987) and their progeny; Rule 16, Alabama Rules of Criminal Procedure, and Alabama State law, Defendant Matthew Reeves requests that this discovery motion for the above requested items be granted.

THOMAS M. GOGGANS
P.O. Box 1307
Montgomery AL 36101-1307
(334)-834-2511

Attorney for Defendant
Matthew Reeves

3

133

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

    Roy Johnson
    Office of the District Attorney
    Dallas County Courthouse
    Selma AL 36702

by placing the same in the United States mail, first class postage prepaid and properly addressed on this the 18th day of November, 1997.

                              _____
                              Thomas M. Goggans

134

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | |
| V. | ) | CASE NO. CC-97-31 |
| | ) | |
| MATTHEW REEVES | ) | |

## MOTION FOR CAUTIONARY INSTRUCTION PRIOR TO VOIR DIRE OF JURORS

Comes now Defendant, Matthew Reeves, by and through counsel, and moves this court to give the following cautionary instructions to the jury venire prior to any voir dire:

"In Alabama, there are two possible penalties for a person who is convicted of a capital offense.  Those penalties are life imprisonment without the possibility of parole or death.  Alabama has a two phase trial in those cases in which the death penalty may be imposed.  The same jury is used for both phases.

"The first phase is called the innocence/guilt phase.  In this phase, the jury decides whether the State has proven the defendant guilty of the charged capital offense beyond a reasonable doubt.  In making this decision, the jury cannot consider the consequences of its verdict or any possible sentence.  If the accused is found not guilty of capital murder, the proceedings are ended for the jury.  But, if the defendant is found guilty of capital murder, the jury is brought back for a second phase of the trial.  At that time, the jury may hear more evidence and will hear legal instructions and arguments of counsel.  The jury then decides the penalty of life imprisonment without the possibility of parole or death.

"In this case, Matthew Reeves has entered a plea of not guilty and is presumed to be innocent.  The state has the burden of proving Matthew Reeves guilty beyond a reasonable doubt.

"As this is a capital case, one possibility, if guilt of the charged capital offense is established beyond a reasonable doubt, is that the death penalty could, under certain circumstances, be given.  Because of that possibility, it is proper for counsel and the court to ask you at this time certain questions about your views regarding the death penalty.  This inquiry, however, has absolutely no relationship to whether the accused is guilty of the charged capital offense.  Do not conclude merely because an attorney or the court asks questions about your attitude about the death penalty that this should be taken as any indication

1

135

whatsoever that they believe the accused to be guilty or presuppose that a finding of guilt will be made."

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
    Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By: _____

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Roy Johnson
Ed Greene
Office of the District Attorney
Dallas County Courthouse
Selma AL 36702

by placing the same in the United States mail, first class postage prepaid and properly addressed on this the 20th day of January, 1998.

_____
Thomas M. Goggans

2

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA            )
                           )
V.                         )   CASE NO. CC-97-31
                           )
MATTHEW REEVES             )

## MOTION FOR EXTRAORDINARY EXPENSES

Comes now Defendant Matthew Reeves, by and through counsel and shows as follows:

1. This Court has previously entered orders approving defense expenditures up to the amount of $5,000.00 for the investigative services of Ann Simmons.

2. Ms. Simmons has informed counsel that she is nearing $5,000.00 in billable hours and will most likely reach that amount by the end of today's proceedings.

3. Ms. Simmons services have been of great benefit to counsel. Her services will be greatly needed for the duration of trial in assisting counsel in examining witnesses, keeping tabs on witnesses, etc.

4. Counsel and Ms. Simmons believe that another $1,500.00 should carry through the balance of the trial.

WHEREFORE, Defendant Matthew Reeves moves this Court to approve the expenditure of an additional $1,500.00 for the services of Ann Simmons.

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
    Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By: _____

1

137

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

> Ed Greene
> Greta Wilson
> Office of the District Attorney
> Dallas County Courthouse
> Selma AL 36702

by hand delivery on this the 27th day of January, 1998.

Thomas M. Goggans

138

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA          )
                          )
V.                        )   CASE NO. CC-97-31
                          )
MATTHEW REEVES            )

### MOTION FOR IMPLEMENTATION OF WITNESS EXCLUSION RULE

Comes now Defendant Matthew Reeves, by and through counsel, and shows as follows:

1.  A.R.E. 615 provides that the Court may order witnesses excluded so that they cannot hear the testimony of other witnesses.

2.  The Court may further order that witnesses not communicate outside of the courtroom or be made privy to the testimony of others in ways other than through courtroom exposure.  See, Ex parte Faircloth, 471 So.2d 493 (Ala. 1985).

WHEREFORE, Defendant Matthew Reeves moves this Court to enter an order that witnesses, others than those excused from operation of A.R.E. 615, be excluded from the courtroom during the trial and that witnesses not communicate outside of the courtroom or be made privy to the testimony of others in ways other than through courtroom exposure.

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
     Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By: _____

1

139

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Ed Greene
Greta Wilson
Office of the District Attorney
Dallas County Courthouse
Selma AL 36702

by hand delivery on this the 26th day of January, 1998.

Thomas M. Goggans

2

140

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA            )
                           )
V.                         )   CASE NO. CC-97-31
                           )
MATTHEW REEVES             )

## MOTION TO SUPPRESS

Comes now Defendant Matthew Reeves, by and through counsel,
and shows as follows:

1.  In November of 1996, government agents arrested
Defendant Matthew Reeves in connection with this case.

2.  In effecting the arrest of Defendant Reeves, the
government agents acted without probable cause and entered a
residence without a proper warrant.

3.  The arrest of Defendant Reeves' residence was a fruit of
violations of the proscriptions of the Fourth and Fourteenth
Amendments to the United States Constitution and Article I, § 5
of the Alabama Constitution of 1901; Ala. Code § 15-5-1, et seq.;
Ala. Code § 15-10-1, et seq.; A.R.Cr.P. 3; and A.R.Cr.P. 4.

WHEREFORE, Defendant Matthew Reeves moves this Court to set
this matter for an evidentiary hearing and upon hearing evidence
and arguments to enter an order suppressing all evidence derived
from his arrest referenced hereinabove.

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
      Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves


By: _____

· 1

141

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

     Ed Greene
     Greta Wilson
     Office of the District Attorney
     Dallas County Courthouse
     Selma AL 36702

by hand delivery on this the 26th day of January, 1998.

                              Thomas M. Goggans

2

142

IN THE CIRCUIT COURT FOR
DALLAS COUNTY, ALABAMA

*filed in
open ct
1|31|98*

*granted*

STATE OF ALABAMA              )
                             )
V.                            )   CASE NO. CC-97-31
                             )
MATTHEW REEVES                )

### MOTION IN LIMINE

Comes now Defendant Matthew Reeves, by and through counsel, and shows as follows:

1.  Defendant Matthew Reeves elected not to testify in either the guilt/innocence phase or penalty phase of this case.

2.  Any comment by the prosecution in its penalty phase closing argument that suggests that Defendant Reeves has not shown any remorse during the course of the proceedings would infringe upon his right to remain silent, to protection from cruel and unusual punishment and to due process of law under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the Alabama Constitution of 1901.

WHEREFORE, Defendant Matthew Reeves moves this Court in limine to enter an order prohibiting the State of Alabama from making any comment in its penalty phase closing argument that suggests that Defendant Reeves has not shown any remorse during the course of the proceedings.

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
          Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By: _____

1

143

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

    Ed Greene
    Greta Wilson
    Office of the District Attorney
    Dallas County Courthouse
    Selma AL 36702

by hand delivery on this the 31st day of January, 1998.

Thomas M. Goggans

2

144

IN THE CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA          )
                          )
v.                        )   CASE NO. CC-97-31
                          )
MATTHEW REEVES            )

## ORDER

The defendant's Motion for Order to Facilitate Access to Defendant's Mental Health Record of Taylor Hardin Secure Medical Facility is GRANTED.  It is ORDERED that the Director of Taylor Hardin Secure Medical Facility provide counsel for the defendant with a copy of its records pertaining to the treatment and evaluation of the Defendant, Matthew Reeves, BM DOB 12-13-77, SSN 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.

The Clerk of the Court is directed to mail a copy of this order to counsel of record for the defendant, the Office of the District Attorney, and to Taylor Hardin Secure Medical Facility, 1301 River Rd NE, Tuscaloosa AL 35404.

Done this the _8_ day of December, 1997.

_____
Circuit Judge

DEC 1997
FILED
W.A. KYNARD,
CLERK
DALLAS CO.
CIRCUIT

12/9/97
Copy to: DA
        T GOGGANS
        M WIGGINS
        TAYLOR-HARDIN

1

145

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STATE OF ALABAMA        *
                          *
VS                     *        CC-97-31
                          *
MATTHEW REEVES        *

DEC 1997
FILED
W A KYNARD,
CLERK
DALLAS CO.
CIRCUIT

### RESONSE TO DEFENDANT'S MOTION

     The State of Alabama by and through its Deputy District Attorney hereby responds to defendant's

motion and has no objection to said motion.

     This the _11_ day of _Dec_, 1997.

                                   Edgar W. Greene
                                   Deputy District Attorney
                                   Fourth Judicial Circuit

146

IN THE CIRCUIT COURT OF CIRCUIT COUNTY, ALABAMA

STATE OF ALABAMA

VS.                                                CASE NO. CC-97-31

MATTHEW REEVES



## MOTION IN LIMINE

Comes the State of Alabama by and through its Deputy District Attorney, Edgar W. Greene, and moves that this Court limit and restrict the defense in the above styled cause in the following manners, to-wit:

1. That no reference be made to the defendant's statements to the officers of the Selma Police Department, and in particular, Detective Grindle in the opening statement or in the course of the testimony or cross-examination of the case until such time as either the State enters into this particular area itself, or until such time as the defendant testifies, if he elects to testify at all.

2. That the defense be limited and restricted from cross-examining Det. Grindle concerning any statements that he took from or got from the defendant in the above styled cause until such time as either the State enters into this area or the defendant testifies concerning this area.

The basis for the State's motion is that this testimony is hearsay and is not the proper subject of cross-examination when and if Det. Grindle testifies for the State on direct and unless brought out by the State as a statement against interest in the nature of a confession by the defendant, it is not otherwise admissable on the defense's part unless and until the defense elects to bring it out through the defendant himself. To allow the defense to discuss this matter in opening statement would unduly prejudice the State and would be an improper opening as the defense would be going into a matter on opening statement that would not be otherwise admissable unless they intend for the defendant to testify.

This the ‿‿ day of _____, 1998.

_____
Edgar W. Greene
Deputy District Attorney
Fourth Judicial Circuit

CERTIFICATE OF SERVICE
This is to certify that I have this day served counsel for the defendant in the foregoing matter with a copy of the within and foregoing_____by depositing a copy of the same in the United States Mail, properly addressed with postage prepaid.
This the _____ day of _____ 98

147

## IN THE CIRCUIT COURT FOR
## DALLAS COUNTY, ALABAMA

STATE OF ALABAMA            )
                           )
V.                         )   CASE NO. CC-97-31
                           )
MATTHEW REEVES             )

### MOTION IN LIMINE REGARDING ADVICE IF RIGHTS

Comes now Defendant Matthew Reeves, by and through counsel, and shows as follows:

1.  Yesterday, the prosecution announced that it had no intention of seeking to introduce statements made by Defendant Reeves after his arrest in response to interrogation by government agents.

2.  Accordingly, evidence that Defendant Reeves was advised of any rights has become irrelevant.

3.  In these circumstances, introduction of such evidence or reference to such evidence would infringe upon Defendant Reeves right to remain silent and right to counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the Alabama Constitution of 1901.

WHEREFORE, Defendant Matthew Reeves moves this Court in limine to enter an order prohibiting the State of Alabama from referencing Defendant Reeves having been advised of rights by government agents.

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
     Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By:

1

## CERTIFICATE OF SERVICE

148

I hereby certify that I have served a copy of the foregoing upon:

Ed Greene
Greta Wilson
Office of the District Attorney
Dallas County Courthouse
Selma AL 36702

by placing the same in the United States mail, first class postage prepaid and properly addressed on this the 27th day of January, 1998.

Thomas M. Goggans

2

149

## IN THE CIRCUIT COURT OF
## DALLAS COUNTY, ALABAMA

STATE OF ALABAMA            )
                            )
v.                          )     CASE NO. CC-97-31
                            )
MATTHEW REEVES              )

### DEFENDANT'S REQUESTED PENALTY PHASE JURY INSTRUCTIONS

Defendant requests that the Court incorporate the attached instructions in its charge to the jury.

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
      Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By: _____

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel for the government by hand delivery on this the 30 day of January, 1998.

_____
Thomas M. Goggans

159

Defendant's requested charge number_____|_____

It is the intent of the laws of Alabama that a death penalty sentencing scheme provide a meaningful basis for distinguishing the few cases in which the death penalty is imposed from the cases in which it is not.  You must decide if this particular case is one of those few cases, distinguishable from the many, in which a sentence of death by electrocution is appropriate.

Given:_____✓_____

Not given:_____

_____
Circuit Judge

**151**

Defendant's requested charge number_____2_____

   As you consider the evidence in this phase of the trial, known as the penalty phase, you must presume the defendant to be innocent of each aggravating circumstance relied on by the prosecution.  This presumption remains unless and until you are satisfied from the evidence beyond a reasonable doubt that the aggravating circumstance applies.  This presumption is sufficient to justify finding that no aggravating circumstance exists unless you are satisfied beyond a reasonable doubt that the prosecutor has proved the existence of the aggravating circumstance.

   If you have a reasonable doubt as to the truth or existence of any aggravating circumstance, you shall not make a finding based on that circumstance and you shall not use that circumstance in reaching your decision in this case as to the appropriate punishment.

   The prosecution's burden of proof is to establish the existence beyond a reasonable doubt of one or more statutory aggravating circumstances.  Evidence merely tending to prove the existence of an aggravating circumstance, or establishing a mere probability of the aggravating circumstance, is not sufficient. Proof to the exclusion of and beyond every reasonable doubt is absolutely necessary.


Given:_____

Not given:_____



Circuit Judge_____

153

Defendant's requested charge number _____ 3 _____

The burden of proof rests upon the prosecution from the beginning to the end of this phase of the trial to establish beyond a reasonable doubt every fact essential to prove that death is the appropriate punishment.  The defendant has no burden to sustain.  If the evidence or lack of evidence raises a reasonable doubt as to the sentence of death being appropriate, you may not impose it.


Given:_____

Not given:_____


_____
Circuit Judge

153

Defendant's requested charge number_____4_____

The prosecution in this case has the burden of proving to you beyond a reasonable doubt that death is the appropriate punishment in this case.  Thus, it is their burden to demonstrate to you that the aggravating circumstances in this case outweigh the mitigating circumstances.

Before you may return a sentence of death, you must be convinced beyond a reasonable doubt based on the consideration of the aggravating and mitigating circumstances and the evidence introduced in this case at either the innocence/guilt phase of the sentencing phase, that death by electrocution is the appropriate sentence to be imposed on the defendant in this case.


Given:_____

Not given:_____


_____
Circuit Judge

154

Defendant's Requested Charge Number: _____

The burden is solely upon the State to prove each aggravating circumstance beyond a reasonable doubt. A reasonable doubt may arise from all of the evidence, from any part of the evidence or from the lack or failure or the evidence. You may not consider any aggravating circumstance other than the aggravating circumstances on which I have instructed you. And you may not consider an aggravating circumstance unless each and every one of you is convinced by the evidence beyond a reasonable doubt of the existence of that aggravating circumstance in this case.

Given:_____

Not given:_____

_____
Circuit Judge

155

Defendant's Requested Charge Number: _____ 6 _____

The State's burden of proof is to establish the existence beyond a reasonable doubt of one or more statutory aggravating circumstances so that establishing a mere probability of the existence of an aggravating circumstance is not sufficient. Proof of evidence beyond a reasonable doubt is absolutely necessary.

Given:_____

Not given:_____

_____

Circuit Judge

156

Defendant's requested charge number_____7_____

Aggravating circumstances, which are specifically limited by law to those charged to you by the court, if proven beyond a reasonable doubt, are factors put forth to show that death by electrocution may be considered as one of the sentencing alternatives.


Given:_____
Not given:_____


_____
Circuit Judge

157

Defendant's requested charge number_____8_____

In determining whether there are any aggravating circumstances, you are limited to considering only those aggravating circumstances that are (1) described to you by the court and (2) which the prosecution has proved beyond a reasonable doubt.  You may not consider any other circumstance as aggravating other than the specific aggravating circumstances given to you by this court.


Given:_____

Not given:_____


_____
Circuit Judge

158

Defendant's Requested Charge Number: _____9_____

     If you have a reasonable doubt as to the truth or existence
of any aggravating circumstance, you shall not make a finding
based on that circumstance and you shall not use it in reaching
your decision.


Given:_____


Not given:_____




_____

Circuit Judge

159

Defendant's requested charge number _____ *10.* _____

If you can find any alleged aggravating circumstances are proved beyond a reasonable doubt, that does not automatically or necessarily mean that you should sentence this defendant to death by electrocution.  Instead such a finding only means that you must consider other factors -- more specifically, mitigating circumstances -- before deciding whether a sentence of life in prison without possibility of parole or death by electrocution is appropriate.

A mitigating circumstance is anything about the defendant or the crime itself which in fairness and mercy, should be taken into account in deciding the appropriate punishment for this defendant.  Even where there is no excuse or justification for the crime, our law requires consideration of more than just the basic facts of the crime; therefore, a mitigating circumstance may stem from any of the diverse frailties of human kind.

Mitigating facts are any facts relating to the defendant or any aspect of the crime itself which may be considered extenuating or reducing the defendant's moral culpability or making him less deserving of the extreme punishment of death by electrocution.  You may consider as a mitigating circumstance any circumstance which tends to justify the penalty of life imprisonment without the possibility of parole.

You must consider all evidence of mitigation.  Mitigation may be established by any evidence introduced by either party, the defendant's lawyer or the prosecution, at either the guilt/innocence phase of this trial or this sentencing phase or

160

both.  The weight you give to a particular mitigating circumstance is a matter for your judgment.


Given:_____

Not given:_____


_____
Circuit Judge

Defendant's requested charge number_____ 14 _____

If you have found one or more aggravating circumstances and once you have considered the existence of mitigating circumstances, it would be necessary for you to consider the mitigating and aggravating circumstances together, one in light of the other.

Your consideration cannot be limited to a numerical weighing or comparison to see if the aggravating circumstances out number the mitigating circumstances or vice versa, instead, you must examine the mitigating and aggravating circumstances to determine their quality and weight.

You may find that a sentence of death by electrocution is inappropriate even if there is only a single mitigating circumstance and multiple aggravating circumstances.  You may also find that death by electrocution is not warranted even through there are one or more aggravating circumstances and not a single mitigating circumstance.

You are not required to find any mitigating circumstance in order to return a sentence of life without the possibility of parole.  Nor does the finding or and aggravating circumstance require you to return a sentence of death by electrocution.

Given:_____

Not given:_____


_____
Circuit Judge

162

Defendant's requested charge number_____|2_____

    Even if you find one or more aggravating circumstances
beyond a reasonable doubt, you may impose a sentence of life in
prison without the possibility of parole for any reason.  You
need not find a mitigating circumstance in order to impose a
sentence of life imprisonment without parole.  Nothing in the law
forbids you from extending mercy out of compassion or belief that
life imprisonment without the possibility of parole is sufficient
punishment under all the circumstances of this case.


Given:_____

Not given:_____


_____
Circuit Judge

Defendant's requested charge number_____13_____

    Mitigating factors are circumstances that do not constitute a defense, legal excuse, or justification for the crime, but which decrease its enormity.  A mitigating factor is one that can be considered as extenuating and that tends to support imposition of a sentence of life imprisonment without the possibility of parole.


Given:_____

Not given:_____


_____
Circuit Judge

164

Defendant's Requested Charge Number: _____14_____

Mitigating circumstances shall include any aspect of a defendant's life and any of the circumstances of the offense that the defendant offers as a basis for a sentence of life imprisonment without the possibility of parole. Mitigating circumstances are those factors or circumstances which do not constitute a justification or excuse for murder, but which, in fairness, should be considered in deciding the punishment of life imprisonment without the possibility of parole or death by electrocution. Mitigating circumstances are anything about a defendant's life and background, or about the circumstances of the offense, which should be taken into account in deciding which of these two punishments should be imposed.

Given:_____

Not given:_____

_____
Circuit Judge

165

**Defendant's Requested Charge Number:** _____ JS _____

Mitigating circumstances differ from aggravating ones because you are not required to be convinced beyond a reasonable doubt that a mitigating circumstance exists before your take that circumstance into account as you deliberate this case.  If the factual existence of an offered mitigating circumstance is in dispute, the state shall have the burden of disproving the factual existence of that circumstance by a preponderance of the evidence.  The burden of disproving it by a preponderance of the evidence means that your are to assume that the mitigating circumstance does exist unless, taking the evidence as a whole, the state has convinced you that more than likely than not the mitigating circumstance does not exist.  Therefore, if there is a factual dispute over the existence of a mitigating circumstance, you should find and consider that mitigation circumstance unless you find that the mitigating circumstance does not exist.  Only and aggravating circumstance must be proven beyond a reasonable doubt.  The burden is with the State of Alabama to convince from the evidence beyond a reasonable doubt and to a moral certainty that such an aggravating circumstance does exist.  You must consider a mitigating circumstance if you believe there is any evidence to support it.


Given:_____

Not given:_____


_____
Circuit Judge

166

Defendant's requested charge number_____16_____

     Mitigating circumstances differ from aggravating circumstances in one respect because you are not required to be convinced beyond a reasonable doubt that a mitigating circumstance exists before you must take that circumstance into account as you deliberate the penalty phase of this trial.  You must consider a mitigating circumstance if you believe that there is any evidence to support it.


Given:_____

Not given:_____


_____
Circuit Judge

167

Defendant's Requested Charge Number: _____ 17 _____

     Also, unlike aggravation, you are not required to
unanimously agree in order to consider evidence mitigating.
Instead, each of you must independently consider any evidence of
mitigating circumstances and determine the weight it is to be
accorded.  You may not exclude mitigating circumstances from your
consideration simply because as a jury you do not unanimously
agree about one circumstance or a combination of circumstances.


Given:_____

Not given:_____


_____

Circuit Judge

168

Defendant's Requested Charge Number: _____ 18 _____

You must consider all evidence of mitigation.  The weight you give to any particular mitigating circumstance is a matter for your moral and legal judgment.  However, you may not refuse to consider any evidence of mitigation and thereby give it no weight.  The weight to be given, however, is a matter solely for your discretion and judgment.

Given:_____.

Not given:_____

_____

Circuit Judge

169

Defendant's Requested Charge Number:  _____ 19 _____

Any list of mitigating circumstances cannot and does not limit your deliberations.  You are free to, and should, consider any aspect of the crime or of the defendant's background in life as mitigating.  Evidence has been offered concerning the circumstances of the defendant's life.  You must consider such evidence, and any other evidence, in determining the existence and weight of mitigating circumstances.  I will provide some examples of factors which the defense contends are mitigating.  These are only examples and in no way should limit the list of mitigating circumstances that you consider.

Given:_____

Not given:_____

_____
Circuit Judge

170

Defendant's requested charge number _____ 20 _____

I will state for you some of the circumstances of this case which the law recognizes as mitigating factors. You must consider all the factors I state to you as mitigating circumstances. The weight that you give to a particular mitigating circumstance is a matter for your judgment. However, you may not refuse to consider any evidence of mitigation and thereby give it no weight.

In other words, if I instruct you that situation "X" is a mitigating circumstance for you to consider the weight you give to it is for your moral and factual judgment but you may not refuse to consider "X" as a mitigating circumstance.


Given:_____

Not given:_____


_____
Circuit Judge

171

Defendant's requested charge number_____21_____

　　　If you find that the defendant was only eighteen years old at the time of the offense, you must consider that to be a mitigating circumstance.


Given:_____✓_____

Not given:_____


_____
Circuit Judge

172

Defendant's requested charge number_____22_____

  If you find that there were more participants in the crime than just the defendant and that another participant has received or will receive more lenient treatment, you must consider this as a mitigating circumstance.


Given:_____✓_____

Not given:_____


_____
Circuit Judge

173

Defendant's Requested Charge Number: _____23_____

    If you find that the defendant grew up in a poor home environment, you must consider that to be a mitigating circumstance.

Given:_____✓_____

Not given:_____

_____

Circuit Judge

174

Defendant's Requested Charge Number: _____29_____

If you find that the defendant lacked appropriate developmental resources in growing up, you must consider that to be a mitigating circumstance.

Given:_____✓_____

Not given:_____

_____

Circuit Judge

Defendant's Requested Charge Number: _____26_____        175

If you find that the defendant's level of intelligence is only borderline, you must consider that to be a mitigating circumstance.

Given:_____✓_____

Not given:_____

_____

Circuit Judge

176

Defendant's Requested Charge Number: _____ 26 _____

If you find that the defendant, when placed in structured environments, has responded positively, you must consider that to be a mitigating circumstance.

Given:_____✓_____

Not given:_____

_____

Circuit Judge

177

Defendant's requested charge number_____27_____

Both the prosecution and the defendant are entitled to the individual opinion of each juror.  Each of you must consider the evidence for the purpose of reaching a verdict if you can do so. Each of you must decide the punishment for yourself, but should do so only after discussing the evidence and instructions with the other jurors.  Do not decide any question in a particular way simply because a majority of the jurors, of any of them, favor such a decision.


Given:_____

Not given:_____


_____
Circuit Judge

178

Defendant's requested charge number_____28_____

    Whatever your sentence in this case, life without benefit of parole or death by electrocution, responsibility for making the decision rests entirely with the jurors.


Given:_____

Not given:_____


_____
Circuit Judge

179

Defendant's requested charge number _____ 27 _____

In your deliberations, you may presume that if the defendant is sentenced to life imprisonment without the benefit of parole that he will spend the remainder of his natural life in prison. This is indeed a true statement for in Alabama a sentence of life without parole means exactly that.

You must also assume that if you sentence the defendant to death that he will be executed by means of electrocution which is Alabama's method of imposing a death sentence.

Given:_____

Not given:_____


_____
Circuit Judge

180

IN THE CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA

STATE OF ALABAMA        )
                        )
v.                      )    CASE NO. CC-97-31
                        )
MATTHEW REEVES          )

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Defendant requests that the Court incorporate the attached instructions in its charge to the jury.

Marvin W. Wiggins
Chestnut, Sanders, Sanders &
     Pettaway
P.O. Box 1305
Selma AL 36702
(334)-875-9264

Thomas M. Goggans
P.O. Box 1307
Montgomery AL 36102
(334)-834-2511

Attorneys for Defendant
Matthew Reeves

By: _____

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel for the government by hand delivery on this the 25 day of January, 1998.

_____
Thomas M. Goggans

181

Defendant's requested charge number_____1_____

     The indictment is a written accusation charging the accused with the commission of a crime, in this case capital murder.  The indictment is without probative force and carries with it no implication of guilt.  The fact that the Grand Jury of Dallas County returned an indictment is in no way evidence against the accused and no adverse inference can be drawn against the accused from the finding of an indictment.


Given:_____

Not given:____✓_____


_____
Circuit Judge

182

Defendant's requested charge number _____2_____

   In coming before you, a jury of his peers, upon his plea of
not guilty, the accused is presumed to be innocent of the charges
against him.  This presumption remains with him throughout every
stage of the trial and during your deliberation of the verdict,
and is not overcome unless from all the evidence in the case you
are convinced beyond a reasonable doubt that the accused is
guilty.

   The presumption of innocence with which the accused enters
into the trial is a fact in the case which must be considered
with all the evidence and is not to be disregarded by you.


Given      _____

Not Given  _____✓_____


_____
Circuit Judge

183

Defendant's requested charge number _____3_____

The state has the burden of proving the guilt of the accused beyond a reasonable doubt, and this burden remains on the state throughout the case.  The accused is not required to prove his innocence.


Given    _____

Not Given    ___✓_____


_____
Circuit Judge

184

Defendant's requested charge number _____4_____

A reasonable doubt is a fair doubt, based upon reason and common sense, and arising from the state of the evidence.  A reasonable doubt is a fair doubt and may arise not only from the evidence produced, but also from any part of the evidence or lack of evidence.  The burden is upon the state to prove the accused guilty beyond all reasonable doubts of every essential element of the crime charged.  An accused person has the right to rely upon failure of the prosecution to establish such proof.  An accused person may also rely upon evidence brought out on cross-examination of witnesses for the prosecution and upon evidence presented on behalf of the accused.  The law never imposes upon an accused person in a criminal case the burden or duty of producing any evidence.  Upon considering all of the evidence or lack of evidence, if you have a reasonable doubt about the accused's guilt, arising out of any part of the evidence or lack of evidence, you should find the accused not guilty.

Given _____

Not Given ____✓_____

_____
Circuit Judge

185

Defendant's requested charge number _____5_____

A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence.  The burden is upon the state to prove the accused guilty beyond a reasonable doubt of every essential element of the crime charged.  An accused person has the right and may rely upon failure of the prosecution to establish such proof.  An accused person may also rely upon evidence brought out on cross-examination of witnesses for the prosecution.  The law never imposes upon the accused in a criminal case the burden or duty of producing any evidence.


Given    _____

Not Given    ____✓_____

_____
Circuit Judge

186

Defendant's requested charge number_____6_____

The rule which requires proof beyond a reasonable doubt is applicable to every single element necessary to constitute the crime charged, so that if you are not satisfied beyond a reasonable doubt on a single element of the crime, you must find the accused not guilty.


Given:_____

Not given:_____✓_____


_____
Circuit Judge

Defendant requested charge number ___7___

A reasonable doubt as to the accused's guilt may arise from any part of the evidence or from a lack of evidence.


Given        _____

Not Given    ____✓____

_____
Circuit Judge

188

Defendant's requested charge number _____ 8 _____

　　　　If after considering all of the evidence, you have a
reasonable doubt as to the accused's guilt, your verdict should
be not guilty, whether that reasonable doubt arises from any part
of the evidence or from a lack of evidence.


Given　　　_____


Not Given　_____✓_____


_____
Circuit Judge

189

Defendant's requested charge number _____ 4 _____

The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused.  The presumption of innocence follows the accused unless his guilt is established by the evidence beyond a reasonable doubt.  The presumption of innocence alone is sufficient to acquit an accused person, unless the jurors are satisfied beyond a reasonable doubt of the accused's guilt from all evidence in the case.

Given        _____

Not Given    _____ ✓ _____

_____
Circuit Judge

130

Defendant's requested charge number ____10_____

    The legal presumption of innocence is to be regarded as a matter of evidence on behalf of the accused.


Given _____

Not Given _____✓_____

_____
Circuit Judge

131

Defendant's requested charge number _____ 11 _____

A reasonable doubt may arise from the presumption of innocence.

Given _____

Not Given _____ ✓ _____

_____
Circuit Judge

192

Defendant requested charge number ___12___

While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt, mere possibility, suspicion, and guesswork, no matter how strong, will not overcome the presumption of innocence.


Given       _____

Not Given   _____✓_____

_____
Circuit Judge

Defendant's requested charge number ___13___

A verdict of guilt cannot be based upon a fear that the accused might have committed the offense charged.


Given _____


Not Given _____✓_____


_____
Circuit Judge

194

Defendant's requested charge number ___14___

  A verdict of guilty cannot be based upon suspicion, however strong that suspicion may be.


Given _____

Not Given _____✓_____

_____
Circuit Judge

195

Defendant's requested charge number_____ 15 _____

Each juryperson must be separately satisfied beyond a reasonable doubt that the accused committed the crime at issue in order to return a verdict of guilty.

Given:_____

Not given:_____ ✓ _____

_____
Circuit Judge

13

Defendant's requested charge number _____17_____

There are two kinds of evidence -- direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eye witness. Circumstantial evidence is indirect evidence, that is, proof of a chain of fact from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any of it.

It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the credible evidence in light of reason, common sense, and experience.

Regardless of whether something is proved either wholly by direct evidence, wholly by circumstantial evidence, or by some combination of both types of evidence, it must be proved beyond a reasonable doubt in order to support a conviction.


Given: _____

Not given: _____

_____
Circuit Judge

195

Defendant's requested charge number_____18_____

　　　To warrant a conviction for a crime on "circumstantial evidence" alone the circumstances taken together should be of a conclusive nature and lead on a whole to a satisfactory conclusion and pointing to a moral certainty that the accused committed the offense charged, and such circumstances must be shown as are consistent with each other and consistent with the guilt of the accused and such cannot by reasonable theory be true and the party charged be innocent.


Given:_____

Not given:_____✓_____


_____
Circuit Judge

198

Defendant's requested charge number _____ 19 _____

The test of the sufficiency of circumstantial evidence is whether the circumstances, as proved, produce a moral conviction, to the exclusion of all reasonable doubt of the guilt of the accused.  There should not be a conviction upon circumstantial unless, to a moral certainty, it excludes every other reasonable hypothesis than that of the guilt of the accused.  No matter how strong may be the circumstances, if they can be reconciled with the theory that the accused is innocent then the guilt of the accused is not shown by the full measure of proof the law requires, and the defendant must be found not guilty.


Given:_____

Not given:_____✓_____


_____
Circuit Judge

199

Defendant's requested charge number _____ 30 _____

When the evidence relied on for a conviction is circumstantial, the chain of circumstances must be complete and of such character as to convince beyond a reasonable doubt; and, if the circumstances as proven fail to convince you beyond a reasonable doubt that the defendant is guilty, then you must return a verdict of not guilty.

Given: _____

Not given: _____ ✓ _____

_____
Circuit Judge

206

Defendant's requested charge number_____ 21 _____

A conviction cannot be based on circumstantial evidence alone, unless the prosecution has proved defendant's guilt from the evidence, beyond a reasonable doubt, by facts and circumstances all of which a consistent with each other and with his guilt, and absolutely inconsistent with any reasonable theory of innocence.


Given:_____

Not given:_____ ✓ _____


_____
Circuit Judge

201

Defendant's requested charge number _____22_____

The test for sufficiency of circumstantial evidence is whether the circumstances as proved produce a moral conviction to the exclusion of all reasonable doubt of the guilt of the defendant.  There should not be a conviction upon circumstantial evidence unless to a moral certainty it excludes every other reasonable hypothesis than that of guilt of the defendant.  No matter how strong the circumstances, if they can be reconciled with the theory that the defendant is innocent, then the guilt of the defendant is not shown by that measure of proof that the law requires and the defendant should be found not guilty.


Given _____

Not Given _____✓_____

Circuit Judge

Defendant's requested charge number _____ 24 _____                    202

    Where the State of Alabama relies on circumstantial evidence
to prove a material element of the offense charged, if there is
any rational hypothesis inconsistent with the hypothesis advanced
by the State of Alabama for the assertion of guilt, that
circumstantial evidence is insufficient upon which to base a
conviction of guilt.


Given    _____


Not Given    ___✓_____


_____
Circuit Judge

Defendant's requested charge number _____ 25 _____

2J3

An accused cannot be convicted on the testimony of an accomplice unless corroborated by other evidence tending to connect the accused with the commission of the offense, and, if such corroborative evidence merely shows the commission of the offense or the circumstances thereof, the accused cannot be convicted.

Given: _____ ✓

Not given: _____

_____
Circuit Judge

204

Defendant's requested charge number _____ 26 _____

An accused cannot be convicted on the testimony of an accomplice unless corroborated by other evidence tending to connect the accused with the commission of the offense, and if such corroborative evidence merely shows the commission of the offense or the circumstances thereof, the accused cannot be convicted.  A witness is to be considered an accomplice if the witness could have been indicted and convicted of the same charge for which the accused is on trial.  Here, you must determine from the evidence whether certain witnesses were accomplices.  If you find from the evidence that they were accomplices, you must then determine whether their testimony is corroborated by other evidence tending to connect the defendant with the commission of the charged offense.  The test for determining whether there is sufficient corroborating evidence consists of eliminating the testimony given by those witnesses and examining the remaining evidence to determine whether there is sufficient evidence to connect the defendant to the crime.  If you find that the other evidence shows the commission of the offense or the circumstances thereof, you cannot convict the defendant.  If you find that the other evidence does connect the defendant to the crime you must then determine from all the evidence whether the defendant was proved guilty beyond a reasonable doubt.

Given: _____

Not given: _____

_____
Circuit Judge

205

Defendant's requested charge number _____ 27 _____

     In weighing the testimony of the witnesses, the jury may
consider the manner of each witness on the stand, each witness'
manner of testifying, each witness' interest in the case, each
witness' relationship to the parties, and each witness'
connection with the case.


Given: _____

Not given: _____

_____
Circuit Judge

206

Defendant's requested charge number _____ 28 _____

You will have to decide where the truth lies.  An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the demeanor of the witness, the circumstances under each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of these witnesses' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank, and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How was the witness's memory?  How did the way the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his testimony or did he contradict himself?  Did the witness's testimony contradict the testimony of other witnesses?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you chose to believe a witness may be influenced by evidence of the witness's bias.  Does a witness have a relationship with the government or the defendant which may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?  Or, does the witness have some bias, prejudice,

2̣37

or hostility that may have caused the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something or failed to do or say something which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood or refusal to remember; and, that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of some witnesses must be considered with greater caution than the testimony of other witnesses. For example, in this case, the prosecution has called as witnesses persons who themselves have been accused of crimes. You should scrutinize the testimony of such witnesses closely to determine whether or not it is colored in such a way as to place guilt upon the accused in order to further the witness's own interests; for such a witness, confronted with the realization that he can benefit himself by helping to convict another has a motive to

238

falsify his testimony.

You should decide whether you believe what each witness had to say and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular matter is not controlling.  You may decide that the testimony of a smaller number of witnesses concerning fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

Given: _____

Not given: _____

Circuit Judge

209

Defendant's requested charge number _____ 29 _____

    If you are reasonably satisfied from the evidence that any witness knowingly and intentionally swore falsely to any material fact, then, you, in your sound discretion, may disregard such witness' testimony in its entirety.


Given: _____

Not given: ____✓_____

_____
Circuit Judge

210

Defendant's requested charge number _____ 30 _____

When knowledge of a technical subject matter may be helpful to a jury, a person having special training or experience in that technical field, one who is called an expert, is permitted to state his or her opinion concerning those technical matters. Merely because an expert witness has expressed an opinion, however, does not mean you must accept that opinion.  The same as with other witnesses, it is up to you to decide whether to rely upon it.

Given: _____

Not given: _____

_____
Circuit Judge

211

Defendant's requested charge number _____3)_____

     Before a defendant can be held criminally responsible for
the conduct of others it is necessary that such defendant have
willfully associated himself in some way with the crime and have
willfully participated in it.  Mere presence at the scene of a
crime and even knowledge that a crime is being committed are not
sufficient to establish that a defendant either directed or aided
and abetted in the crime.  You must find beyond a reasonable
doubt that a defendant was a willful participant and not merely a
knowing spectator.


Given: _____

Not given: _____ ✓

Circuit Judge

212

Defendant's requested charge number _____ 32 _____

In order to find the accused guilty of the capital murder as charged in the indictment, you must be satisfied that the prosecution has proven beyond a reasonable doubt (1) a "robbery" in the first degree or an attempt thereof as defined by § 13A-8-41; (2) an intentional "murder" as defined by § 13A-6-2(a)(1); and (3) that the murder was committed "during" the robbery in the first degree i.e., that the murder was committed in the cause of or in connection with the commission of or in the immediate flight from the commission of the robbery in the first degree.

Given:_____

Not given:_____ ✓ _____

_____
Circuit Judge

213

Defendant's requested charge number _____ 33 _____

An accused is not guilty of capital robbery-murder where the intent to rob was formed only after the deceased was killed.


Given:_____

Not given:_____✓_____


_____
Circuit Judge

214

Defendant's requested charge number _____34_____

    A robbery committed as a mere afterthought and unrelated to a murder will not sustain a conviction of capital robbery-murder.


Given:_____

Not given:_____✓_____


_____
Circuit Judge